**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): 22 - 1668 pr                                Caption [use short title]

Motion for: REQUEST TO EXTEND TIME

FOR APPEAL DUE TO FAILURE TO                    BLAKE WINGATE
RECEIVE TRANSCRIPTS OF VOIRDIRE                          CLAIMANT AT LAW

Set forth below precise, complete statement of relief sought:               AGAINST
TO ISSUE NEW DATE TO COMPLETE          CITY OF NEW YORK ET.AL.
                                                                        DEFENDANTS
APPEAL DUE TO FAILURE TO PRODUCE      PERSONALLY & CAPACITY OF OFFICE
REQUESTED TRANSCRIPTS

MOVING PARTY: BLAKE WINGATE          OPPOSING PARTY:    CITY OF NEW YORK ET.AL.

☒ Plaintiff        ☐ Defendant

☒ Appellant/Petitioner  ☐ Appellee/Respondent

MOVING ATTORNEY: Blake WINGATE       OPPOSING ATTORNEY: Sylvia Ohinds-Radix

[name of attorney, with firm, address, phone number and e-mail]
Blake Wingate                        Sylvia O'Hinds-Radix

FIVE POINTS C.F. P.O. BOX 119        CORPORATION COUNSEL

6600 state route 96                  100 church street  NY NY 10007

romulus new york 14541
Court- Judge/ Agency appealed from: Magistrate james cho and Eric Komitee

Please check appropriate boxes:                    FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
                                                   INJUCTIONS PENDING APPEAL:
Has movant notified opposing counsel (required by Local Rule 27.1):  Has this request for relief been made below?  ☐ Yes ☐ No
☒ BW Yes  ☐ No (explain):                          Has this relief been previously sought in this court?  ☐ Yes ☐ No
                                                   Requested return date and explanation of emergency:
Opposing counsel's position on motion:             COURT MANDATED RESPONSE OF THESE
☐ Unopposed  ☐ Opposed  ☒ BW Don't Know            PAPERS BY DECEMBER 22, @)@@2022
Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☒ BW Don't Know

Is oral argument on motion requested?  ☒ BW Yes  ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☒ BW No  If yes, enter date:

Signature of Moving Attorney:
_[signature]_         Date: 12/18/22   Service by: ☐ CM/ECF  ☒ BW Other [Attach proof of service]

Form T-1080 (rev. 12-13)

Blohovesyte

$\delta^3$  Deende

Blohuhjete

2

\*\*\*

Note the deponent has received a better ribbon from a reliable source
but he has run out of typeing paper and are now using lined paper. He
as noted in the opening statement are under pending protective custody
based upon the facility personnel setting him up for private violence
in their HALT LAW uniformed protests. I will now continue with his in
depth issues for resolutioh of the court of appeals. He has no correc
-tion ribbon and thus does type overs or leaves this mark ⌐ in the said
issue of type or leaves it alone for recognition he is not perfect..Any
underlined matters with this ribbon will be noted with 3 \*\*\* marks as to
preserve the ribbon as much as possible and there will be no bold type
from herein as it wastes this ribbon but was necessary to get a print on
the other cloth ribbon which needs to be inked..\*\*\*

In closing on the contempt charges thereof the deponent was not in con-
tempt for being pushed out of the court in a wheelchair by agents of the
court.. The U.S. MARSHALL and the N.Y.C. D.O.C. are the ones responsible
for any entry and exit into and out of the court when a wheelchair party
is in their custody. The wheelchair party also without his hearing aids
on was unable to control the issues as he didn't hear them. He was readily
ready to appear in court on the 19th of April 2022 in the year of our lord
as are seen on the videos of NYSDOCCS GREENHAVEN HOLDING COURT PENS IN THE
A.M. hours of 6 a.m. to 9 a.m. and the NYCDOC escorts never , ever came
back to take him to the court... Contempts are serious , but to file a
contempt to hide a contempt is criminal and a tort.. Contempts must be a
reasonabkle relation to all of the facts and not just chosen ones. The
abuse of discretion under 18 USCA 401(3) does not override the lack of
jurisdic|tion to situs under 28 USCA 636 et.seq. NEXT INVESTMENT L.L.C.
V Bank of China 12 F.4th 119..

We look now at the breech of contract for disallowance of the deponent
to appear at Jumah'a religious services on Friday as he foregone Ramadhan.

( 5 )

4.    On April 06, 2022 in the year of our lord, the deponent felt like a hippocrate. He had argued against the defense taking off the week of the trial  scheduled unbeknowing that it was based upon their EASTERN ,PASS OVER  issue celebration. Not only was it Eastern, Pass over , but this is a special year where Easter, Passover and Ramadhan all issue at the same time. Not only these faiths but there were many more as listed in the de -ponentrs former applications for relief from such sanctions issued in the E.D.N.Y. illegally. However Delaphena asked for the  pushing back of the court date April 11, 2022 Y.O.O.L. I opposed as I wanted this trial because my release was involved as much as the deponents issues thereof. However Ramadhan is backed up 30 days every year , and he did not take the lunar calendar into account, and that the holidays were soon to come as well as the RAMADHAN FAST.  Ramadhan is not a holiday. Its a fast of the celebration of the REVELATIONS issued to the GOD OF ABRAHAM TO THE LAST PROPHET.(pbuh and Abrham (RA).. In fact Abraham in Islam is determined as the friend of ALLAH.. or the Friend of God.. Ramadhan can be made up in this religion  as I said its not a holiday. see : SURAH 2: 183- 188. It is a fast that has many ways to make it up for missing it, including those that are sick, on a journey , infirm , or forgotton the dates...However , it should be made up as it is a great blessing  58:4 , 5:89 & 95, 33:35.. However Jumah'a cannot be made up and it mandates that if you miss 3 we're responsible toi make a new Bayatt or confirmation... §SURAH 62 in-toto @ 9 -11.. The Jumah'a passes the weeks sins and triumphs, The Ramadhan fast proper colmpetion passes the years , and your special night of prayer & devotion award a gift thereof.. No matter what occured in our lives , In ramadhan the angles come at the behest of our lord and address our faith and reward.. Thus on the 6th of April 2022 ( Y.O.O.L.) the deponent could not cause his religious beliefs to be more than that of the defendants as he lost track of time..Theres no holidays in prison. just the same thing

( 6 )

Incarcerated Individuals do not get funerals, when you die , you die and the average person will think you are in the SHU or transferred, its not until the resources notify us that a person incarcerated is dead before we are aware. Usually after cremation or burialin potters field. SOMETIME (S) our family doesn't even know what happened.

Thus the deponent made contract that he would forego Ramadhan for Jumah'a and Judge Komitee agreed. He then sought a time to come to court on Friday and the deponent objected because the court could not guarantee that he is capable to get back to ( RIKERS ISLAND ) through traffick and then the search in the Intake, then the escort to his unit and then the escort to the religious service. He agreed and then cancelled fridays outright. However if he had a Jumah'a service in the Courthouse ,that too would have sufficed. This court must also review the security camera of the 6th day of April 2022 ( Y.O.O.L.) in the court with Justice Komitee. They will see the following. The dpeonent in a wheelchair, the U.S. Marshall, and C.O. Myers and C.O,. SMITH AND A PUSH CART WITH 2 big court bags of which each weighed 90 - 100 pounds.

The WRIT OF HABEAS CORPUS AD TESTIFIDUM said the deponent to be moved on the 4th of April 2022, NYSDOCCS moved the deponent a day late. This caused the court trip to be 1 day late. Thew fact the depopnent was in a wheelchair was not identified until NYCDOCS came to pick him up with others. They saw the wheelchair and left him without seeking if he could forego the chair on the bus and fasten to a general chair . Thus the deponent bought luggage on the 6th because he still had to be transferred to RIKERS. He was fully of knowledge that had he went to rikers island, BCF, BHDM,MHDM,N.I.C. he would have made Jumah'a on friday without complaint. However he was still stuck at greenhaven it is not a N.Y.C. Facility controlled by the N.Y.C. Verified commissioner of NYC dept of corrections and thus the Breech of contract in affording the deponent a day of prayer is not the same as not having a court

( 8 )

appearance on Friday.. Juror preferance.. The friday prayer schedule also worked out for the jurors. All week they have to be in court, 9 - 5 or if later thereof. Having a day off in the week allows them to, shop, care of their issues while offices are open and thus they get a 4 day work week in -stead of 5. Not including home responsibilities ... No matter what faith the deponent belongs to he will always believe in God. He grew up in all different types of religions, and respects all of them to this day. He is allowed in every house of worship in his neighborhood and communities as he pored faithfully to the true and living God anywhere. w/o prejudice.. Thus the contract was beeched when he was disallowed Jumah'a services & he was never transferred to the city detention or C.I.F.M. of whcih also has wheelchair assessibile housing. The breech occured when the Court did not pay attyention to the issue of appearing for my prays time frame. In my faith we pray Jumah'a between 1 P.m. and 2:30 p.m. allowing the time thereafter and the time afore to have court in session. He disagreed and closed off friday in the whole.. See transcripts APRIL 06, 2022(Y.O.O.L.) The difference between the Jumah'a and the Ramadhan are the prayers for Jumah'a are confgontationally congragational. The fast is single, and it issues for everyone. Thus a fast is deemed to bepersonal. The prayer is with a group of people. 2 or more.. You get a lot of blessingd(s) for the congregational prayers made. in Jumah'a and at the Masjid or anywhere else in congregation...The breech occured when the deponent was not ever allow -ed to go to Jumah'a prayer.. This was identified on April 18,2022 (Y.O.O.L) see transcripts. The agreement was on April 06, 2022 (Y.O.O.L.) see trans- cripts... Breech = existance of a valid contract verbal or in writing see Gen. Ob Law 5-701 binding the parties, ..Plaintiffs own performance under the contract... Defendants non-performance under the contract ...resulting damages ,. Seperation of Church and state preventsyou from coming to my day of resurection and atonement before my lord , but you can invite yourself if you want to.. Mathis v Metropolitan Life Insurance Company 12 F.4th 658

( 8 )

English Courts interpret contracts to simplify the discerned contracting parties intent. Bladeroom Group Limited v Emerson Electric Co. 11 F.4th 1010  It is peculiarity with the providence of the district court to determine the meaning of its own order, so the district court is best positioned to determine whether the potent weapon of contempt is the best ever means of enforceing the order if legal..18 USCA 401(3) NEXT INVESTMENTS LL. Bank of china 12 F.4th 119 ( 2nd cir 2021 ) Thus the Court made covenent to protect the constitution and to support it, can trhis court allow the district court to breech the contract and blam their malcontent with misinformation upon the deponent.? People v Marshall  71 MISC.3d 1216(A), King v Hoke 825 F2d 721,quoting Mc Gann v U.S. 462 F.2d 242,, you cannot moot a case sim0ply by ending its unlawful conduct once sued or hiding it as a disgrace upon the other party...Alre -ady LLC v Kuklea 568 U.S. 88 @ 91, COURTHOUSE NEWS SERVICE V SCHAEFER 2 F.4th 318 and thus the electronic record of the Court must be used to allow the 2nd cir. to review each fact supported with cideo coverage and thus there can be no questions as to the misconduct the deponent had to endure inthe courtroom ..KIM V LEE 576 F.Supp. 3d 14 ..Under N.Y. Law a conversion takes place when someone ,intentionally & w/o authority ,assumes or exexcises control over personal property belonging to someone else , interferring with that persons rights, and Under N.Y. Law ,an electronic record stored on a computor ( security camera) is subject to a claim of conversion, however the surveillance camera is a security camera of which will allow this court to review the issues without miscalculation, fraud misinformation or mis interpretation✿✿✿PEOPLE V HANDY 20 NY3d 663 for if it is destroyed , the deponent is entitled to an ADVERSE INFERENCE.. The COurt security camera will exonorate the deponent, and are subject to review by this court of appeals in review of the atrocious conduct herein.

( 9 )

5. The deponent asks this Court ...WHAT IS THE NELSON RATING OF A

COURT OF LAW ?

Is this court rated (G) , (PG), ( MA) ( MA13 )(PG 13)  (MALC) (R) or

(X), and if there is a rating does it become allowed to criminalize

objections made to assure review of the court, in opposite to the

objections made to defy the court. The deponents words were only

made out of shock that the corporation counsel and the Magistrate

James Cho both chose to intentionally interfere with every statement

the deponent was making in the court. The record is so clear on the

point that even the Magistrate James Cho stated on the 18th of April

2022 ( Y.O.O.L.) there will be no more interferance by anyone in the

Court. Acknowledgeing his own misconduct as well as the courts corpo

-ration counsel whom were also sitting as defense counsels illegally

.                 ***
. see:  DONAHUE v Keeshan 91 A.D.602 " WHEN THE CORRECTION OFFICER

GOES BEYOND THAT POINT HE CEASES TO ACT IN BEHALF OF THE CITY AND IS

PERSONALLY RESPONSIBLE***see also  Mayors executive order 16/4 SEABROOK

V Johnson 660 NYS2d 311, Governors executive order 177 also 9 NYCRR

8.177.. there's no exception t#o the violation of delivery of the U.S.

MAIL, obstructing access to the courts , denial of access to account

to deliver U.S. Mail or pay for postage,  false imprisonment and or

holding the deponent incarcerated without a valid instrument and know

-ing it as a fact, 28 USCA 2680, ,18 USCA 1701, 1702, 1703.. U.S. Con-

stitution # art. 1 sec. 8.. : Bolton v U.S. 347 F.Supp. 2d 1218 : see

Callaway v Small  576  F.Supp 3d 232  *** ((( IT HAS BEEN LONG RECOG-

NIZED THAT MERE VERBAL THREATS, IN AND OF THEMSELVES , DO NOT GIVE A

RISE TO CONSTITUTIONAL ( VIOLATIONS, AND ARE THUS NOT ACTIONABLE UNDER

1983mandated that the words were not even threats they were objections

to the fact the court and the corporation  counsel kept interrupting

( 10 )

the deponent  *** EVERYTIME HE SPOKE *** this was occuring without the jury present , and a right tocommunicate with the parties and the court to recolve issues without the earshot of jurors. Thus the deponent made it known that if the magistrate  wanted the jury to know he was sitting on the case illegally , all he had to do was keep it up..*** That such STATE CREATED DANGER of causing the deponent not to have a fair hearing or trial are axiomatic and outright upon the record as if it was a big balloon in the middle of the living room..The tapes and the record solidi -fy that the deponent was not receiving any form of an iaota of a fair pro -ceeding befor Magistrate James CHO WITH EXTREME PREJUDICE..The fact still remains that the deponent does not know where the bias came from... This is a certifiable  question thatcould also go to the U.S. SUPREME Court.
 28 USCA 1254. as could the right to the assistance of counsel after the deponent was granted the right to trial : As the corporation counsel who never produced permission to represent the defendants and themselves in a discrimination case with criminal annotations..connotations and acts. The COVID IS NOT EXCUSE TO SITUS IN VIOLATION IOF the 28 USCA 636, 28 USCA 1915, 29 USCA 1997 FRCP rulle 72 and 73 and 74..,28 USCA 144; I am sorry to say but the corporation counsel and the judge became recalcitrant wit- nesses for withholding discovery and facts  to wit:
On the 12th day of APRIL 2022 (Y.O.O.L.) the Judge Komitee and the corp -oration counsel called GREEN HAVEN to speak to the deponent , upon the deponent receiving the phone, it kept cutting off. They actually called to notify the deponen  the corporation counsel was sick and out for the COVID and would not be able to make it for the court session and sought to get an adjournment until she came back..*** At the proceedings on the 13th of April 2022 (Y.O.O.L.) this was not ever mentioned at all.
Magistrate  James Cho instead hid this information and kept threatening to dismiss the case if the deponent would not have the hearing ( VOIR DIRE ) on the 13th day of April 2022..(Y.O.O.L.) ***

( 11 )

What ever the NELSON rating, freedom of expression and freedom of speech are not illegal when they are true , correct, give warning of any harm to oneself or others, and are not the term screamed ( FIRE IN A DARK CROWED THEATER, WHEN THERE IB NO FIRE ). The 1st amendment is not a tool for fools . It is the requirement of speech, whether by hand,nose, mouth or ear and eye twitch, speech, written, in song or shuffle. Its a universal right to communicate ones emotional distress as well as their happiness, sorry ,  disdain, pain,hate and love.. Most certainly their fears. or the suppression thereof..as in this case the sanction of contempt was issued against the deponent  with misinformation and incomplete infor mation, and the law says no sentence can issue upon misinformation, nor can a determination of contempt in and under these  dire circumstances.

The terms used kept them quiet while I continued to make my record. It was the only way for them to cease the interruptions. They refused to accept  **NO** for an answer. When they interrupted and the deponent said  ( NO ) they continued to interrupt. But when he said shut the fuck up..They ceased.. They continued to interrupt and when he said to " SUCK MY DICK " they readily shut up and allowed him to complete his narrative. The objections they were making were unreal, conjective and would not of been survived for appeal, however every objection the deponent made in his verbalism of " TORRETTS DISEASE IMPLIMENTATIONS " immediately caught their attention and notified them I was going into shock  and was tired of their unlawful conduct in the court..In fact the only legal party in the court was the plaintiff.. The defense counsels were illegal and so were the magistrate.. To cause controversy and not receive any back is a non deplume.. These terms were all heard by us and made by us as children we didn't get kicked out of school, we didn't lose our jobs and we weren't ostrasized by it. But in the courtroom it appears that the trials for

( 12 )

Rape, child molestation, pedophiles, murder, robbery, assault are rated (G) and the court expects no explicit language , no one to get their eyes cut out, their heads blown wide open with a shotgun, or a child to lose their virginity to a 48 year old adult. No thats good language and thats allowed . But as soon as a corrupted judge( magistrate ) and their assist =ant in crime are identified as to what they are doing, its a crime to say words we've been saying as children and definately say as adults. TO EACH OTHER. . You can't even copy write " SUCK MY DICK " because its been used in every time and location in history. lets look at a few...

" S.M.D. asked by two lovers in a relationship

" S.M.D. said to one another when in an argument or disagreement

" S.M.D. warning that one person is talking too much and need to be quiet

" S.M.D. straight up threat that if you do not be quiet with running your mouth I will beat your ass.

" Also used as S.M. Balls of which all of these terms we allow our children to see on television every day, especially if any of your children watch the syndicated childrens show    *** SOUTH PARK ***.

The courts have said that such  language without a threat and for a purpose are not illegal;, in fact the courts answer the statement with another sausa song from our childhood..
s

*** STICKS AND STONES SHALL BREAK MY BINES BUT NAMES WILL NEVER HARM ME ***

This is the Courts retort to the term as an offensive to suck my dick see Harry v Lagomarsine 2019 wl 177718 : People v FOSTER 2022 wl 1594831 , Max ton v Underwriter laboratory 4 F.Supp. 3d 534: O'dell v Frazier 2016 WL301 7241.. In closing on the term but not the issue the deponent specified he was kindly joking and making sure they stop interrupting him. One of the Last times he said truthfully  suck my dick , pur it in your mouth and treat it like a tic tac...

In closingon technological analysis of language terms an objection is
not always appealable and preserved for the court. But these objections
were pure and to the point, The corporation counsel and the court had no
legal basis to interupt the deponent, and after he made these terms and
continued speaking to make the record.There was no further issue.: UNTIL
 Corporation counsel wispered to the male corporation counsel and told
him to seek sanctions. But their conduct was sanctionable before the depo
=-nent spoke. *** They told the jury that only 8-9 people were the defen
dants. Thats sanctionable and not protected because the jury has a duty
to identify whether or not they are known to the other defendants of which
were all being called to testify about their actions with the deponent as
a matter of law and record made in every conferance, and appeal to this
very court. Look at the security tape...

The right to freedom of expression is not limited to the courtroom. It has
not ever been nor ever will especially when the acts of the court and the
counsel of record are intentionally interrupting the plaintiff as counsel
for making a clear record.. THE TRUTH , THE WHOLE TRUTH AND NOTHING BUT
THE TRUTH , MAY GOD BE MY WITNESS. 1st amendment...The obstruction of the
administration of the court proceedings by the magistrate James Cho and
by Corporation are not deemed normal, they were escential to extraordinary
compelling circumstances .The deponent used the only shock mechanism he
could affix to the situation see: People v Ketchum 35 NY2d 963 specifies
that cursing is a reaction to strained stress of persecution, by arbitrary
and capricious  conduct of its oppressors. 377 U.S. 925 , 375 U.S. 809 ,
12 NY2d 1013, 12 NY2d 1104.. The constitution protects language that does
not threaten one , even if true or false to a point... see: AMERICAN CASE
LAW SERIES: CONSTITUTIONAL LAW, cases, comments, and questions 12th edition
Jesse H. Choper, Richard H. Fallon Jr, Yale Kamisar, Steven H. Shiffrin ,
MICHAEL C. Dorf & Frederick Schauer.

( 14 )

Ch 7, pg. 637 Freedom of expression, The scope and strength of the first amendment -638 citing the dissent in Konigsberg v State Bar 366 U.S. 36 ( 1961 ) in SCHENCK V United States *** But the character of every act D E P E N D S upon the circumstances in which it is done Patterson v COLORADO 205 U.S. 454 ( 1907 ) The question in every case are whether the words used are in such circumstances and are such a nature as to create a clear present danger that will bring about the substantive E V I L S that Congress has a right to prevent The statute punishes conspiricies to obstruct ( conscription ) as well as actual obstruction. If the act, ( SPEAKING, OR CIRCULATING A PAPER ) XX WXXX XX XXXXXXX it's tendency and the intentwith which it is done are the same . we perceive no ground for saying that success alone warrants making it a crime. The fundamental right to defend in person and with counsel are abridged when the magistrate and the corporation counsel are in cahoots and the plaintiff are not allowed one aiota of expression to cease their monopoly of fraud , deceit and deception upon the plaintiff, upon the defendants and most importantly upon the JURORS and the jurisprudence of the Court  The district COURT ABUSED ITS DISCRETION WHEN IT CHOSE TO SIT ON A VOIR DIRE FOR A PRISON CIVIL CASE WITHOUT CONSENT , WHEN IT DIS -MISSED DEFENDANTS WITHOUT SERVING THEM ON A CLEARLY VALID 1st amendment issue , delivery of mail, speech, right  to acces to the courts , petition and grievance ,retaliation due to expression for constitutional rights. Thus the Distric Court cannot use  its discretion to rule on an erroneous view of the law and substantiate it just because the Judge Komitee accept -ed his underlings words and actions a a pure friendship but not as a mat -ter of law and jurisprudence, jurisdiction and integrity. U.S.D.O.J. v Ricco Jonas  24 F.4th 718 : Cooter & Gell v Hartmarx Corp 496 U.S. 384,405 Regulations enacted for thepurpose of restraining speech on the base of its content presumptively violate the 1st amendment CHICAGO Police v Mosley 408 U.S. 92 equal ptotections and fundamental due process are violated when your speech is deemed greater then mine and yours are wrong.

( 15 )

6) THE CONSTITUTION SAYS ANY TYPE OF JUDGE MUST SIT IN GOOD BEHAVIOR
ARTICLE III section 1, 28 USCA 631 details that his appointing
district court must assure he is competent(B) 2 AND REMOVAL ARE
TO BE DETERMINED FOR INCOMPETENCY, MISCONDUCT, NEGLECT OF DUTY,
OR PHYSICAL OR MENTAL DISABILITY or HIS SERVICES ARE NO LONGER
NEEDED (i)

Magistrate James CHO SHOWED INTOLERABLE BIAS AND PREJUDICE IN THE SAID

PROCEDURES OF THE VIRE DIRE, HIS PRE TRIAL NEGLECT TO ANSWER MOTIONS &

his filing of false issues in his report and recommendation. He misled

the jury that there were no more defendants, and then when the jury was

gone he only asked the corporation counsel how many defendants were in

the case and he excluded people of color of the male species from the

jury pool. He decided to openly publicly punish the deponent with a dis

-missal for questioning his tenure to sit , where the 28 USCA 636 says

specifically no one can be punished if they withhold consent and there

will be no adverse substantive consequences.. All he had to do was 1 of

3 things.

1. contact Judge Komitee

2. contact District Executive Eugene Corcoran

3. Notify the deponent of the true issue of the 12th day of APRIL 2022
in the year of our lord.

" Consent of all of the parties must be clear and express or the requi

-rement would mean little see Yeldon v Fischer 710 F.3d 452. The record

is clear. the deponent opposed his tenure in a motion before the voir

dire and the Judge Komitee declined the application. In fact there is

a rule against striken litigation before the appellate court can re-

view it and thus the striken litigation all of which are comolaints of

judicial nature in this case must be reviewed in this court ..mandated

that due to the recusal of 3 justices in this case the whole case are

subject to review as this has been going on over 7 years to recusals..
There was no consent. 28 USCA 636(c) (2)  if is determined to be the
key word.                          ( 16 )

I finally understand where the residue and reciprical mistreatment are coming from. I grieved Magistrate Judge James CHO FOR FAIKURE TO ADDRESS THE 3 MOTIONS INCLUDING THE THEFT OF THE DEPONENTS LEGALBAG AND THE COURTS DURESS AND DUTY TO RECOVER SUCH PAPERS BY INTERVENTION. Judge Komitee should have vacated his referral instead of allow him to continue in this aspect because he proved to be incompetent to handle the work as it arrived, allowed it to pile up and then he only answer-ed it after the complaint was filed and issued a summary report ther-eof which was illegal. When a judge recuses themselves as the other 3 judicial officials have done the new reviewing justice M U S T review their past determinations as they recused themselves due to an ideal issue of impropriety and none of their past decisions on the case are deemed valid as a matter of law. see; F.R.C.P. RULE 73(b) 1, 2, 3..the refusal to deliver u.s. Mail is criminal and civil 18 USCA 1701, 1702, 1703..and this Court must unseal the stricken records as they relieve the burden of the misinformation and cause the case to be on the calen-dar after a proper review by another independent justice of the court without prejudice. 28 Misc.3d 726 In re screening Committee Committee of App. Div. 1st dept.The courts duty to examine the records must iss-ue as fraud and deceit against the judicial tribunal have issued and its a public issue of scrutiny and jurisprudence and integrity of the judiciary that are at stake 60A NY Jur 2d fraud and deceit 172.People v Averi 47 AD3d 1070*** all prior decisions are lost as the judge has lost thier through jurisdiction and to correct the issue would pre-vent a manifest injustice ..As this has caused in this case..All said judgments recommendations of Magistrate James Cho are null and void as per FRCP Rule 73 O'CONNORS ANNOTATIONS Gomez v Vernon 255 F.3d 1118: 28 USC 455(a) (b)(1).. He could not sit on voir dire as voir dire is a discrete mandated part of the jury trial FRCP RULE 73 (a) 28 usca 636 (c)(5)..

It is a pure fact Magistrate had ,  the scheme of the Court had in
his session a direct impact to prejudice the deponent and the depon-
ent identified it on tip and the magistrate james cho retaliated even
further . It was so obcious he dismissed the case of the deponent on
the same date the rule 401 was written but niot served by him as it
was his and not the corporation counsels that issued..When he dismissed
or consented to the dismissed defendants whom were not served he also
prevented himself directly from sitting on the case.P.L.R.A. WILLIAMS
V KING 875 F3d 500, on remand 2018 wl 453519, he cannot even situs in
a voir dire position ]  on a case he failed to answer 5 motions and of
which 2 motions were pending and he had no knowledge of their answers
of which mandated he contact the head judge. Because one of the motion
pending was whether or not the senior judge was to remove the corpor-
ation  counsel or the city off of the docket and they had massive evid
-ence against them. P L U S  the rule 56 motions were decided against
the deponent and they too were plagued with evidence. The law says a
rule 56 motion  does not determine credibility , and this court said
on sevy veral occasions in this case alone that the rule 56 determin-
ations were not a final decision therefore the magistrate judge had
to acknowledge the missing defendants and make them appear for the
jury to determine whether or not they were known to the jury during
the voir dire. THIS IS ALSO A CERCLA case and he has no authority to
address a central issue in the case at trial level Beazer East Inc vs
Mead CORP $!@ 412 F3d 429 , cert denied 126 S.CT. 1040 . The fact the re-
ferring judge refused to address the incompetence of his magistrate
are cause to also review his decision as they are both the same and
have no bearing upon the factual basis of their acts to situs without
open and proper preparation for the trial. Baker v Socialists party es
Libyan Arab Jamahiya 810 FS. 2d 90.. This is a clear violation see:
Archie v Christian 768 F2d 726 ,788 f2d 1147, 808f2d1132 812 f2d 250..
( 18 )

The authority of aUS MAGﬀISTrate  toconduct hearing and make determina
tion  reﬀ COMMENDATION  TO DISTRICT COURT ISﬀ entirely dependent upon con
-sent  of the parties. Coleman v Hutto 500 F.S. 586 and no  dates of con
-sent exist for any magistrate judge to sit on this case at all. lowrey v
Tilden 948 F3d 750.. Magistrate James Cho has no consent in writing in the
case before the Court and thus his decisions are null N.Y. CHINESE TV PRO-
GﬀRAMS INC V U.E. Enterpﬂrises Inc C.A. NY 1993  996 F.2d 21 and his lack of
jurisdiction are deemed tobe a fundamental error of which cannot be waived

 Evans v Larchmont Baptist Church Infant Care Center inc  956 F.S.2d 695.,
There was  not ever a show  cause hearing for the contempt even if the mag
istrate didn't have legal jurisdiction it was the procedure to follow as a
matter of law  882 FﬀBd 169 , Deutsch v ANNIS Enﬄerprises..That Magistrate
James  L I E D  IN HIS REPORT AND STATED THE DEPONENT W A L K E D out of
the courtroom discriminating agin the deponents disability and clearly he
knew the escorts were not only marshalls and correction officers but also
MYERS is a former corporation counsel employee since back to 1994 as I am
to recll .. 42 USCA 12112.. Dismissal is final U.S. V FLAHERTY 668F.2d 566
**************************************************
The magistrate james cho created a hostile atmosphere when he refused to
receive assistance to address the simple question as to how he received
jurisdiction to situs on voir dire and not know how many defendants are
in the same case he was in charge of for 1 year. He took off the city de-
fendants without checking with the superior judge , and still didn't know
the law that said he could sit on the case of a detainee prisoner illegal
-ly  in prﬀison with  evidence beyond reasonabﬀle doubt. far beyond the
prima fcie or prepondeance level thereof..Clearly erroneoﬀus , standard,
contrary to law legal conclusions, de novo review  and he caused the con-
duct in the court when he failed to contact Eugene CORCORAN THE DISTRICT
EXECUTIVE OR Judge Komitee. He also stated Judge Komitee was sick and he
was in his courtroom as I had family and friends waiting for the proceedings
to end and they were unaware they could have come to the voir dire.

( 19 )

Thus the deponent was in court before Magistrate James Cho under
his impression that Judge Komitee was sick and therefore not in
the building but at home or in hospice, where Judge Komitee was
in the courtroom I had met him in on the 6th day of April 2022
(y.o.o.l.) as my assistant notified me that night when I returned
from court on the 13th and notified them of the issues thereof..
As a prisoner, pro se with intellectual challenges itis a hard
place to be in a courtroom for trial to defend yourself while in
the same instance to protect the constitution of the same person
that you are defendaing as their attorney. Its a split personal-
ity I have not had to handle in a civil realm. However , there
can be no mistakes Magistrate James Cho had purely ill intentions
in the court and the review of the whole record will reveal this
as a matter of fact and law.. That if this court only resides to
review the year he sit§us then the court would also have to review
the motions filed in that period ,whether from 2020 to 2020 of by
which would also be appropriate to address his conduct, but it is
inappropriate to address the case, and pour its contents into the
review cup, id§entify its material issues, and dissiminate the re
-sults to the lower court for immediate address and correction.In
this case review of the whole case is  a mandatory issue as this
court will see judiciously by review of the stenographic minutes
of April 06 ,12, 13, 14, 18 2022 in the year of our §lord and the
motion dated  October 01, 2021 w/23 pages affidavit and 350 pages
of economized exhibits to substantiate that every defendant cannot
escape  address in this matter. That the rule 56 dismissals are
w/o credibility and must not stand and that the judges decision
based upon the magistrates report and recommendation are as null
and void as the magistrates report and recommendation. see: MOSES

( 20 )

VS Julian 45 N.H. 52 " WHERE A JUDGE IS PROHIBITED BY STATUTE TO SIT IN
A CAUSE UNDER CERTAIN CIRCUMSTANCES , HE HAS NO
JURISDICTION, AND HIS PROCEEDINGS ARE V O I D ...

Its a fact the deponent sought recusal and removal of the magistrate before
the voir dire began. Its a fact the last magistrate relieved herself after
the deponent filed disability to the 2nd circuit for the same reason a pure
lack of consent from all parties and discriminatory decisions by her hand.
A judge whom by law is disqualified todecide a case , to assume a case as
he has in this situation , which the law presumes he may probably decide
wrong. Washington Ins Co. v Pearce 1 Hopk. 1. THis mandates that the Court
review the whole record as this would be the 4th and 5th justices in this
case whom have to recuse theirself for personal bias and disability based
upon the mistreatment opf the pro se litigant Blake Wingate see U.S. V
NAZZARO 472 F.2d 302 *311  after careful review of the entire record, we
are constrained to arrive at the conclusion that the defendant did not re-
ceive a fair trial...

In Wingate v City of New York et.al. the EDNY was prepared to spend the ex
-penses of a full paneled jury of which we already picked 14 and only need
-ed 8 , in one day. The day of the language..which are justified un and un
-der the circumstances of impropriety of the magistrate james cho, whom in
his own supposed pose : eliminated a defent on his own without superior
DEFENDANT
approval, didn't know the amount of defendants, allowed camera phones in
the courtroom  to be used during the proceedings, kicked out a citizen of
which appeared to have on a press badge, filed false  report that the de
-ponent WALKED OUT OF THE COURT ROOM when he was escorted by NYCDOCS STAFF
AND A MARSHALL. key code pass,whom started the day saying the judge was
IN A WHEELCHAIR***
sick, when he was in another courtroom, and failed to notify the deponent
that the proceedings didn't have to start until the corporation counsel of
the case recovered from her sickness, et.al. issues...***

He had a clear duty to recuse himself or at lease seek the sought after
District Executive Eugene Corcoran, and / or Judge Eric Komitee, he also
didn't know the law that allowed him to situs on the case of which there
are none when its a prisoner case civil and no one issued him consent,yet
with prejudice he ruled in void,moot, mock proceedings in total disgrace
of the jurisprudence and the integrity of the court system. 85 J. Crim.L.
& Criminology 1114 A look at the extrajudicial source doctrine 28 USCA
455 Likely v U.S. 114 S.CT. 1147 (1994)..79 Harvard L. Review 1435 Disqual
-ification of Federal Judges for BIAS in the Federal Court(s) 1st paragra
-ph citing *** Killilea v U.S. 287 F2d 212 ,cert denied 366 U.S. 969(1961)
Massie v Commonwealth 93 Ky 588, 20 S.W. 704( 1892 )...Disqualification of
a judge on the ground of BIAS 41 Harvard Law Review 78 ( 1922 )
That the worst issue however are that he chose dismissal instead of a 3 day
fine, or 30 day fine and detention when he knew the dponent is incarcerated
illegally, Peonage , human trafficking, false imprisonment are all covered
under 42 USCA 1994, 18 USCA 1581 -1597 for the completed act and for the
attempt. Thus the transportation over State lines every day of the voir dire
was also illegal and human trafficking as he knew all of the records in the
deponents case for his criminal detention are fabricated..THe UMBRAGE  of
Magistrate Judge James CHO ARE ASTONISHING,: he continued to interrupt the
deponent and only the deponent everytime the deponent spoke to make the re
cord***IN RE DISCIPLINARY PROCEEDINGS AGAINST Judith R, Eiler 169 Ü WASH.2d
340 *** , pattern of interrupting the pro se litigant each day of the pro-
ceedings: On the 18th he interrupted the deponent although he stated in
the befront of the case that there will be no Ü more interrupting each of
the parties in the court and those that do will be sanctioned, then he did
it again to the deponent. The deponent asked him*** ARE YOU GOING TO SANCT
-ION YOURÜSELF *** for this reason you M U S T review the security camera
in the courtrøom as there are words on the record that are missing ..Just
as the word   M O C K  AND OR   M O O T   trial ...Its just not in the re-
cord but was stated everytime he asked if i accepted a juror..

I stated MOCK TRIAL. The record says I said my trial. Look at the syllabus
in the back of the minutes from the 13th...there are no words my in the
syllabus, Thus how can I say something in one instance and its missing in
its recorded history..The minutes are also fabricated , altered and comple
-te with misinformation..The security camera and audio has to match there
cord or the record is incompleted as deemed fabricated..NOW WHOM ORDERED
THAT TO OCCUR??? It wasn't me!!!  REAL PROPERTY LAW SEC. 317.....Index #'s
are not to be altered or duplicated as they interfere with bonding of the
case  CPLR 306-a..Fraudulent filing are cause for immediate removal  Cooney
v Dwyer 2021 wl 4749432..That such Magistrate James Cho had private inter
-ests  of which are obvious in the record and the appearance of the impro-
priety are just as bad as the impropriety itself  Matter of Schiff 83 NY2d
@ 693, Matter of Mulroy 94 NY2d 652 22 NYCRR 100.3(B)(3), 22 NYCRR 100.2(C)
No jury could sit in the court and make a clear determination where witness
and defendants were excluded in his court and had to be produced in the due
trial court under rule 56... That rule 56 declares that if there be 1 scin
tilla of evidence then the material issues are not suppressed or dismissed
and neither the witness or defendant, thus credibility cannot be determined
in a rule 56 motion especially when the corporation counsel based their mo
-tion for Rule 56 determination under *** INFORMATION AND BELIEF *** see***

FULLER V Fletcher 6 E. 128 ( 1881 ) ; CHANDLER V COUGHLIN III 763 F.2d 110
no sentence , and a dismissal of a civil case is a sentence unwarranted in
these ciircumstances can be accepted upon misinformation: PEOPLE V Marshall
]
71 MISC.3d 1216 ,King v Hoke ( supra )... and FREEDOM OF EXPRESSION is a free
dom to express ones issues not to alter ones faculty, facts , factors and or
factoids, in a registered case before the courts... 20 STANFORD LAW REVIEW
318 Freedom of Expression Under The State Constitution.. see aLSO ERIE R.R.
V THOMPKINS

( 23 )

The claim and addendum was filed for one reason and one reason only. The deponent was illegally incapacitated kidnapped, human trafficked in the N.Y.C. Detention centers thereof and was being obstructed in addressing his issues with the courts and outside agencies because the jail was in a straighht course of interferance with the U.S. Mails. That the deponent has a mental health history and diagnosis and prays for immediate assista nce were the poison of the case. The medical mistreatment, and placed in housing with no heat, were ponuses. """*** see the claim and addendum/ ameddment as filed in record... HECK V Humphrey 512 U.S. 477 as per POVEN- TUD V NYC 715 F3d 57 and as ddecided in this matter in the early stages do not apply to this case as it was filed as a detainee and the deponent at all times knew he was illegally incarcerated for fake crimes, fake paper work in the county of Queens as a retaliation for the removal off of the bench Judge Mark H. Spires and the removal from the Queens D.A. office Ms Mina Q. Malik for their illegal human trafficking in People v Crampe and Wingate . see: *** Chandler v Coughlin supra.. No one files a case about their mail not reaching the court unless they are challenging their whole existance illegally in the penal syste,. Thus the main issue in this case is false imprisonment and the obstructions used to prevent its identificat -ion and release from such human trafficking violation.. That human traff- icking identification is a number 1 issue in the legislature and it is as supported by the 13th amendment in both clauses on the STATE AND FED- ERAL LEVELS in the ci vil and criminal laws that this court could not at anytime disregard hjuman trafficking without denying the constitution and the statutes that support or reverance our country. The deponent has one more pressing issue to address of which this Court will agreed upon their appellate review in any category de novo,abuse of discretion, substantial or substantive constitutional and statutory compliance, This is a serious isdsue..                    ( 24 )

\*\*\* SINCE THE BEGINNING OF THIS CASE IN 2014 (Y.O.O.L.) THE COURT ALLOWED THE CORPORATION COUNSEL TO REPRESENT EACH AND EVERYONE OF THE DEFENDANTS IN THIS CIVIL /CRIMINAL/DISCRIMINATION CASE WITHOUT ANY PROOF OF INDEMNITY WHATSOEVER, AND REFUSED TO GIVE DECREE, JUDGMENT, ANSWER TO THE RIGHT TO REPRESENT EACH AND EVERY DEFENDANT BY CORPORATION COUNSEL WHERE THEY AHD NOT ANY LEGAL INDEMNITY NOR LEGAL RIGHT TOBE REPRESENTED BY CORPORATION COUNSEL IN THIS MATTER, IF THIS ISTRUE THEN THE WHOLE COURT PRO -CEEDINGS FOR THE PAST 8½ YEARS WERE A MOCKERY OF JUSTICE AND THE PLAINTIFF PRO SE ARE ENTITLED TO IMMEDIATE COMPENSATION & RELEASE FROM THIS FALSE IMPRISONMENT AND DAMAGES ULTRA \*\*\*

Lets get straight to business, it is illegal to abuse the disabled or the handicapped or the needy ..N.Y.S. Const. art. 17 sec. 1-7..section 504 of the Rehabilitation Act of 1973, 29 USC 794(a) and title II of the Americans with Disabilities Act 42 USC 12131 et.seq.. Thde 4th amendment guarantees the right to be safe and secure in ones person, places, thing (s), homes , papers and effects , and fundamental due process and equal protections declare this a mandate. However this is not what occured in this case Wingate v CITY OF N.y. et.al 14 cv 4063, No, in this case there was a motion that disagreed with the representation of the defendants by CORPORATION COUNSEL of which was not adhered to. see dkt sheet:

BY THE DETAILED ISSUES LISTED IN Donahue v Keeshan 91 AD602 ( 1904 ) it is trhe conduct of the charged defendants that prevent them from being able to cause corporation counsel to act as counsel for them at any said instance in the case. The deponent has always been sensorially challen-ged ( 2612 ) and physically and mentally challenged ( 2614 ) and made this known in his claim and addendum/amendment of the claim in the 1st instance. That doesn't excuse the law and its issue of whether or not the defendants at anytime in this case had a right to obtain their own law representation instead of corporation counsel obstructing this case since it inception. \*\*\* NEW YORK CITY CHARTER sec. 394 - 398 and N.Y. CODE sec; 8-107 @ 13, 10, 11, 11-a19, 21-a, e, Unlawful discriminatory practices , covering the following: Employment actions based on pending

( 25 )

arrests and criminal accusations, and criminal convictions pending and during employment ..Employer liability for discriminatory conduct by employee, agent or independent contractor : INTERFERANCE WITH PROTECTED RIGHTS

13. An employer shall be liable for discriminatory conduct by employee, agent or independent contractor a. based upon the conduct of the employee or agent which is in violation of any provision of any provision of this section other than sections (1) and (2)..only where :

(1) the employee or agent exercised managerial or supervisory responsibility,  or

(2)  The employer knew of the employee's or agents discriminatory  condu -ct or failed to take immediate and appropriate corrective action, an em -ployer shall be deemed to have knowledge of an employee's or agents dis -criminatory conductwhere that conduct was known by another employee or agent who exercised managerial or supervisory responsibility,  or

(3)  The employer should have known of the employee's or agent's discrim -inatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct:

WHERE LIABILITY OF THE EMPLOYER HAS BEEN ESTABLLSHED ,THE EMPLOYER SHALL BE PERMITTED TO PLEAD  TO THE DISCRIMINATORY CONDUCT FOR WHICH IT IS LIA -BLE...

Thus Corporation Counsel has acted in criminlal contempp for the full $8\frac{1}{2}$ years on this case and the Court refused to address whether  they had a right to indemnify the defendants , themselves and the city as a matter of law as the deponent requested in 2014 ( y.o.o.l.)! see ; Donahue v Ke -eshan  91 AD 602, 87 NYS 144...*** setting aside the appearance of the Corporation Counsel of the City of New YORK, AS ATTORNEY FOR THE DEFEND -ANT IN THIS ACTION AND REQUIRING THE SAID DEFENDANT TO DEFEND IN PERSON OR BY AN ATTORNEY  O T H E R  than said Corporation Counsel or any of its assistants..        (  26  )

The word " OFFICER" used in section 255 of the revised Greater New York
charter ( LAWS OF A 1901, chap 466 ) which provides that the corporation
counsel shall be the attorney for the City of New York, the Mayor, The
Board of Alderman and each and every officer, board and department of
said City, relates to those officers who are on the same general footing
as the Mayor, and not to subordinate officers.., when the officer goes
beyond that point he ceases to act in behalf of the City and is personal
-ly responsible... see People ex rel Underhill v SKINNER 74 App. Div. 58
,62  IT WOULD BE AGAINST PUBLIC POLICY TO PERMIT INDIVIDUALS TO DEFEND
PURELY PERSONAL ACTIONS AT THE EXPENSE OF THE COMMUNITY.  This indicates
clearly that it was not the purpose of this provision to protect individuals
rights, even where the city was a party, not to mention a case in which the
city had no legal interest whatever. Furthermore section 256, in the  last
sentence,prohibits the corporation  counsel from acting IN A N Y  merely
private litigation... A MANIFEST ABSURDITY, this is not what to expect as
an officer to receive assistance for a controversy as the same would the
commissioner the assistance of the same officer. This is not the letter  of
law of the legislature Riggs v Palmer 115 NY506, 509 see the test in Bacon's
Abridgment ( quoted and approved in People ex rel Manhattan R. Co. v Barker
152 N.Y. 417 @ 447 , nor be contrary to the statute..See 6 Bac ABR.(6th ed)
,386 Matter of Reynolds and the authorities there cited... 124 NY 388, 397.
It is ironic that this is a QUEENS COUNTY CASE AS WELL.  DONAHUE V KEESHON
91 AD602...

This explains why the Corporation Counsel filed for costs and fees in the
case before this Court without delivery tothe deponent because their cost
and fees are an illegal extortion and contemot of the laws of the city,the
state and the derived federalism as a whole....Thats why they are all on
the Caption... It was noted to Judge Eric Komitee that everytime the Cor-
poration Counsel filed a motion and the deponent answered the      Motion
in the last 2 years the corporation counsel assistant would leave the case.

( 27 )

no rebuttal or surrebuttal, they conceded.. People v Gruden 42 NY2d 214;
5 Am, Jur,2d APPELLATE Review sec, 512 ideal to the point is if an appell
-ee fails to respond to an issue in a brief, the court may treat the fsilure
to respond as a confession that the appellants position is correct, re-
verse the judgment of the appellant whom establishes prima facie error, or
determine the issue on the merits.

UPON REVIEW OF THE SECURITY CAMERA FOOTAGE OF THE COURTROOM ON THE 13th day
of April 2022 ( Y.O.O.L.) you will see the feline assistant speak to the
male assistant and tell him to tell a magistrate James CHO TO SEEK XXXXXXXX
401 relief.,, knowing the responses of the deponent were based upon his ine
-pt intellectual challenges and the fact he knew he was being bambozzled by
the court, by the corporation counsel whom was at all times pulling the
strings.

THEY CAUSED 3 JUSTICES TO RECUSE THEMSELFS,2 judges and a magistrate. They
also caused another judge and magistrate to face public scrutiny based upon
the same frauds against the court. Not one of the defendants by law could
be dismissewd in this case at all. Erie R. Co v Thompkins 304 U.S. 64 in
Federal Courts , except in matters governed by Federal CONSTITUTION OR BY
ACTS OF CONGRESS, LAW APPLIED IN ANY CASE IS THE LAW OF THE STATE,,,,,,,,,,
28 USCA 1652.

This has always been a false imprisonment matter which was being blocked in
the facilities from being delivered. Corporation Counsel has coordinate jur
-isdiction withthe district attorney and knew every aspect of the falsity.
 They delayed the case from 2014 to 2018on service processes alone, They de
-termined to defy court orders to turn over discovery of exculpatory tapes,
and phone calls of which they sent the full manifest of the calls, showing
they had copy FRE Rule 28 USCA 106 ideal, if a party introduces all or part
of a writing or recorded statement, an adverse party may require the introduc
-tion of any other part,,,,,,,,,,,,,,,,mm,,,,,,,,,,, or any other writing or
recorded statememt--that in fairness ought to be considered at the same time.
( 28 )

even declaring the retention for evidence was less then 30 days, when its automatic , and when its als][o 5 years: FRCP 34, frcp 37 Richard vs Dignean & Tanea 2021 wl 5782106.WDNY Dec. 07 2021(Y.O.O.L.)..the video and phone calls must be produced : Pine v ANNUCCI 200 ad3d 1270 : Avelmo v Ann ucci 176 AD3d 1283 and the rule 56 dismissals declared a nullity Roe v City of Waterbury 542 F3d 31 FRCP rule 56(c) or an ADVERSE INFERANCE MUST ISSUE AS A MATTER OF LAW AND DEFINATE SANCTION for the fraud upon the said judicial tribunal , the deponent and the other defendants... as per DKT.395 they must return those fees and costs with interest or face criminal prosec -ution and the IRS... 28 USCA 1927 : FRCP 11; The courts inherent authority General Business Law 352-c Prohibited acts constituting misdemeanor;Felony 1 a, b, and c... 18 USCA 1514, et.seq.. They haven't turned over this manda -ted evidence by court order for over 8 years, since the case began with Judge Allene R. Ross.. Gen Bus. Law 349..28 USCA 1826, they have violated every rule in the book.. There is a criminal liability of attorney for the tampering with evidence 49 A.L.R. 5th 619. This is serious. They have put their burden upon the judges, but the law of theB OO K says a person of faith does not bear the burden of another, §0] 84 A.L.R. 807 liabiklity of judge, court,,,,,, administrative officer or other custodian of person for whose release the writ is sought ,in connection with habeas corpus proceedings.. That the 1983 can be converted to the habeas corpus, and the case before this court is one of them.. Thus the 1st amendment rights of the deponent has been throughly violated for the past 8½ years in the EDNY and every other court in new york a riught of which the deponent is entit- led to relief without injury ,physical or mental and emotional and he is injured as false imprisonment is an injury and he was recently slashed like he was a piece of meat..Canell v Lightner 143 F3d 1210 : ROWE V Shake 198 F 3d 778.

GaRCIA V O KEEFE ,justice Schulman NYLJ Feb. 10 2003(y.o.o.l.) pg. 20 col. 1 Sup ct. N.Y. Co. The corporation has acted with fraud collusion and of

( 29 )

corruption, and they threw JAMES Cho, the deponent et.al. under the train
to be crushed while they receive unjust enrichment..This cannot stand as
a matter of law. Kay v Bd of Higher Education 260 App.DIV. 0... Their acts
are greater then the contempt the court charged the deponent with, of which
the deponent weas justified in his actions  because he knew he was being
swindled in a court of law. The point that upsets him are that James CHO
SHOULD HAVE CEASED AND CALLED A TIME OUT.. Eric Komitee should have done
the sa me and both of them had a clear and concise duty to review the de-
ponents whole record as three justices had already left the case and the
case was R I P E ..and it still is..

They cannot explain their fraudulent speech and receipt of unjust enrich-
ment to boot 97 Geo.L.J. 1057 SYMBOLIC EXPRESSION AND THE ORIGINAL MEANING
OF THE FIRST AMENDMENT. The court has a decision to make that will change
the causations of the courts in the years to come.The issues herein are of
a serious nature that might even require certiorair of the U.S. SUPREME
COURT IF THE ISSUES ARE NOT ADDRESSED AS THEY ARE SUPPOSSED TO IN THE IN-
TEREST OF JUSTICE FOR US ALL. Its time to assess and access the laws of our
land and acquire some serious manifesto beyond that of the common friend or
family member...THE VALUE OF FRIENDSHIP IN LAW AND LITERATURE 60 FORDHAM L.
REV. 645..

14 cv 4063 was filed for one reason only asnoted to be the deponents case
in  Queens County and its obstacles thereof  RCFG0 Rule 40.2  186-2014..The
deceptive practices  and acts thereof caused a spiders web of U.S. STEEL &
has created a clear ambiguity in the courts  the deponent seeks to relief
of the mandate CPLR  5025 et.seq,. and reinstate the witnesses and defendants
that were illegally excluded  F.R.E. RULE 28 USCA 6150 the district court in
awe has  been subjected to a great fraudPasslogix INC, v 2FA TECHNOLOGY LLC
2FA INC  708 F.S2d 378..and now we have to clean this up and not cover it..

This is the end result of discriminatory treatment against pro se litiga
-nts in jails and prisons. We are no different then you are, we study, we
read, we pray and most of all we have some moral sense. Just because a said
neighbor is prejudice , doesn;t cause you to have the same inhibitions,The
others problems are theirs because they like it like that. They cannot do
anything to change because they do not want change, they are set in their
ways and traditions and could call or care less of their own losses due to
their own prejudices for whatever reasons. A COURT CANNOT BE PREJUDICED, IT
CANNOT PREJUDGE OR ANTICIPATE it must determine the facts as a whole not
just in part , and determine the issues at hand because that is why the
courts there in the first pace and place of judicial reform and refine the
dwellers of the federalism, stateism and the whole lot becomes a unit. A
clear unit of bless. THE deponents case 186-2014 was dismissed in his due
favor in 2014, he knew it , they knew it we all know it but no one is making
one move to correct an error of which is being turned into a clusterf--- &
embaRRASSMENT TO US ALL. RESTATEMENT (SECOND) OF TORTS sec. 659RESTATEMENT
OF TORTS (SECOND) 660 , and restatement of torts 9second0 661 impossibility
of bringing the accused to trial, indecisive termination of proceedings &
MANNER OF TERMINATION all in a cluster..In order to know where we are going
we have to know where we are and look at where we have been ..see S.61 39th
CONGRESS March 13, 1866!!PLEASE.. as for the corporation counsel , they're
in criminal contempt to say theleast " CRIMINAL CONTEMPT IS A CRIME IN THE
ORDINARY SENSE: IT IS A VIOLATION OF THE LAW, A PUBLIC WRONG WHICH IS PUN-
ISHABLE BY FINE OR IMPRISONMENT OR BOTH  Bloom v ILLINOIS 391 U.S. 194,201
 a prima facie  case of mistake; misconduct; or omission has been clearly
 established. POSTMASTER General of U.S. V Trigg 36 U.S. 173.. extreme pre-
judice has been established, and we are wont to be fair and just as we are
all supposed to be human beings. Not an elephant in a cage whom also wants
her freedom.EDNY CIVIL RULE 83.6  Non human rights project v Breheny 2022wl
2122141 see dissent(s)..         ( 31 )

Fellow SERVANTS are those engaged in common pursuit, under control of the same master. Fellow servants who assume control of the same risk of each others negligence, may be defined as employees engaged in the same common pursuit, under the same general control, serving the same master, working under the same management, engaged in the same general business, and deriving authority and compensation from the same common source..SOUTHERN Ry Co. v Taylor 57 APP D.C. 21, however there is a difference in the judiciary of which are supposed to be independent & most certainly under theoath to protect and uphold the CONSTITUTION, support it, profess it and declare it at all times. The provisions of The Constitution, the Organic and Fundamental Law of The Land, stand upon a higher plane than statutes, and they will as a rule be held mandatory in prescribing the exact and exclusive methods of performing the acts permitted or required.. Sawyers v SIMMS 83 W.VA. 245..The due process of our loved constitutions make it improbable and impossible to defy logic, defy rule and most of all defy ourselves. This is a case of which peonage was, is and will be a thing of which men fear to address, the 13th amendment in both its clauses, and the laws that mandate its operation as decided by congress are no stringent or stronger then that of the 1st amendment. They work together to make a whole and when 1 falls they have to pick each other up because there are ends to themeans and ways that they will never stand under the strain of bias and prejudice and discrimination of ones skin the god he or she believes in and personal vendettas..see U.S.A. v Gaskin 50 F.S. 607 ,,, 63 S.CT. 1439 and 320 U.S. 527 Its 2022 (y.o.o.l.) and we have a long way to go; plagues & wars are so close; and we are so far apart. Will we unite in time to protect each other ??

( 32 )

In every motion except the James CHO MOTIONS and in every printed published case in re 14 cv 4063 its been Wingate v City of New York; the trick they played on Magistrate James Cho was totally wrong & needs to be rectified .In fact the Corporation Counsel has been operating illegally all this time I've been in the system going back to 1987. see next argument:

THE CONSTITUTION ,STATUTES , AND CASE LAW SAY
THE DEFENDANT IS  OR THE ACCUSED IN A CRIMINAL
CASE ARE ENTITLED TO ASSISTANCE OF COUNSEL.IN
NEW YORK IT SAYS TO DEFEND IN PERSON A N D WITH
COUNSEL. THE U.S. CONSTITUTION SAYS THE ASSISTANCE
OF COUNSEL OF WHICH HAS NO AND /OR CRITERIOR.There
IS A CRITICAL STAGE ISSUE WHERE THE RIGHT TO COUNSEL
DEFINATELE ATTACHES,BUT IT NEVER EVER ATTACHED TO ME.
IN PRISON/JAIL CASES THE ACCUSED RECEIVES COUNSEL BUT
WHILE INCARCERATED IF HE BECOMES VIOLATED AND HAS TO
FILE A CLAIM FOR RECOVERY HE LOSES HIS ASSISTANCE OF
COUNSEL BUT HE IS STILL THE ACCUSED AND THE VIOLATION
OCCURED WHILE HE HAD REPRESENTATION: HOW DOES HE LOSE
THE RIGHT TO ASSISTANCE OF COUNSEL WHEN HE IS STILL
THE ACCUSED

This is a justiciable contraversy 155 S.E.2d 618,,621 Cite name,,,, omitted. The Courts have allowed corporation counsel to represent the party by their own statute they cannot represent. The discriminatory treatment is tantamount to obstruction, retaliation,,,,,,,, harrassment and a HATE CRIME Penal Law 485, 18 USCA 241 - 249 and its a serious act of conduct unbecomming an officer. That the said criminal and tort accusations alone prevented corporation counsel from representing any of the defendants , and themselves pro se. However what happened to the right of assistance of counsel for the originally accused. When did he lose his right to representation when the CIVIL RIGHTS LAW 79-C specifies that the convicted are to be treated the same as the free from being assaulted or a victim of a crime. This was filed as a detainee and thus the said deponent is definately entitled to the assistance of counsel.

Based upon the New York City Charter and the laws ofthe city of new york, the courts been operating in tandom and reverse polarity It appears the courts are victims of the BLACK CODES.THus as the deponent declared in the first 4 pages for jurisdiction and venue; this case will schock the conscience.

AT THE VOIR DIRE THE COPIOUS CORPORATION COUNSEL CONTINUED TO OBJECT WHEN THE DEPONENT SPOKE OF THEIR IMPROPER REPRESENTATION OF THE DEFENDANTS . The court stared to participate and that was where we had differences. The law was always on my side and the court had taken a posture without a study of the legal issue of representation by corporation counsel in any case before it. Magistrate Judge James Cho is not a full judge and I understand how he could make the issue mistakenly, but he got too drastic with his issues and rulings and falsified documents of dismissal..The interruptions or objections were all superflourous, faulty and had no merit none of which would be acceptable on appeal none were sustained ,none were overruled it was just means of corporation and magistrate to interrupt the depon -ent as a pro se litigant, but the deponent was 100 percent correct. He notified the defendants that the corporation counsel was not in the law to represent them in the courtroom and he was 100 % correct. The objections they were making were fruitless andnone of them are at issue, only my reaction to their superflourous objections of no merit People v WILSON 181 AD2d 562: People v Fani 59 AD3d 460 no matter what the type none were preserved , hearsay;leading;bolstering; because incorrect objections do not preserve the record People v Qualls 55 NY2d 773 continuing or standing People v Santarelli 49 NY2d 241 & the dismissal of defendants illegally does not preclude them for any testifying needed by the plaintiff or the defense People v Arena 106 AD3d 1445: People v Hepburn 52 AD2d 385: People v Hanley 5 NY3d 108;to preclude a witness is an exclusion of evidence cpl 290.10(3) rule cpl art. 60 intoto

( 34 )

The deponent was denied assistance of counsel when the case was said to be reeady for trial. In the early stages the court specified that if the case goes to trial a lawyer would attach. SO WHAT HAPPENED.?? The corporation counsel had 3 assistants in the court against only 1 pro se litigant Blake Wingate, and did everything illegal to prevent him from notice to the defendants, and to he court that the Magistrate and the corporation counsel could not situs in this case in their post -ures and he was 100 percent correct. Had a lawyer been present instead of a pro se litigant with a mental health history of depression, PTSD , Bi-Polar anxiety schizophrenia of which were known as they are in the claim and amended/addendum claim of this case, the outcome would attentively been different. FIRST: The lawyer would have been able to leave the court in recess and personally see the DISTRICT EXECUTIVE OR Judge ERIC KOMITEE and address these legal issues and factual pre -cedents. Blake WINGATE WAS ILLEGALLY INCARCERATED AND KNOWN TO BE AS SUCH FOR THE PAST $8\frac{1}{2}$ years and noone whom are suppposed to do any -thing about it are acting..Human trafficking is a mandated action of all JUDGES. You cannot ignor courthouse kidnapping nor any other form thereof. AMERICAS MOST WANTED was based upon the same principle but none of you are making phone calls, none of you are contacting a JUSTICE TASK FORCE, none of you are addressing the U.S. MARSHALL to go get Wingate , and we'll sort out the rest later. 27 AM Jur 2d emp loyment relationship 155 OBEDIENCE EMPLOYEE CONDUCT: The question is do you doyour job for show or for real??!!

Our system has beenplagued with discrimination for centuries. The JIM CROW era never left the system. You cannot eliminate prejudice and Bias discrimination and hatred overnight, but you cannot sleep on it as well. The law mandates a particularized need to review grand jury and other minutes and records,if this is not a particularized need of which in essence shocks the conscience then whatis???

Corporation Counsel are already under investigation flourid to the acts in retrieving and withholding information, and abuse of office by professors. The deponent is QAPTAIN QUALIMINQUIZ OF THE QUALIMIN -QUIZ GROUP, we have assisted over 280 cases make light. People v Marshall 71 MISC 3d 1216(A) was the last on book, Delaney v Selsky was one of the many to begin 899 F.S. 923..Manifest injustices and misinformatio n are the cause for many injustices in our courts & the refusal to address the right to counsel or counsel assistance for prose litigants in our EDNY, and State Courts. The court of appeals 2nd circuit runs from this issue every year and can no longer do this. see PESTANA V CIVIL RIGHTS CORP #2022 wl 220022 2022 wl 1422852  2022 wl 2118191   2022 wl 3445729 and the deponent seeks that this court unseal each and every sealed , or / and the striken records in this case and read them, not because they are there, but because of their content.  Revelations 22:12  AND BEHOLD I COME QUICKLY: AND MY REWARD IS WITH ME,TO GIVE EVERY MAN ACCORDING AS HIS WORK SHALL BE..

The defendants didnot win this case, they have not yet obtained coun -sel, the court has been acting in manifest error upon this case and many others due to the deceit and deception of the corporation coun- sel , and lack of people that take the law seriously enough to stuff their pride and study their opponents, the laws of engagement and the rules of discrimination and indemnity..Governors executive order 177, 9 NYCRR 8.177 : Mayors executive ofder 16/4 executive law 296 and new york city charter8-107 et.seq...THE CORPORATION COUNSEL HAD TO PRODUCE PROOF OF ACCEPTANCE BY THE DEFENDANTS AGAINST THEIR OWN RULES TO BE REPRESENTED. Had the incident not occured in the court as an excuse to dismiss the case. Those defendants would have been roasted. BRIGGS V Lehey 91 NYS 516 101 AD 36((1904)) and they are by their own conduct in this court co-conspirators Wells v GONZALES 2020w15628026 ; 28 usca 636 , rule 56 frcp  et.seq..

Priore v N.Y. YANKEES 307 ad2d 67, 1NY3d 504 see NYC CODE 8-107@11(b)

(4)(2)  they created a fair chance issue for employment but it is not

an exemption for corporation counsel to waive indemnity. The discrimin

-ation mandates that indemnity is unavailable see Donahue ( supSUPRA)

The court shall cause harm to no person in error or directly as an un-

just punishment Davidson v Ream 175 AD 760.

The right to assistance of counsel for civil and criminal cases are in

our NEW YORK STATE CONSTITUTION AND FETTERED IN THE U.S. CONSTITUTION,

This issue would have been avoided had there been enforcement of the

right to  assistance of counsel for pro se litigants whom seek assistance

in their constitutional right  to be heard unfettered without prejudice

and irregardless of theier mental diseases and defects, intellectual cha

llenges and kwirts.

The court refused to answer this question of corporation counsel being

able to represent the defendants for over 8 years.The law says theycan

not do this, only with a signed waiver of record, and they have no waiver

and none are filed in the court.

The right to access to the official courts maintains the right be fully

and completely without obstruction, but when we get to the court we run

'into tyranny, The main cause of the declaration of independence was the

same as here Tyranny. The pro se litigant are allowed to make argument,

but the court ignors their words. The pro se litigant is liabl.

03    Dwonkcr

under penalty of
perjury



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

CHRISTOPHER G. ARKO
*Senior Counsel*
phone: (212) 356-5044
fax: (212) 356-3509
email: carko@law.nyc.gov

April 12, 2022

**BY ECF**
Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Blake Wingate v. City of New York, et al.
        14-CV-4063 (EK)(JRC)

Your Honor:

   I am a Senior Counsel at the New York City Law Department, counsel for defendants CO Burke, CO Feaster, CO Greene, CO Wallace, CO Hall, CO Stanton, CO Delapenha, Mr. Scully, and Ms. Johnson. I write to respectfully advise the Court that Ms. Katherine Weall, my co-counsel in this matter, has exhibited several symptoms of COVID listed on the Eastern District's questionnaire. She saw her doctor this morning for a PCR test, but will not have the results for two to three days. Her doctor has advised her to stay home through April 15, 2022.

   Under the Eastern District of New York's COVID questionnaire, she will not be permitted to enter the Court House for the remainder of the week. As a result, defendants are requesting that the trial, set to begin tomorrow, be adjourned until a future date when Ms. Weall has recovered and can participate or another member of this office has sufficient time to prepare.

   I remain available and able to come to Court tomorrow to discuss any remaining pre-trial and scheduling issues, should the Court so desire.

   I thank the Court for its consideration herein.

Respectfully submitted,

/s/ *Christopher G. Arko*

Christopher G. Arko
Senior Counsel



**NEW YORK STATE** | **Corrections and Community Supervision**

KATHY HOCHUL
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

**To:** Wingate, Blake 15A3206 10-A1-14B 9-A1-17B

**From:** B. Ware SMC

**Date:** 12/07/2022

**Re:** Free Legal

You have exceeded the weekly allotted amount of free legal postage for the week, and exceeded $20 in legal advances. Per inmate accounts, you do not have enough money in your account to cover it. Per Directive #4421:

> "Exceeding the $20 limit shall only be approved if an inmate can show by court rule, court order, a statute of limitations, or other legal deadline applicable to his or her individual circumstance that the legal mail must be sent prior to receipt of the next week's free postage allowance. The inmate must provide justification for such advance."

As such, please send the Mailroom a copy of the court rule, court order, statute of limitations or legal deadline proving the document(s) you are sending meet the above requirements. This information will be reviewed by Council's office, and a determination made whether the advance will be approved.

Court of Appeals
US 2nd Circuit
Clerk of the Court
40 Foley Square
NY NY 10007

Corporation Counsel
Hon Sylvia O Hinds-Radix
100 Church Street
NY NY 10007

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT OF NEW YORK

B L A K E   W I N G A T E          INDEX NO: 22: 1668
          CLAIMANT AT LAW            E.D.N.Y. DKT No. 14 CV 4053

          AGAINST
1.  CITY OF NEW YORK
2.  CORPORATION COUNSEL ( I N T E R E S T E D   P A R T Y )
3.  DERRICK WALLACE 14155
4.  ANDREW HALL    13815
5.  JAMES STANTON   12691
6.  TEMOND BURKE
7.  NEKEISHA DELAPENHA    9040         JURY TRIAL DEMANDED
8.  RHONDA GREENE
9.  THOMAS SCULLY                      CRIMINAL AND CIVIL CLAIMS
10. YOLANDA CASEY              31. C.O. JONES
11. JAMES PERRINO
12. WILLIAM PFASTER   9524
13. KIMBERLY JOHNSON
14.           BURDICK   13841       ★★★★★★★★★★★★★★★★★★★★★★★★★
15. D.W. JENNINGS                   MOTION TO REVERSE MANDATE
16. MR SMITH                        FAILURE TO AFFORD HEARING FOR
17. R.T.CC. CLERK                   CIVIL AND OR CRIMINAL  CONTEMPT
18. R.T.C.C. SUPERVISOR             WITH ASSIGNMENT OF COUNSEL UPON
19. C.O.    SMITH                   28 USCA 401  contempt without
20. D.W. MATTHEWS                   JURISDICTION TO SITUS AS A
21. Ms. Pedroza                     MAGISTRATE JUDGE ON A PRISONER
22. O.B.C.C. TELEPHONE MONITOR      CIVIL RIGHTS CLAIM WITHOUT
23. C.O.        CALDWELL            LEGAL  CONSENT OF PERMISSION
24. DEPARTMENT OF CORRECTIONS       28 USCA 636   et. seq.
25. JOHN AND JANE DOE ABE PROGRAM CAPTAINS OBCC  U.S. CONSTITUTION ART. III sec.1
26. JOHN AND JANE DOE ALL PROGRAM CAPTAINS GRVC  ★★★★★★★★★★★★★★★★★★★★★★★★★
27. JOHN AND JANE DOE ALL PROGRAM CAPTAINS RNDC  ★ PELLORINO // GARCIA
28. JOHN AND JANE DOE ALL PROGRAM CAPTAINS ANKC  ★ COOPER // BARDER
29. C.O. S. JENKINS                              ★ SANFORD // COOPER
29. CORRECTION OFFICERS AS OBCC MAIL CLERKS      ★ JACOBS // ARKO
30. C.O.        BROWN                            ★ NELSON //PESTANA
                                                 ★ VASSEL // ABDOUD
PERSONALLY AND IN CAPACITY OF OFFICE             ★ JOHNSON // HINES-RADIX
          DEFENDANTS

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT  FOR NEW YORK
40 foley square
HONORABLE CLERK OF THE COURT
CATHERINE O'HAGAN WOLFE
NEW YORK, NEW YORK
     10007

                              BLAKE WINGATE
                              15A3206
                              5 POINTE CORRECTION FACILITY
                              P.O. BOX 119
                              6600 STATE ROUTE 96
                              ROMULUS NEW YORK
                              14541

## OPENING STATEMENT

GOOD MORNING, GOOD AFTERNOON , GOOD EVENING, no matter what time of day
or night you read this matter, it will SHOCK THE CONSCIENCE .

### JURISDICTION AND VENUE

The case originated from an illegal arrest and prosecution in the county
of QUEENS in 2014. It led to illegal detention in the NYC Corrections dep
-artment , rikers island , the boat, brook and manhattan house of detention.
The deponent was compelled to go pro se after the first 5 months and the
removal off of the case of 2 counselors. He testified before the grand jury
and they dismissed the instruments. However the prosecutor sought to file
her own . While in detention other obstacles approached  in that the depo-
nent was not receiving his medical diet, rocks in his food broke his tooth
and then his jaw when the tooth  was pulled. But he also suffered a more
dangerous issue to his life , liberty and poised pursuit of happiness. The
new york city department of corrections and agents were refusing to deliver
his legal mail, with postage or without. Not only in violation of federal
civil , criminal and constitutional law, but their own directives and the
laws of criminal procedure in NEW YORK COURTS. CPL 170.10, 180.10 and 210.
15 respectively and the new york state constitution for ASSURED ACCESS TO
THE COURTS A 1st amendment due process fundamental issue.
He filed a criminal civil claim in the E.D.N.Y. for the actions et.al. afo
-rementioned herein, false imprisonment, human trafficking ,m, peonage ,
medical  denial,obstruction of the U.S. Mails . denial of access to the law
library , the commissary to buy postage , freezxing his account to prevent
posting letters.. All of this was filed including the fact he was the  NYC
DOCS, elected Inmate Liason Committee, representative, secretary, co-chair
man and chairman  in all facilities of which mandate all I.L.C. supplies
are free. This includes postage , paper  , envelopes , pens etc.

(1)

The claim was filed and ordered to be amended. It was addendumed and amended. However there were 2 judges and 1 magistrate illegally oin the case for the 1st 7 years. The 2 judges removed themselves from the case, the magistrate did the same. Then Eric Knmitee was appointed and he appoin -ted James CHO ( magistrate ) The last year Magistrate Cho was not accepted conceded to under 28 USCA 636. He failed to answer 5 motions and had to receive a complaint before he answered all of them in a 1 page decision. Over 500 pages, 5 motions, involving theft of legal bag 100 lbs, interve ation, dismissal of defendants that were not ever served, nunc pro tunc decisions , delay of the service of claim for 2½ years, representation of defendants by corporation counsel illegally, corporation counsel represen ting themselvdes pro se illegally.

The case was sent to jury selection between April 06, 11, 13, 14, 18 2022 in the year of our lord. The HABEAS CORPUS aAD TESTIFIDUM issued and said the deponent was to be assured in a NEW YORK CITY FACILITY . He was forced to stay at GREEN HAVEN H BLOCK under 24 hour lockdown with no access to religious services during the month of ramadhan, no sick call services even though he was just released from shu and all of his medical issues were illegally stolen, and most of all he had to be escorted by wheelchair everywhere he went including the court. A special wheelchair bus was orde -rered but it was so big it was a problem parking in the EDNY GARAGE BY the escorts MYERS AND SMITH of NYCDOCEE. We dealt with the situation as it occured fofr transportation. But there was also no legal mail delivery, and no law library service. The deponent was going to trial with no means of health, religion, legal services against 3 corporation counsels that were illegally sitting before a magistrate that had no jurisdiction in the court. The deponent is GL20 , LBSVI right eye with PAGET's DISEASE, PERMANENT NERVE DAMAGE , AND CERVICAL RADICOLAPATHY, CARPAL AND CUBITAL TUNNEL , HIP DEGENERATION, DIVERTICULOSIS AND DIVERTICULITIS, GERD and is listed a s a

( 11 )

REASONABLE ACCOMMADATIONS  INCARCERATED INDIVIDUAL in the NYSDOCCS system.
This will now shock the conscience.  The deponent has litigated his cases
for the full 8½ years incarceration he has filed hobeas corpus state in all
counties of incarceration. However although his sentence and commitment pa-
pers say he is incapacitated for  ROBBERY  AND ASSAULT. SENECA, CHEMUNG, and
CAYUGA COUNTY says he is incarcerrated for   1 murder , 1 attempted murder ,
2 murders, aggravated assault against a police officer in westchester county
and possession of drugs in westchester county  and that he had a parole hear
-ing in 2020.. The deponent has none of these charges or a parole hearing.
In QUEENS COUNTY 186-2014 is registered as follows':

   1.   ROBERT TOBOLSON V RAHMAN KHANDAKER    186-2014

   2. PEOPLE OF THE STATE OF NEW YORK  AGAINST  BLAKE WINGATE  186-2014
sometimes written as 0186-2014 , 00186-2014 and 186-2014  all frauds..

At the VOIR DIRE Magistrate Judge  James Cho was notified that he  wouldn't
situs on the case as he was not conceded to or  consented to by the depona
-nt or tany of the defendants or defense counsels ( which were sitting in
the case illegally ) .

Magistrate Judge James Cho was a threat as soon as I walked in the Court.

1. He didn't know how many defendants were in the case.
2. He removed rthe city and corporation counsel off the docket without any
order or motion although corporation counsel filed motion to dismiss in thee
early portion of the litigation because the CITY had to be in the caption,&
indisputable evidence with witnesses were produced to cause them all to be
defendants.
3. He told the federal marshal not to investigate the peonage human trafficih
ing issues without a direct order on the 13th of April 2022 in theyear of
our lord while in recess .  ** NOTE ** EVERYTHING THAT OCCURED IN COURT ARE
ON SECURITY CAMERA AND AUDIO. They are preserved for this appeal as a re-
quirement of this court to receive first hand review of the acts in the
court.
4. The jury pool was without any african american males or any  spanish amer
-ican males. But there were a male and female asian and he picked both of
them.
5. He couldn't identify that a juror was pregnant with complications. Idid
6. He couldn't identify that a juror was suffering from hearing impairment,
I DID.
7.  He cut off, interrupted the deponent every time he spoke out of aer
of the jury pool.
8.  He allowed the corporation counsel 3 lawyers to do the same.
                              (iii)

9. He failed to identify what law, rule, regulation allowed him to sit on the case, jury selection, voir dire without consent of the defendants, their lawyers not withstanding the deponent and his duality compelled represented pro se ship.

10. He refused to notify the DISTRICT EXECUTIVE EUGENE CORCORAN upon request of this serious issue of jurisdiction to situs.

11. He refused to notify Judge Eric Komitee of this serious issue to situs upon request of the deponent as well.

He shocked and stunned the deponent to such a degree that there was not to be a fair hearing, trial or anything although the deponent notified him he was holding a mock trial, in a moot court and had no jurisdiction, not any integrity and no jurisprudence to act in this case 15 or at all.

12. He filed for C O N T E M P T charges saying the deponent walked out of the courtroom. The deponent was escorted ( P U S H E D ) out of the court room by C.O. MYERS AND Smith ) and he had no hearing aids on as he took the hearing aid off to pack his property when the court had continuously:

A. INTERRUPTED THE DEPONENT EVEN AFTER DECLARING ON THE 1*TH OF APRIL 2022 in the year of our lord : THAT THERE WILL BE NO MORE INTERRUPTIONS BY ANYONE IN THE COURT OR SANCTIONS WILL ISSUE.

B. He interrupted the deponent while speaking and failed to sanction himself upon question.

C. He stated the deponent refused court on the 14th day of April 2022 in the year of our lord and signed a refusal when none existed. The deponent was in court sick call of which was the only way he could get medical treatment. His refusal papers were fraudulent.

D. DUE INTENTIONALLY REFUSED TO COMPEL NYSDOCCS to comply to the HABEAS CORPUS AS TESTIFIDUM and transfer the deponent to the NEW YORK CITY DETENTION as the habeas required and NYSDOCCS WAS IN CONTEMPT OF THE HABEAS COURT ORDER. N.I.C. IS A WHEELCHAIR FACILITY.. NORTH INFIRMARY COMMAND.

E. His intern and his stenographer on camera were caught by the said DEPONENT BLAKE WINGATE , going through his property while in recess without request or permission.

F. He refused to release the deponent from false incarceration and he stated in his contempt designation that the reason he was dismissing the claim was that the deponent was already incarcerated.. He knew the incarceration was illegal, and issued a decision and declaration without a hearing for the contempt charges and didn't designate civil or criminal contempt.

G. He compelled the deponent to self represent after the first set of judges specified that when this case goes to trial the deponent will receive an attorney as its merits for trial will mandate assistance of counsel.

H. That the breach of contract made with Judge Komitee was cause of a hearing because Judge Komitee and I discussed the fact That I will forego RAMADHAN to make it to JUMAH's prayer every friday...Judge Komitee agreed but never ever sought compliance to the HABEAS CORPUS AD TESTIFIDUM which would have placed the deponent in NEW York City Department Of Corrections

(iv)

, THE COMMISSIONER SHALL PROVIDE SUCH SUITABLE QUARTERS AT RIKERS ISL.
or other suitable facility within its operation and control and provide
for the safe keeping , care, subsistence of Blake Wingate as necessary un
til this matter concludes before the Court or the Court orders otherwise

That Greenhaven reception is run by the NYSDOCCS and they placed the depon-
ent in SHU Status without shu relief,.. No daily medical , no law library,
most of all no religious services and thus the deponent was denied JUDAH's
services for 3 concurrent and consecutive weeks.

*** THE UNITED STATES MARSHALLS SHALL PROVIDE ALL NECESSARY SECURITY FOR
THE CUSTODY OF BLAKE WINGATE UNDER INMATE NUMBER 19-A-3206, WHILE IN
TEMPORARY CUSTODY OF THE COURT...***

Under the 18 USCA 1581-1597 and 47 USCA 1994 the U.S. Marshalls had a duty
to release the deponent and the Magistrate James Cho withheld the direct
order and instead sentenced the defendant petitioner, claimant at law with
a contempt charge he had no authority to issue because he had no legal au-
thority, consent or jurisdiction, jurisprudence or integrity to sit on the
case because he abandoned the case issues upon appointment.
28 USCA 636 et.seq..

I Blake Wingate hereby pray , declare, depose and says under the penalty of
perjury by firsthand knowledge and experience that all of the aforemention
-ed and foregoing are true and correct without supposition and make this
opening statement and supporting affidavit on the record, of the record and
by the record filed and upon security surveillance of the E.D.N.Y. Court &
I am presently in P.C. Pending after being slashed 6 times in the face, 1 t
time in the neck and 3 times behind the ear with sciatic nerve and right
hip pain and extreme suffering without proper medical care. He was attack
-ed in his compelled 2 man cell with an unauthorized 32 year old for over
10 minutes without assistance or intervention due to a political coup by

( v )

NYSDOCCS IN OPPOSITION TO THE HALT Law , and the uniformed protest by NYSDO
CCS are illegal in the law because they are protesting in uniform, misfiling
our medical, security, mental health classification to cause porivate vio
-lence in the double bunk facilities  in protest against such following
decision: NYSCOBA V HOCHUL 2022 wl 2190050 June 16 , 2022 .That[] in retali
-ation to litigators the SUPERINTENDENT has placed agressive higher secur

-ity profiled prisoners with the deponent in order to case PRIVATE VIOLENCE
and or death. The facility has created a state danger, and this state dan-
ger is involving the deponent  bsased upon the illegal and illicit records
and reports of MAGISTRATE JUDGE JAMES CHO ETR.AL.
That it appears that the S.T.O.C.K. act of 2012 is involved herein and this
matter M U S T  be properlyy investigated. That the affidavit will be short
-er than the opening statement as the jurisdiction and venue are in this
2nd circuit as all of the acts occured in the STATE OF NEW YORK, and the de
ws
ponent was ordered to appeal to this Court for review of the record and re-
commendation and following order of Judge Kositee of which both  are in bad
behavior under the provisions of the united states constitution article
III sec. 1 , 28 USC 1331 , the rules of federal appellate procedure, and
the 1st amendment right to grieve and petition are a right to appeal in the
same since.
WHEREFORE in this opening statement the court has a jist/gist as to the
acts and actions of the lower court and I pray for the relief of  reversal
of the mandate, assignment to a judge of which  MUST review the whole case
issue a hearing for the contempt or dismiss the contempt outright with in-
structions, appoint assistance of counsel and for such other and further
relief  in relation to the failure to issue copy of the trial voir dire tra
nscripts  and the failure to forward copy  of docket number 395 for the
costs of the case filed by corporation counsel  whom are illegally extortina
for payments they legally cannotr receive as a matter of law. I MUST BE
SERVED COPY  ITS STILL MY CASE.    (VI)

And for such other and further relief as may be deemed to naturally be
just , proper, equitable and in the furtherance of justice. Under Penalty
of perjury 28 USCA 1746 , 18 USCA 1001, 18 USCA 1621 - 1623 Penal Law 210.

ALWAYS FAITHFUL

SWORN TO AND AFFIRMED BEFORE ME
ON THIS 05 DAY OF ____ 2022
IN THE YEAR OF OUR LORD

_____
Notary Public

BLAKE WINGATE    Blake Wingate
1443306
5075369J
FF1UCN035319IAO
FIVE POINTS C.F.
P.O. Box 119
6600 State Route 96
Romulus New York
14541

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT FOR NEW YORK                          22 cv  1668

_____

B L A K E    W I N G A T E                          December 01, 2022
        CLAIMANT AT LAW

        AGAINST                                     Affidavit to reverse the
                                                    MANDATE  OF CONTEMPT AND
NEW YORK CITY  ET.AL.                               PUNISHMENT OF DISMISSAL
PERSONALLY AND CAPACITY OF OFFICE
        DEFENDANTS
_____

STATE OF NEW YORK
COUNTY OF  S E N E C A

    Blake Wingate duly affirmed , sworn under penalty of perjury in the New
York State or the United States pursuant to Penal Law 210, 18 USCA 1001,
exodus 20:16, Deuteronomy 5:20 Koran surah 83 , 28 USCA 1746  by GOD and
My Country , do hereby declare, deposes, reiterate, repeat submit were the
opening statement and  its contents and  I declare that I am the claimant
at law in the above caption and each and every issue herein are known to me
by personal firsthand knowledge and experience, and are true and correct
and I am compelled to act pro se and as a layman in the law and seek this
courts indulgence for matters of error, default  fault, omission and typo

( 1 )

pursuant to C.P.L.R. 2001 - 2101(f§) and the guidelines of HAINES V KERNER 401 U.S. 954 , and CHANDLER V COUGHLIN III 763 F.2d 110(1985) 2nd cir.,

1. That the deponent is deemed reasonable accommodations certified and a entitled recipient to relief under his disability of which has been used as misinformation to cause dismissal of the case as a contempt of court. Designated by MAGISTRATE JUDGE JAMES CHO of which the date APRIL 18, 2022 was the date of which in the year of our lord, Magistrate Judge James CHO OBJECTS TO SAY the deponent Blake Wingate W A L K E D o u t of the court and refused to return thereof . Blake Wingate is wheelchair for any distances as per the REHABILITATION ACT OF 1973 and the AMERICAN DISABILITY ACT. ALSO. As anything and anytime in the court room as was escorted at all time (s) By C.O. Myers and C.O. Smith. One pushed him in the wheelchair and the other maintained distance and security. A N D a U.S. Marshall. If Magistra -te Judge James Cho wanted the deponent to stop, he had a duty to order his employed security to stop. Stop Pushing him in the wheelchair, Using him into the Courtroom as do not push him out of the Courtroom, I had no control of his staff. His assigned staff or his contracted agency staff. They had a clear duty to stop pushing the deponent out of the courtroom..THEREFORE, THE DEPONENT DID NOT REFUSE TO COME INTO THE COURTROOM.HE DID NOT WALK IN , OR OUT OF THE COURTROOM AT ANY TIME ON APRIL 05, 12, 13, 14, or of8 , 2022 in the year of our lord..In fact on April 18, 2022 the year of our lord, I BLAKE WINGATE awaited escort to the E.D.N.Y. FOR 2 hours in the building penas at GREEN HAVEN CORRECTION FACILITY on security concerns , and the NYC DOC escorts M Y E R S AND S M I T H never appeared to pick up B.Wingate up for transport from Stormville newyork to Brooklyn Kings county. This is also on security camera.

( 2 )

C O N T E M P T

2. By the facts herein, we already know that Magistrate Judge James Cho was in contempt as he had no legal consent to situs on a prisor litigation as a magistrate and hold VOIR DIRE by any of the parties or by the law 28 usca 636 , 28 USCA 1915 , § 28 USCA 1997(e) et. seq. w/o any consent of the parties involved in 14 cv 4063. <u>The drastic dismissal was a ruse to cover for his dastardly misconduct in the courtroom.</u> It is also upon the record, that CORPORATION COUNSEL ISSUED THE CONTEMPT MOTION ON APRIL 18, 2022 in the year of our lord in court. Blake Wingate took out the minutes from April 13, 2022 in the year of our lord, and gave them back the contempt motion because he had no access to the law library, , law library tablet, and had to contact several sergeants, deputy of programs to force a law library officer to pick up requests for services of which they failed to appear everyday as mandated. Plus the deponent is disabled in his hands. The deponents chronic carpal tunnel and cubital tunnel make it extremely a task to write, his handwriting are so bad that the SECOND CIRCUIT returned his disability complaint against Magistrate Judge James Cho and ordered the deponent to (rewrite ( type ) the complaint because they could not understand or overstand his writing. Due to being LSSVI and his other disability and being upon 24 hour lockdown in reception instead of in a NYCDOC complex or facility, the deponent had manifested that the Court order the corporation counsel to send the motion to his father facility at 5 ;ppoints or transfer him to the prospective city facility for an answer to the motion. Thesaid motion was supplemented by MAGISTRATE JUDGE JAMES CHO and delivered , but the original motion was not ever , ever readelivered to the deponent as requested in all fairness. In essence they were in contempt for being in the court as lawyers, and failure to distribute discovery for the full 18 8 year period in its completion .

( 3 )

3. Contempt whether civil or criminal are defined as follows: Judiciary
law 753 (7) an inferior magistrate, or a judge or other officer of an
inferior court, for proceeding, contrary to law, in a cause or matter,
which has been removed from his his jurisdiction to the court inflicting
the punishment: or for disobedience to a lawful order or other mandate of
the latter court.. Judiciary law 751 (1) thus  the 30 days must be com-
puted  from the expiration of the definite time  incarcerated afore the
contempt  violation time.    SEE MAGISTRATES RECOMMENDATION & REPORT.
Magistrate James Cho knew the definite time incarcerated was illegal and
thus chose to dismiss the case and use prison time of which was illegal
as the premise to dismiss when he knew he could not legally add the 30
days to the contempt time without proving the detention to be illegal.
Magistrate James Cho caused the jury to believe there were only 5 defend
-ants in this civil case , when there were 31 defendants plus corporation
counsel.  His R J A S  was constitutionally impermissible : see  Caperton
vs MASSEY COAL CO. 556 U.S. 863 ( 2009 ) He allowed the defendants to use
their cellphones in the courtroom..  NOTE Cellphones are supposed to be
collected at the security gate and then a tag is issued for the cell-
phone. The WYCDOC employees abused their position by keeping their cell
phone  and using them in court. They were defendants , paid to be in
court and thus were not on leave to use their cellphones  D U R I N G
COURT APPEARANCES  SITTING IN THE  DEFENSE BOX LOCATIONS..  Magistrate
James Cho ***  KICKED OUT A PERSON WITH A PRESS I.D. FROM THE COURT
ROOM AND THE CASE WAS NOT DECLARED A CLOSED COURT SESSION  These incidents
occured on April 13 , 2022 in the year of our lord .. U.S. CONSTITUTION
ARTICLE  III SECTION 1,  THE JUDGES, BOTH OF THE SUPREME AND INFERIOR COURTS
,SHALL HOLD THEIR OFFICES DURING GOOD BEHAVIOR...This is not good behavior.
These were denials of public trial and a violation of securing the record. NO
ELECTRONIC DEVISES ARE ALLOWED ON COURT PREMISES , This is a federal court
rule.   ESPECIALLY  CELLPHONES.          ( 4 )

***

Note the deponent has received a better ribbon from a reliable source
but he has run out of typeing paper and are now using lined paper. He
as noted in the opening statement are under pending pRotective custody
based upon the facility personnel setting him up for private violence
in their HALT law unformed protests. I will not continue with this in
depth issues for resolution of the court of appeals. He has no correc
-tion ribbon and thus does type overs or leaves this mark ∎ in the said
issue of type or leaves it alone for recognition he is not perfect. Any
underlined matters with this ribbon will be noted with 3 *** marks as to
preserve the ribbon as much as possible and there will be no bold type
from herein as it wastes this ribbon but was necessary to get a print on
the other cloth ribbon which needs to be inked.***

In closing on the contempt charges thereof the deponent was not in con-
tempt for being pushed out of the court in a wheelchair by agents of the
court.. The U.S. MARSHALL and the N.Y.C. D.O.C. are the ones responsible
for any entry and exit into and out of the court when a wheelchair party
is in their custody. The wheelchair party also without his hearing aids
as was unable to control the issues as he didn't hear them. He was readily
ready to appear in court on the 14th of April 2022 in the year of our lord
as are seen on the videos of ********************************* IN THE
A.M. hours of 1 a.m. to 3 a.m. and the NYCDOC escorts never , ever came
back to take him to the court... Contempts are serious , but to hide a
contempt to hide a contempt is criminal and a tort.. Contempts must be a
reasonable relation to all of the facts and not just chosen ones. The
abuse of discretion error to ****** 461(2) does not overrule the lack of
jurisdiction to sue under 28 USCA §16 et.seq. NEXT ********* L.L.C.
V Bank of China 17 F.4th 119..

We look now at the breach of contract for disallowance of the deponent
to appear at Jumah's religious services on Friday as he foregone Ramadhan.

( 5 )

4. On April 06, 2022 in the year of our lord, the deponent felt like a hippocrate. He had argued against the defense taking off the week of the trial scheduled unbeknowing that it was based upon their EASTERN ,PASS OVER issue celebration. Not only was it Eastern, Pass over , but this is a special year where Easter, Passover and Ramadhan all issue at the same time. Not only these faiths but there were many more as listed in the de -ponents former applications for relief from such sanctions issued in the E.D.N.Y. illegally. However Delaphena asked for the pushing back of the court date April 11, 2022 Y.O.O.L. I opposed as I wanted this trial because my relense was involved as much as the deponents issues thereof. However Ramadhan is backed up 30 days every year , and he did not take the lunar calendar into account, and that the holidays were soon to come as well as the RAMADHAN FAST. Ramadhan is not a holiday. Its a fast of the celebration of the REVELATIONS issued to the GOD OF ABRAHAM TO THE LAST PROPHET.(pbuh and Abrham (RA).. In fact Abraham in Islam is determined as the friend of ALLAH.. or The Friend of God.. Ramadhan can be made up in this religion as I said its not a holiday. see : SURAH 2: 183- 188. It is a fast that has many ways to make it up for missing it, including those that are sick, on a journey , infirm , or forgotton the dates..However , it should be made up as it is a great blessing 53:4 , 5:89 & 95, 33:35.. However Jumah'a cannot be made up and it mandates that if you miss 3 we're responsible toi make a new Bayatt or confirmation... §SURAH 62 in-toto @ 9 -11.. The Jumah'a passes the weeks sins and triumphs, The Ramadhan fast proper colmetion passes the years , and your special night of prayer & devotion award a gift thereof.. No matter what occured in our lives , In ramadhan the angles come at the behest of our lord and address our faith and reward.. Thus on the 6th of April 2022 ( Y.O.O.L.) the deponent could not cause his religious beliefs to be more than that of the defendants as he lost track of time..Theres no holidays in prison. just the same thing

( 6 )

Incarcerated Individuals do not get funerals, when you die , you die and the average person will think you are in the SHU or transferred, its not until the resources notify us that a person incarcerated is dead before we are aware. Usually after cremation or burial in potters field. SOMETIME (S) our family doesn't even know what happened.

Thus the deponent made contract that he would forego Ramadhan for Jumah's and Judge Komitee agreed. He then sought a time to come to court on Friday and the deponent objected because the court could not guarantee that he is capable to get back to ( RIKERS ISLAND ) through traffick and then the search in the Intake, then the escort to his unit and then the escort to the religious service. He agreed and then cancelled fridays outright. However if he had a Jumah's service in the Courthouse ,that too would have sufficed. This court must also  review the security camera of the 6th day of April 2022 ( V.O.D.'.) in the court with Justice Komitee. They will see the following.  The deponent  in a wheelchair, the U.S. Marshall, and C.O. Myers and C.O,. SMITH who a push cart with  2 big court bags of which each weighed 90 - 100 pounds.

The WRIT OF HABEAS CORPUS AD TESTIFICUM said the deponent to be moved on the 4th  of April 2022, NYSDOCCS moved the deponent a day late. This caused the court trip to be 1 day late. They fact the deponent was in a wheelchair was not identified until NYCDOCS came to pick him up with others. They saw the wheelchair and left him without seeing if he could forego the chair on the bus and fasten to a general chair . Thus the deponent bought luggage on the 6th because he still had to be transferred to RIKERS. He was fully of knowledge that had he went to rikers island, BCF, BHDM,MHDM,O.I.C. he would have made Jumah's on friday without complaint. however he was still stuck at greenhaven it is not a N.Y.C. Facility controlled by the N.Y.C. Verified commissioner of NYC dept of corrections and thus the  Breech of contract in affording the deponent a day of prayer is not the same as not having a court

( 2 )

appearance on Friday.. Juror preference.. The friday prayer schedule also

worked out for the jurors. All week they have to be in court, 9 - 3 or if

later thereof. Having a day off in the week allows them to, shop, care of

their issues while offices are open and thus they get a 4 day work week in

stead of 5. Not including home responsibilities ... No matter what faith

the deponent belongs to he will always believe in God. You can do different

different types of religions, and respects all of them to this day. He was

allowed in every house of worship in the Neighborhood and community. He

he prayed  faithfully to the true and living God everywhere. W/o prejudice.

Thus the contract was breached when he was disallowed Jumah's services

He was never transferred to the city detention or C.I.F.M. of which also

has wheelchair assessibile housing. The breech occured when the Court did

not pay attiycation to the issue  of appearing for my prays time frame.In

my faith we pray  Jumah's between 1 P.M. and 2:30 p.m. allowing the time

thereafter and the time afore to have court in session. He disagreed and

closed off friday in the whole..  See transcripts  APRIL 06, 2022(Y.O.O.L.)

The difference between the Jumah's and the Ramadhan are the prayers for

Jumah's are confrontationally congregational. The fast is single, and it

issuefs  for everyone. Thus a fast is deemed to bepersonal. The prayer is

with a group of people. 2 or more.. You get a lot of blessingf(s) for the

congregational prayers made. in Jumah's and at the Masjid or anywhere else

in congregation..The  breech occured when the deponent was not ever allow

-ed to go to Jumah's prayer.. This was identified on April 18,2022 (Y.O.O.L)

see transcripts. The agreement was on April 06, 2022 (Y.O.O.L.) see tranns-

cripts... Breech ~ existence of a valid contract verbal or in writing see

Gen. Ob Law 5-701  binding the parties, ..Plaintiffs own performance under

the contract... Defendants non-performance under the contract ...resulting

damages ,. Seperation of Church and state preventsyou from coming to my day

of resurection and atonement before my lord , but you can invite yourself

if you want to.. Mathis v Metropolitan Life Insurance  Company 12 F.4th 658

( 8 )

English Courts interpret contracts to simplify the discerned con-
tracting parties intent. Bladeroom Group Limited v Emerson Electric Co.
11 F.4th 1010  It is peculiarity with the providence of the district
court to determine the meaning of its own order, so the district court
is best positioned to determine whether the potent weapon of contempt
is the best ever means of enforceing the order if legal..18 USCA 401(3)
NEXT INVESTMENTS LL. Bank of China 12 F.4th 119 ( 2nd cir 2021 )
Thus the Court made covenent to protect the constitution and to support
it, can trhis court allow the district court to breech the contract and
biam their malcontent with misinformation upon the deponent.? People v
Marshall  71 MISC.3d 1216(A), King v Hoke 825 F2d 721,quoting Mc Cann v
U.S. 462 F.2d 242,, you cannot moot a case simply by ending its unlawful
conduct once suet or hiding it as a disgrace upon the other party...Alre
-ady LLC v Kukles 595 U.S. 88 @ 91, COURTHOUSE NEWS SERVICE V SCHAEFER
2 F.4th 318 and thus the electronic record of the Court must be used to
allow the 2nd cir. to review each fact supported with video coverage and
thus there can be no questions as to the misconduct the deponent had to
endure intno courtroom ..KIM V LEE 576 F.Supp. 2d 16 ..Under N.Y. Law a
conversion takes place when someone ,intentionally & w/o authority ,assumes
or exercises control over personal property belonging to someone else ,
intefferring with that persons rights, and Under N.Y. Law ,an electronic
record stored on a computer ( security camera) is subject to a claim of
conversion, however the surveillance camera is a security camera of which
will allow this court to review the issues without miscalculation, fraud
misinformation or mis interpretation...PEOPLE V HANDY 20 NY3d 663 for if
it is destroyed , the deponent is entitled to an ADVERSE INFERENCE.. The
Court security camera will exonerate the deponent, and are subject to
review by this court of appeals in review of the attrocious conduct herein.

( 9 )

5. The deponent asks this Court ...WHAT IS THE NELSON RATING OF A
COURT OF LAW ?

Is this court rated (G) , (PG), ( MA) ( MA13 )(PG 13)  (MALC) (R) or
(X), and if there is a rating does it become allowed to criminalize
objections made to assure review of the court, in opposite to the
objections made to defy the court. The deponents words were only
made out of shock that the corporation counsel and the Magistrate
James Cho both chose to intentionally interfere with every statement
the deponent was making in the court. The record is so clear on the
point that even the Magistrate James Cho stated on the 18th of April
2022 ( Y.O.O.L.) there will be no more interferance by anyone in the
Court. Acknowledgeing his own misconduct as well as the courts corpo
-ration counsel whom were also sitting as defense counsels illegally
. see:  DONAHUE v Keeshan 91 A.D.462 " WHEN THE CORRECTION OFFICER
GOES BEYOND THAT POINT HE CEASES TO ACT IN BEHALF OF THE CITY AND IS
PERSONALLY RESPONSIBLE**see also  Mayors executive order 16/4 SEABROOK
V Johnson 660 NYS2d 311, Governors executive order 177 also 9 NYCRR
8.177.. there's no exception tto the violation of delivery of the U.S.
MAIL, obstructing access to the courts , denial of access to account
to deliver U.S. Mail or pay for postage,  false imprisonment and or
holding the deponent incarcerated without a valid instrument and know
-ing it as a fact, 28 USCA 2680, ,18 USCA 1701, 1702, 1703., U.S. Con-
stitution & art. i sec. 8.. : Bolton v U.S. 347 F.Supp. 2d 1218 : see
Callaway v Small  576  F.Supp 3d 232  *** ((( IT HAS BEEN LONG RECOG-
NIZED THAT MERE VERBAL THREATS, IN AND OF THEMSELVES , DO NOT GIVE A
RISE TO CONSTITUTIONAL & VIOLATIONS, AND ARE THUS NOT ACTIONABLE UNDER
1983mandated that the words were not even threats they were objections
to the fact the court and the corporation  counsel kept interrupting
( 10 )

the deponent *** EVERYTIME HE SPOKE *** this was occuring without the jury present , and a right tocommunicate with the parties and the court to resolve issues without the earshot of jurors. Thus the deponent made it known that if the magistrate wanted the jury to know he was sitting on the case illegally , all he had to do was keep it up..*** That such STATE CREATED DANGER of causing the deponent not to have a fair hearing or trial are axiomatic and outright upon the record as if it was a big balloon in the middle of the living room..The tapes and the record solidi -fy that the deponent was not receiving any form of an iaota of a fair pro -ceeding befor Magistrate James CHO WITH EXTREME PREJUDICE..The fact still remains that the deponent does not know where the bias came from... This is a certifiable question thatcould also go to the U.S. SUPREME Court. 28 USCA 1254, as could the right to the assistance of counsel after the deponent was granted the right to trial ; As the corporation counsel who never produced permission to represent the defendants and themselves in a discrimination case with criminal annotations, connotations and acts. The COVID IS NOT EXCUSE TO SITUS IN VIOLATION IOF the 28 USCA 636, 28 USCA 1915, 29 USCA 1997 FRCP rulle 72 and 73 and 74..,28 USCA 144; I am sorry to say but the corporation counsel and the judge became recalcitrant wit- nesses for withholding discovery and facts to wit:
On the 12th day of APRIL 2022 (Y.O.O.L.) the Judge Komitee and the corp -oration counsel called GREEN HAVEN to speak to thei deponent , upon the deponent receiving the phone, it kept cutting off. They actually called to notify the deponen the corporation counsel was sick and out for the COVID and would not be able to make it for the court session and sought to get an adjournment until she came back..*** At the proceedings on the 13th of April 2022 (Y.O.O.L.) this was not ever mentioned at all. Magistrate James Cho instead hid this information and kept threatening to dismiss the case if the deponent would not have the hearing ( VOIR DIRE ) on the 13th day of April 2022..(Y.O.O.L.) ***

( 11 )

What ever the NELSON rating, freedom of expression and freedom of speech are not illegal when they are true , correct, give warning of any ~~harm  to oneself or others, and are not the term screamed ( FIRE IN A DARK CROWED THEATER, WHEN THERE IS NO FIRE )~~. The 1st amendment is not a tool for fools . It is the requirement of speech, whether by hand,nose, ~~mouth or ear and eye twitch~~, speech, written, in song or shuffle. Its a universal right to communicate ones emotional distress as well as their happiness, sorry ,  disdain, pain,hate and love.. Most certainly their ~~fears. or the suppression thereof..~~as in this case the sanction of contempt was issued against the deponent  with misinformation and incomplete infor mation, and the law says no sentence car issue upon misinformation, nor ~~can a determination of contempt in and under these  dire circumstances.~~

The ~~terms used kept them quiet while~~ I continued to make my record. It was the only way for them to cease the interruptions. They refused to accept  **NO**  for an answer. When they interrupted and the deponent said  ( NO ) ~~they continued to interrupt. But when he said shut the fuck up.~~They ceased.. They continued to interrupt and when he said to " SUCK MY DICK " they readily shut up and allowed him to complete his narrative. The objections they were making were unreal, conjective and would not of been survived for appeal, however every objection the deponent made in his verbalism of " TORRETTS DISEASE IMPLIMENTATIONS " immediately caught their attention and notified them I was going into shock  and was tired of their unlawful conduct in the court..In fact the only legal party in the court was the plaintiff.. The defense counsels were illegal and so were the magistrate.. To cause controversy and not receive any back is a non deplume.. These terms were all heard by us and made by us as children we didn't get kicked out of school, we didn't lose our jobs and we weren't ostrasized by it. But in the courtroom it appears that the trials for

Rape, child molestation, pedophiles, murder, robbery, assault are rated

(G) and the court expects no explicit language , no one to get their eyes

cut out, their heads blown wide open with a shotgun, or a child to lose

their virginity to a 48 year old adult. No thats good language and thats

allowed . But as soon as a corrupted judge( magistrate ) and their assist

=ant in crime are identified as to what they are doing, its a crime to

say words we've been saying as children and definately say as adults. TO

EACH OTHER. . You can't even copy write " SUCK MY DICK " because its been

used in every time and location in history.  lets look at a few...

" S.M.D.  asked by two lovers in a relationship

" S.M.D.  said to one another when in an argument or disagreement

" S.M.D.  warning that one person is talking too much and need to be quiet

" S.M.D. straight up threat that if you do not be quiet with running your
  mouth I will beat your ass.

  Also used as S.M. Balls of which all of these terms we allow our children

to see on television every day, especially if any of your children watch

the syndicated childrens show  *** SOUTH PARK ***.

The courts have said that such  language without a threat and for a purpose

are not illegal;, in fact the courts answer the statement with another sausa

song from our childhood..
s
*** STICKS AND STONES SHALL BREAK MY BONES BUT NAMES WILL NEVER HARM ME ***

This is the Courts retort to the term as an offensive to suck my dick see

Harry v Lagomarsine 2019 wl 177718 ; People v FOSTER 2022 wl 1594631 , Max

ton v Underwriter laboratory 4 F.Supp. 3d 534; O'dell v Frazier 2016 WL301

7241.. In closing on the term but not the issue the deponent specified he

was kindly joking and making sure they stop interrupting him.  One of the

Last times ne said trbthfully  suck my dick , put it in your mouth and

treat it like a tic tac...

In closing on technological analysis of language terms an objection is not always appraible and preserved for the court. But these objections were pure and to the point, the corporation counsel and the court had no legal  basis to interupt the deponent, and after he made these terms and continued speaking to make the record.There was no further issue., UNTIL  Corporation counsel whispered to the male corporation counsel and told him to seek sanctions. But their conduct was sanctionable before the deponent spoke. *** They told the jury that only 3-4 people were the defendants. Thats sanctionable and not protected because the jury has a duty to identify whether or not they are known to the other defendants of which were all being called to testify about their actions with the deponent as a matter of law and record made in every conference. and appeal to this very court.  Look at the security tape...

The right to freedom of expression is not limited to the courtroom. It has not ever been nor ever will especially when the acts of the court and the counsel of record are intentionally interrupting the plaintiff as counsel for making a clear record., THE TRUTH , THE WHOLE TRUTH AND NOTHING BUT THE TRUTH , MAY GOD BE MY WITNESS. 1st amendment.,.The obstruction of the administration of the court proceedings by the magistrate James Cho and by Corporation are not deemed normal, they were essential to extraordinary compelling circumstances  .The deponent used the only shock mechanism he could affix to the situation see: People v Ketchua 35 NY2d 963 specifies that cursing is a reaction to strained stress of persecution, by arbitrary and capricious  conduct of its opressors.  377 U.S. 925 , 375 U.S. 809 , 12 NY2d 1013, 12 NY2d 1104., The constitution protects language that does not threaten one , even if true or false to a point... see: AMERICAN CASE LAW SERIES: CONSTITUTIONAL LAW, cases, comments, and questions 12th edition Jesse H. Choper, Richard H. Fallon Jr, Yale Kamisar, Steven H. Shiffrin , MICHAEL C. Dorf & Frederick Schauer.

( 14 )

Ch. 7, pg. 637 Freedom of expression, The scope and strength of the first amendment ~638 citing the dissent in Konigsberg v State Bar 366 U.S. 36 ( 1961 ) in SCHENCK V United States ~~~ But the character of every act D E P E N D S upon the circumstances in which it is done Patterson v COLORADO 205 U.S. 454 ( 1907 ) The question in every case are whether the words used are in such circumstances and are such a nature as to create a clear present danger that will bring about the substantive E V I L S that Congress has a right to prevent The statute punishes conspiricies to obstruct ( conscription ) as well as actual ob- struction. If the act, ( SPEAKING, OR CIRCULATING A PAPER ) XX XXII XX XXXXXXX it's tendency and the intentwith which it is done are the same , we perceive no ground for saying that success alone warrants making it a crime. The fundamental right to defend in person and with counsel are abridged when the magistrate and the corporation counsel are in ca- hoots and the plaintiff are not allowed one sixth of expression to cease their monopoly of fraud , deceit and deception upon the plaintiff, upon the defendants and most importantly upon the JURORS and the jurisprudence of the Court   The district COURT ABUSED ITS DISCRETION WHEN IT CHOSE TO SIT ON A VOIR DIRE FOR A PRISON CIVIL CASE WITHOUT CONSENT , WHEN IT DIS -MISSED DEFENDANTS WITHOUT SERVING THEM ON A CLEARLY VALID 1st amendment issue , delivery of mail, speech, right to acces to the courts , petition and grievance ,retaliation due to expression for constitutional rights. Thus the Distric Court cannot use its discretion to rule on an erroneous view of the law and substantiate it just because the Judge Komitee accept -ed his underlings words and actions a a pure friendship but not as a mat -ter of law and jurisprudence, jurisdiction and integrity. U.S.D.D.J. v Ricco Jones 24 F.4th 718 : Cooter & Gell v Hartmarx Corp 496 U.S. 384,405 Regulations enacted for thepurpose of restraining speech on the base of its content presumptively violate the 1st amendment CHICAGO Police v Mosley 408 U.S. 92 equal protections and fundamental due process are violated when your speech is deemed greater then mine and yours are......

THE CONSTITUTION SAYS ANY TYPE OF JUDGE MUST SIT IN GOOD BEHAVIOR ARTICLE III section 1, 28 USCA 631 details that his appointing district court must assure he is competent(B) 2 AND REMOVAL ARE TO BE DETERMINED FOR INCOMPETENCY, MISCONDUCT, NEGLECT OF DUTY, OR PHYSICAL OR MENTAL DISABILITY or HIS SERVICES ARE NO LONGER NEEDED (1)

Magistrate James CHO SHOWED INTOLERABLE BIAS AND PREJUDICE IN THE SAID PROCEDURES OF THE VIRE DIRE, HIS PRE TRIAL NEGLECT TO ANSWER MOTIONS & his filing of false issues in his report and recommendation. He misled the jury that there were no more defendants, and then when the jury was gone he only asked the corporation counsel how many defendants were in the case and he excluded people of color of the male species from the jury pool. He decided to openly publiclypunish the deponent with a dis -missal for questioning his tenure to sit , where the 28 USCA 636 says specifically no one can be punished if they withhold consent and there will be no adverse substantive consequences.. All he had to do was 1 of 3 things.

1. contact Judge Koeltes

2. contact District Executive Eugene Corcoran

3. Notify the deponent of the true issue of the 12th day of TRUE JUNE in the year of our lord.

" Consent of all of the parties must be clear and express or the requi -rement would mean little see Yeldon v Fischer 710 F.3d 452. The record is clear, the deponent opposed his tenure in a motion before the voir dire and the Judge Koeltes declined the application. In fact there is a rule against striken litigation before the appellate court can re- view it and thus the striken litigation all of which are complaints of judicial nature in this case must be reviewed in this court ..mandated that due to the recusal of 3 justices in this case the whole case are subject to review as this has been going on over 7 years to recusals.. There was no consent. 28 USCA 636(c) (2)  if is determined to be the key word.

( 26 )

I finally understand where the residue and reciprical mistreatment
are coming from. I grieved Magistrate Judge James CHO FOR FAILURE TO
ADDRESS THE 8 MOTIONS INCLUDING THE THEFT OF THE DEPONENTS LEGALBAG
AND THE COURTS DURESS AND DUTY TO RECOVER SUCH PAPERS BY INTERVENTION.
Judge Komitee should have vacated his referral instead of allow him to
continue in this aspect because he proved to be incompetent to handle
the work as it arrived, allowed it to pile up and then he only answer
-ed it after the complaint was filed and issued a summary report ther
-eof which was illegal. When a judge recuses themselves as the other 3
judicial officials have done the new reviewing justice M U S T review
their past determinations as they recused themselves due to an ideal
issue of impropriety and none of their past decisions on the case are
deemed valid as a matter of law. see; F.R.C.P. RULE 73(b) 1, 2, 3..the
refusal to deliver u.s. Mail is criminal and civil 18 USCA 1701, 1702,
1703..and this Court must unseal the stricken records as they relieve
the burden of the misinformation and cause the case to be on the calen
-dar after a proper review by another independent justice of the court
without prejudice. 28 Misc.3d 726 In re screening Committee Committee
of App. Div. 1st dept.The courts duty to examine the records must iss-
ue as fraud and deceit against the judicial tribunal have issued and
its a public issue of scrutiny and jurisprudence and integrity of the
judiciary that are at stake 60A NY Jur 2d fraud and deceit 172.People
v Averi 47 AD3d 1079*** all prior decisions are lost as the judge has
lost thier through jurisdiction and to correct the issue would pre-
vent a manifest injustice ..As this has caused in this case,.All said
judgments recomendations of Magistrate James Cho are null and void as
per FRCP Rule 73 O'CONNORS ANNOTATIONS Gomes v Vernon 255 F.3d 1118:
28 USC 455(a) (b)(1).. He could not sit on voir dire as voir dire is a
discrete mandated part of the jury trial FRCP RULE 73 (a) 28 usca 636§
(c)(5)..                          ( 17 )

It is a pure fact Magistrate had , the scheme of the Court had in
his session s direct impact to prejudice the deponent and the depon-
ent identified it on tip and the magistrate james cho retaliated even
further . It was so obvious he dismissed the case of the deponent on
the same date the rule 401 was written but niot served by him as it
was his and not the corporation counsels that issued..When he dismissed
or consented to the dismissed defendants whom were not served he also
prevented himself directly from sitting on the case.P.L.R.A. WILLIAMS
V KING 875 F3d 500, on remand 2018 wl 453519, he cannot even situs in
a voir dice position6) on a case he failed to answer 5 motions and of
which 2 motions were pending and he had no knowledge of their answers
of which mandated he contact the head judge. Because one of the motion
pending was whether or not the senior judge was to remove the corpor-
ation counsel or the city off of the docket and they had massive evid
-ence against them. P L U S the rule 56 motions were decided against
the deponent and they too were plagued with evidence. The law says a
rule 56 motion does not determine credibility , and this court said
on sey veral occasions in this case alone that the rule 56 determin-
ations were not a final decision therefore the magistrate judge had
to acknowledge the missing defendants and make them appear for the
jury to determine whether or not they were known to the jury during
the voir dire. THIS IS ALSO A CERCLA case and he has no authority to
address a central issue in the case at trial level Bessmer fast Inc vs
Head CORP $10 F3d 429 , cert denied 126 S.CT. 1040 . The fact the re-
ferring judge refused to address the incompetence of his magistrate
are cause to also review his decision as they are both the same and
have no bearing upon the factual basis of their acts to situs without
open and proper preparation for the trial. Baker v Socialists peoples
Libyan Arab Jamahiya 810 FS. 2d 90,. This is a clear violation see:
Archie v Christian 768 F3d 726 ,798 f2d 1147, 808f2d1132 812 f2d 250,.
( 18 )

The authority of aUS MAGIStrate toconduct hearing and make determina
tion re# COMMENDATION TO DISTRICT COURT IS# entirely dependent upon con
-sent of the parties. Coleman v Rutto 500 F.S. 586 and no dates of con
-sent exist for any magistrate judge to sit on this case at all. lowrey v
Tilden 948 F3d 759.. Magistrate James Cho has no consent in writing in the
case before the Court and thus his decisions are null U.Y. CHINESE TV PRO-
GRAMS INC V U.E. Enterprises Inc C.A. NY 1993 996 F.2d 21 and his lack of
jurisdiction are deemed tobe a fundamental error of which cannot be waived
Evans v Larchmont Baptist Church Infant Care Center Inc 956 F.S.2d 695.,
There was not ever a show cause hearing for the contempt even if the mag
istrate didn't have legal jurisdiction it was the procedure to follow as a
matter of law 882 F3d 169 , Deutsch v AHNIS Enterprises..That Magistrate
James L I E D IN HIS REPORT AND STATED THE DEPONENT W A L K E D out of
the courtroom discriminating agin the deponents disability and clearly he
knew the escorts were not only marshalls and correction officers but also
MYERS is a former corporation counsel employee since back to 1994 as I am
to recll .. 42 USCA 12112.. Dismissal is (iqel U.S. V FLAUERTY 568F.2d 566
The magistrate james cho created a hostile atmosphere When he refused to
receive assistance to address the simple question as to how he received
jurisdiction to situe on voir dire and not know how many defendants are
in the same case he was in charge of for 1 year. He took off the city de-
fendants without checking with the superior judge , and still didn't know
the law that said he could sit on the case of a detainee prisoner illegal
-ly in pri#on with evidence beyond reasonab#le doubt. far beyond the
prima fcie or prepondeance level thereof..Clearly erroneo#s , standard,
contrary to law legal conclusions, de novo review and he caused the con-
duct in the court when he failed to contact Eugene CORCORAN THE DISTRICT
EXECUTIVE OR Judge Komitee. He also stated Judge Komitee was sick and he
was in his courtroom as I had family and friends waiting for the proceedings
to end and they were unaware they could have come to the voir dire.

**Thus the deponent was in court before** Magistrate James Cho under his impression that Judge Komitee was sick and therefore not in the building but at home or in hospice, where Judge Komitee was in the courtroom I had met him in on the 6th day of April 2022 (y.o.o.l.) as my assistant notified me that night when I returned from court on the 13th and notified them of the issues thereof.. As a prisoner, pro se with intellectual challenges itis a hard place to be in a courtroom for trial to defend yourself while in the same instance to protect the constitution of the same person that you are defending as their attorney. Its a split personal- ity I have not had to handle in a civil realm. However , there can be no mistakes Magistrate James Cho had purely ill intentions in the court and the review of the whole record will reveal this as a matter of fact and law.. That if this court only resides to review the year he sit[?]us then the court would also have to review the actions filed in that period ,whether from 2020 to 2020 of by which would also be appropriate to address his conduct, but it is inappropriate to address the case, and pour its contents into the review cup, identify its material issues, and dissiminate the re -sults to the lower court for immediate address and correction.In this case review of the whole case is a mandatory issue as this court will see judiciously by review of the stenographic minutes of April 06 ,12, 13, 14, 18 2022 in the year of our Klord and the motion dated October 01, 2021 w/23 pages affidavit and 350 pages of economized exhibits to substantiate that every defendant cannot escape address in this matter. That the rule 56 dismissals are w/o credibility and must not stand and that the judges decision based upon the magistrates report and recommendation are as null and void as the magistrates report and recommendation. see: MOSES

VS  Julian 45 N.Y. 5?  " WHERE A JUDGE IS PROHIBITED BY STATUTE TO SIT IN

A CAUSE UNDER CERTAIN CIRCUMSTANCES , HE HAS NO

JURISDICTION, AND HIS PROCEEDINGS ARE V O I D ...

Its a fact the deponent sought recusal and removal of the magistrate before
the voir dire began. Its a fact the last magistrate relieved herself after
the deponent filed disability in the 2nd circuit for the same reason a pure
lack of consent from all parties and discriminatory decisions by her hand.
A judge when by law is disqualified todecide a case , to assume a case as
he has in this situation , which the law  presumes he may probably decide
wrong. Washington Ins Co. v Pearce 1 Bopk. 1. This mandates that the Court
review the whole record as this would be the 4th and 5th justices in this
case whom have to recuse theirself for personal bias and disability based
upon the mistreatment of the pro se litigant Blake Wingate see U.S. V
HAZZARD 472 F.2d 302 *311  after careful review of the entire record, we
are constrained to arrive at the conclusion that the defendant did not re-
ceive a fair trial...

In Wingate v City of New York et.al. the TDIV was prepared to spend the ex
-pences of a full paneled jury of which we already picked 14 and only need
-ed 2 , in one day. The day of the language..which are justified an and un
-der the circumstances of impropriety of the assistrate jones cho, when in
                                    DEFENDANT
his own supposed pose : eliminated a defect on his own without superior
approval, didn't know the amount of defendants, alleged camera phones in
the courtroom  to be used during the proceedings, kicked out a citizen of
which appeared to have on a press badge, filed false  report that the de
-ponent WALKED OUT OF THE COURT ROOM when he was ascorted by NYCOOCS STAFF
      IN A WHEELCHAIR***
AND A MARSHALL. key code pass,whom started the day saying the judge was
sick, when he was in another courtroom, and failed to notify the deponent
that the proceedings didn't have to start until the corporation counsel of
the case recovered from her sickness, et.al, issues...***

( 21 )

He had a clear duty to recuse himself or at least seek the sought after
District Executive Eugene Corcoran, and / or Judge Eric Komitee, he also
didn't know the law that allowed him to situs on the case of which there
are none when its a prisoner case civil and no one issued him consent,yet
with prejudice he ruled in void,moot, most proceedings in total disgrace
of the jurisprudence and the integrity of the court system. 15 J. Crim.L.
& Criminology (114 A look at the extrajudicial source doctrine 74 YSCA
455 '(July v H.S. 114 C.Ct. 1147 (1994)..73 Harvard L. Review (455 Disqual
-ification of federal judges for BIAS in the federal Court(s) its purpose
-eh citing 744 Lilitton v H.S. 287 328 ...), cert denied 296 U.S. ___2(1961)
Massie v Commonwealth 93 Ky 588, 20 S.W. 704( 1892 )...Disqualification of
a judge on the ground of BIAS 41 Harvard Law Review 78 ( 1927 )

That the worst issue however are that he chose divisimal instead of a 3 day
fine, or 30 day fine and detention when he knew the deodant is Incarcerated
illegally, Peonage , human trafficking, false imprisonment are all covered
under 42 USCA 1994, 18 USCA 1581 -1597 for one completed act and not for the
attempt. That the transportation over forty times every day of the voir dire
was also illegal and human trafficking as he knew all of the records in the
deprivence case for his original detention are fabricated. The IMAGE  of
Magistrate Judge James (WO ARE ASTONISHING,; he continued to interrupt the
deponent and only the deponent everytime the deponent spoke to make the re
cord  BY DISCIPLINARY PROCEEDINGS AGAINST Judith K. Miles 169 § WASH.2d
340 ***, pattern of interrupting the pro se litigant each day of the pro-
ceedings: On the 6TH he interrupted the deponent although he stated in
the outset of the case that there will be no § more interrupting each of
the parties in the court and those that do will be sanctioned, then he did
it again to the deponent. The deponent asked himPER ARE YOU GOING TO SANCT
-ION YOURSELF *** for this reason you M U S T review the security camera
in the courtroom as there are words on the record that are missing ...Just
as the word  M O C K  AND OR   M O O T   tyial ...Its just not in the re-
cord but was stated everytime he asked if I accepted a juror..

( 22 )

I stated MOCK TRIAL. The record says I said my trial. Look at the syllabus
in the back of the minutes from the 13th...there are no words my in the
syllabus, Thus how can I say something in one instance and its missing in
its recorded history..The minutes are also fabricated , altered and comple
-te with misinformation..The security camera and audio has to match there
cord or the record is incompleted as deemed fabricated..NOW WHOM ORDERED
THAT TO OCCUR??? It wasn't me!!! REAL PROPERTY LAW SEC. 317.....Index #'s
are not to be altered or duplicated as they interfere with bonding of the
case CPLR 305-a..Fraudulent filing are cause for immediate removal Cooney
v Dwyer 2021 wl 4749432..That such Magistrate James Cho had private inter
-ests of which are obvious in the record and the appearance of the impro-
priety are just as bad as the impropriety itself Matter of Schiff 83 NY2d
@ 693, Matter of Mulroy 94 NY2d 652 22 NYCRR 100.3(B)(3), 22 NYCRR 100.2(C)
No jury could sit in the court and make a clear determination where witness
and defendants were excluded in his court and had to be produced in the due
trial court under rule 56... That rule 56 declares that if there be 1 scin
tilla of evidence then the material issues are not suppressed or dismissed
and neither the witness or defendant, thus credibility cannot be determined
in a rule 56 motion especially when the corporation counsel based their mo
-tion for Rule 56 determination under *** INFORMATION AND BELIEF *** see***

FUELLER V Fletcher & E. 128 ( 1891 ) ; CHANDLER V COUGHLIN III 763 F.2d 110
no sentence , and a dismissal of a civil case is a sentence unwarranted in
these circumstances can be accepted upon misinformation, PEOPLE V Marshall
)
71 MISC.3d 1216 ,King v Hoke ( supra )... and FREEDOM OF EXPRESSION is a free
dom to express ones issues not to alter ones faculty, facts , factors and or
factoids, in a registered case before the courts... 20 STANFORD LAW REVIEW
318 Freedom of Expression Under The State Constitution.. see aLSO ERIE R.R.
V THOMPKINS

( 23 )

The claim and addendum was filed for one reason and one reason only. The deponent was illegally incapacitated kidnapped, human trafficked in the N.Y.C. Detention centers thereof and was being obstructed in addressing his issues with the courts and outside agencies because the jail was in a straight course of interference with the U.S. Mails. That the deponent has a mental health history and diagnosis and prays for immediate assista nce were the potend of the case. The medical mistreatment, and placed in housing with no heat, were pennens. """see the claim and addendum/ amendment as filed in record... RECK V Humphrey 512 U.S. 477 as per POVEN- TUD V NYC 715 F3d 97 and as decided in this matter in the early stages do not apply to this case as it was filed as a detainee and the deponent at all times knew he was illegally incarcerated for fake crimes, fake paper work in the county of Queens as a retaliation for the removal off of the bench Judge Mark H. Spires and the removal from the Queens D.A. office Ms Miss G. Malik for their illegal human trafficking in People v Crampe and Viogate . see: *** Chandler v Coughlin supra.. No one files a case about their mail not reaching the court unless they are challenging their whole existance illegally in the penal syste,, Thus the main issue in this case is false imprisonment and the obstructions used to prevent its identificat -ion and release from such human trafficking violation.. That human traff- icking identification is a number 1 issue in the legislature and it is as supported by the 13th amendment in both clauses on the STATE AND FED- ERAL LEVELS in the ci vil and criminal laws that this court could not at anytime disregard Human trafficking without denying the constitution and the statutes that support or reverance our country. The deponent has one more pressing issue to address of which this Court will agreed upon their appellate review in any category de novo,abuse of discretion, substantial or substantive constitutional and statutory compliance, This is a serious issue..

( 24 )

*** SINCE THE BEGINNING OF THIS CASE IN 2014 (Y,O,O,L,) THE COURT
ALLOWED THE CORPORATION COUNSEL TO REPRESENT EACH AND EVERYONE
OF THE DEFENDANTS IN THIS CIVIL /CRIMINAL/DISCRIMINATION CASE
WITHOUT ANY PROOF OF INDEMNITY WHATSOEVER, AND REFUSED TO GIVE
DECREE, JUDGMENT, ANSWER TO THE RIGHT TO REPRESENT EACH AND
EVERY DEFENDANT BY CORPORATION COUNSEL WHERE THEY AND NOT ANY
LEGAL INDEMNITY NOR LEGAL RIGHT TOBE REPRESENTED BY CORPORATION
COUNSEL IN THIS MATTER, IF THIS ISTRUE THEN THE WHOLE COURT PRO
-CEEDINGS FOR THE PAST 8½ YEARS WERE A MOCKERY OF JUSTICE AND
THE PLAINTIFF  PRO SE ARE ENTITLED TO IMMEDIATE COMPENSATION &
RELEASE FROM THIS FALSE IMPRISONMENT AND  DAMAGES ULTRA ***

Lets get straight to business, it is illegal to  abuse the disabled or

the handicapped or the unfly  ,,N.Y.S. Const, art, 17 sec, 1-7,,section

504 of the Rehabilitation Act of 1973, 29 USC 794/a§ and title II of the

Americans with Disabilities Act 47 USC 12131 et.seq,. This 4th amendment

guarantees the right to be safe and secure in ones person, places, thing

(s§, homes , papers and effects , and fundamental due process and equal

protections declare this a mandate. However this is not what occured in

this case Minute 7 CITY OF N.y. et.al 15 cv 4653, "b,in this case there

was a motion that disagreed with the representation §of the defendants

by CORPORATION COUNSEL of which was not adhered to.   see dkt sheet:

BY THE DETAILED ISSUES LISTED IN  Donahue v Keeshan NY AD602 ( 1904 ) it

is tche conduct§ of the charged defendants that prevent them from being

able to cause corporation counsel to act as counsel for them at any said

instance in the case.  The deponent has always been censorially challen-

ged ( 2013 ) and physically and mentally challenged ( 2614 ) and made

this known in his claim and addendum/amendment of the claim in the 1st

instance. That doesn't excuse the law and its issue of whether or not

the defendants at anytime in this case had a right to obtain their own

law representation instead of corporation counsel obstructing this case

since it inception. *** NEW YORK CITY CHARTER  sec, 394 - 395 and N.Y.

CODE sec; 8-107  0 13, 10, 11, 11-a19, 21-a, e,  Unlawful discriminatory

practices ,  covering the following: Employment actions based on pending

( 25 )

arrests and criminal accusations, and criminal convictions pending and during employment ..Employer liability for discriminatory conduct by employee, agent or independent contractor : INTERFERANCE WITH PROTECTED RIGHTS

13. An employer shall be liable for discriminatory conduct by employee, agent or independent contractor a. based upon the conduct of the employee or agent which is in violation of any provision  of any provision of this section other than sections (i) and (2)..§ only where :

(1) the employee or agent exercised managerial or supervisory responsibility,   or

(2)  The employer knew of the employee's or agents discriminatory  conduct or failed to take immediate and appropriate corrective action, an employer shall be deemed to have knowledge of an employee's or agents discriminatory conductwhere that conduct was known by another employee or agent who exercised managerial or supervisory responsibility,   or

(3)  The employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct;

WHERE LIABILITY OF THE EMPLOYER HAS BEEN ESTABLISHED ,THE EMPLOYER SHALL BE PERMITTED TO PLEAD  TO THE DISCRIMINATORY CONDUCT FOR WHICH IT IS LIABLE...

Thus Corporation Counsel has acted in criminial contempp for the full 8½ years on this case and the Court refused to address whetherp  they had a right to indemnify the defendants , themselves and the city as a matter of law as the deponent requested in 2014 ( y.o.o.l.)! see ; Donahue v Ke
-eahan  91 AD 602, 57 NYS 164...*** setting aside the appearance of the Corporation Counsel of the City of New YORK, AS ATTORNEY FOR THE DEFEND
-ANT IN THIS ACTION AND REQUIRING THE SAID DEFENDANT TO DEFEND IN PERSON OR BY AN ATTORNEY  O T H E R  than said Corporation Counsel or any of its assistants..                    (  26  )

The word " OFFICER" used in section 255 of the revised Greater New York
charter ( LAWS OF A 1901, chap 466 ) which provides that the corporation
counsel shall be the attorney for the City of New York, the Mayor, The
Board of Aldermen and each and every officer, board and department of
said City, relates to those officers who are on the same general footing
as the Mayor, and not to subordinate officers.., when the officer goes
beyond that point he ceases to act in behalf of the City and is personal
-ly responsible... see People ex rel Underhill v SKINNER 74 App. Div. 58

clearly that it was not the purpose of this provision to protect individ
-ual rights , even where the city was a party, not to mention a case in which the
city had no legal interest whatever. Furthermore section 255, in the  last
sentence,prohibits the corporation  counsel from acting IN A N Y  merely
private litigation... A MANIFEST ABSURDITY, this is not what to expect as
an officer to receive assistance for a controversy as the same would the
commissioner the assistance of the same officer  This is not the letter  of
law of the legislature Riggs v Palmer 115 NY506, 509 see the text in Bacon's
Abridgment ( quoted and approved in People ex rel Manhattan R. Co. v Barker
152 N.Y. 417 @ 447 , nor be contrary to the statute..See 6 Bac ABR.(6th ed)
,386 Matter of Reynolds and the authorities there cited... 124 NY 388, 397.
It is ironic that this is a QUEENS COUNTY CASE AS WELL.  DONAHUE V KPPSHON
91 AD502...

This explains why the Corporation Counsel filed for costs and fees in the
case before this Court without de8livery tothe deponent because their cost
and fees are an illegal extortion and contempt of the laws of the city,the
state and the derived federalism as a whole....Thats why they are all on
the Caption... It was noted to Judge Eric Komitee that everytime the Corp-
poration Counsel filed a motion and the deponent answered the 88888 Motion
in the last 2 years the corporation counsel assistant would leave the case.

( 27 )

no rebuttal or surrebuttal, they conceded., People v Gruden 42 NY2d 214;
5 Am, Jur,2d APPELLATE Review sec, 517  ideal to the point is if an appell
-ee  fails to respond to an issue in a brief, the court may treat the fail-
ure to respond as a confession that the appellants position is correct, re-
verse the judgment of the appellant whom establishes prima facie error, or
determine the issue on the merits.

UPON REVIEW OF THE SECURITY CAMERA FOOTAGE OF THE COURTROOM ON THE 13th day
of April 2022 ( Y.O.O.L.) you will see  the feline assistant speak to the
male assistant and tell him to tell  magistrate James CRO TO SEEK 440XXXXX
440 relief.,, knowing the responses of the deponent were based upon his ine
-pt intellectual challenges and the fact he knew he was being bamboozled by
the court, by the corporation counsel whom was at  all times pulling the
strings.

THEY CAUSED 3 JUSTICES TO RECUSE THEMSELFS,2 judges and a magistrate. They
also caused another judge and magistrate to face public scrutiny based upon
the same frauds against the court. Not one of the defendants by law could
be dismissed in this case at all. Erie R. Co v Thompkins 304 U.S. 64 in
Federal Courts , except in matters governed by Federal CONSTITUTION OR BY
ACTS OF CONGRESS, LAW APPLIED IN ANY CASE IS THE LAW OF THE STATE,,,,,,,,,,
28 USCA 1652.

This has always been a false imprisonment matter which was being blocked in
the facilities from being delivered. Corporation Counsel has coordinate jur
-isdiction withthe district attorney and knew every aspect of the falsity.
 They delayed the case from 2014 to 2018on service processes alone, They de
-termined to defy court orders to turn over discovery of exculpatory tapes,
.and phone calls of which they sent the full manifest of the calls, showing
they had copy  FRE Rule 28 USCA 106  ideal, if a party introduces all or part
of a writing or recorded statement, an adverse party may require the introdu
-tion of any other part,,,,,,,,,,,,,,,,,,,,,,,,,,  or any other writing or
recorded statememt--that in fairness ought to be considered at the same t'

( 28 )

even declaring the retention for evidence was less than 30 days, when its
automatic , and when its also 5 years; FRCP 34, Frap 37  Richard vs
Dighman & Tanca 2021 wl 5702106.WDNY Dec. 07 2021(Y.O.O.L.)..the video and
phone calls must be produced ; Pina v ANNUCCI 200 ad3d 1270 ; Avalos v Ana
eeel 175 AD3d 1263 and the rule 56 dismissals declared a nullity  Yee v
City of Waterbury 342 F3d 31 FRCP rule 56(e) or an ADVERSE INFERANCE MUST
ISSUE AS A MATTER OF LAW AND DEFINATE SANCTION  for the frud upon the  said
judicial tribunal , the deponent and the other defendants... in per CPL.395
they must return those fees and costs with interest or face criminal prosec
-ution Amd the 1@5,.. 28 USCA 1927 ; FRCP 11; The courts intrinsic atthoritey
General Business Law 352-c Prohibited acts constituting misdemenor;Felony
1 a, b, and c,.. 18 USCA 1514, at.seq.. They haven't turned over this manda
-ted evidence by court order for over 4 years, since the case began with
Judge Allene R. Ross.. Gen Bus. Law 349,.28 USCA 1826, they have violated
every rule in the book.. There is a criminal liability of attorney for the
tampering with evidence 49 A.L.R. 5th 619. This is serious. They have put
their burden upon the judges, but the law of theft OF K  says a person of
faith does not bear the burden of another, [@] 84 A.L.R. 807 liability of
judge, court,,,,,,  administrative officer or other custodian of person
for whose release the writ is sought ,in connection with habeas corpus
proceedings.. That the 1983 can be converted to the habeas corpus, and the
case before this court is one of them.. Thus the 1st amendment rights of
the deponent has been throughly violated for the past 3½ years in the EDNY
and every other court in new york a right of which the deponant is entit-
led to enfier without injury ,physical or mental and emotional and he is
injured as false imprisonment is an injury and he was recently slashed like
he was a piece of meat,.Coneli v Lightner 143 F3d 1210 ; BONE V Chake 168 F
3d 775.

GARCIA V O XPEEV ,justice Schulsan NYLJ Feb. 10 2003(v.o.o.L.) pg. 23 col.
1 Sup ct. N.Y. Co.  The corporation has acted with fraud  collusion and of

( 29 )

corruption, and they threw JAMES Cho, the deponent et.al. under the train to be crushed while they receive unjust enrichment..This cannot stand as a matter of law. Kay v Bd of Higher Education 260 App.DIV. 9... Unfair acts are greater than the contempt the court charged the deponent with, of which the deponent was justified in his actions because he knew he was being swindled in a court of law. The point that spots him are that James CHO SHOULD HAVE CEASED AND CALLED A TIME OUT.. Eric Koehler should have done the same and both of them had a clear and concise duty to review the deponents whole record as these justices had already left the case and the case was C ( F T ..and it still is..

They cannot explain their fraudulent speech and receipt of unjust enrichment to boot 67 Geo.L.J. 1057 SYMBOLIC EXPRESSION AND THE ORIGINAL MEANING OF THE FIRST AMENDMENT. The court has a decision to make that will change the conditions of the courts in the years to come.The issues herein are of a serious nature that might even receive certiorari of the U.S. SUPREME COURT IF THE ISSUES ARE NOT ADDRESSED AS THEY ARE SUPPOSED TO IN THE IN-TEREST OF JUSTICE FOR US ALL. Its time to assess and assess the laws of our land and acquire some serious manifesto beyond that of the common friend or family member...THE VALUE OF OWNERSHIP IN LAW AND LITERATURE 60 FORDHAM L. REV. 545..

14 cv 4361 was filed for one reason only adopted to be the deponents case in Queens County and its obstacles thereof RCFC? Rule 40.2 185-2014..The deceptive practices and acts thereof caused a spiders web of U.S. STEEL & has created a clear ambiguity in the courts the deponent seeks to relief of the candid CPLR 3023 et.seq. and reinstate the witnesses and defendants that were illegally excluded F.R.E. 80LF 28 USCA 615? the district court in sue not been subjected to a great fraudPasslogix INC, v 2FA TECHNOLOGY LLC 2FA INC 700 F.F2d 273..and now we have to clean this up and not cover it..

( 50 )

This is the end result of discriminatory treatment against pro se litiga -nts in jails and prisons. We are no different then you are, we study, we read, we pray and most of all we have some moral sense. Just because a said neighbor is prejudice , doesn;t cause you to have the same inhibitions,The others problems are theirs because they like it like that. They cannot do anything to change because they do not want change, they are set in their ways and traditions and could call or care less of their own losses due to their own prejudices for whatever reasons. A COURT CANNOT BE PREJUDICED, IT CANNOT PREJUDGE OR ANTICIPATE it must determine the facts as a whole not just in part , and determine the issues at hand because that is why the courts there in the first pace and place of judicial reform and refine the dwellers of the federalism, stateism and the whole lot becomes a unit. A clear unit of bless. THE deponents case 186-2014 was dismissed in his due favor in 2014, he knew it , they knew it we all know it but no one is making one move to correct an error of which is being turned into a cluster f--- & embaRRASSMENT TO US ALL. RESTATEMENT (SECOND) OF TORTS sec. 659RESTATEMENT OF TORTS (SECOND) 660 , and restatement of torts 9second0 661 impossibility of bringing the accused to trial, indecisive termination of proceedings & MANNER OF TERMINATION all in a cluster..In order to know where we are going we have to know where we are and look at where we have been ..see S.61 39th CONGRESS March 13, 1866!!PLEASE.. as for the corporation counsel , they're in criminal contempt to say theleast " CRIMINAL CONTEMPT IS A CRIME IN THE ORDINARY SENSE; IT IS A VIOLATION OF THE LAW, A PUBLIC WRONG WHICH IS PUN- ISHABLE BY FINE OR IMPRISONMENT OR BOTH  Bloom v ILLINOIS 391 U.S. 194,201 a prima facie  case of mistake; misconduct; or omission has been clearly established. POSTMASTER General of U.S. V Trigg 39 U.S. 173..extreme pre- judice has been established, and we are wont to be fair and just as we are all supposed to be human beings. Not an elephant in a cage whom also wants her freedom.EDNY CIVIL RULE 83.6  Non human rights project v Breheny 2022wl 2122141 see dissent(s)..          ( 31 )

Fellow SERVANTS are those engaged in common pursuit, under control of the same master. Fellow servants who assume control of the same risk of each others negligence, may be defined as employees engaged in the same common pursuit, under the same general control, serving the same master, working under the same management, engaged in the same general business, and deriving authority and compensation from the same common source..SOUTHERN Ry Co. v Taylor 57 APP D.C. 21, however there is a difference in the judiciary of which are supposed to be independent & most certainly under the oath to protect and uphold the CONSTITUTION, support it, profess it and declare it at all times. The provisions of The Constitution , the Organic and Fundamental Law of The Land, stand upon a higher plane than statutes, and they will as a rule be held mandatory in prescribing the exact and exclusive methods of performing the acts permitted or required.. Sawyers v SIMMS 83 W.VA. 245..The due process of our loved constitutions make it improbable and impossible to defy logic, defy rule and most of all defy ourselves. This is a case of which peonage was , is and will be a thing of which men fear to address , the 13th amendment in both its clauses, and the laws that mandate its operation as decided by congress are no stringent or stronger then that of the 1st amendment. They work together to make a whole and when 1 falls they have to pick each other up because there are ends to the means and ways that they will never stand under the strain of bias and preju- dice and discrimination of ones skin the god he or she believes in and personal vendettas..see U.S.A. v Gaskin 50 F.S. 607 ,,, 63 S.CT. 1439 and 320 U.S. 527 Its 2022 (y.o.o.l.) and we have a long way to go; plagues & wars are so close; and we are so far apart. Will we unite in time to pro- tect each other ??

( 32 )

In every motion except the James CHO MOTIONS and in every printed published case in re 14 cv 4063 its been Wingate v City of New York; the trick they played on Magistrate James Cho was totally wrong & needs to be rectified .In fact the Corporation Counsel has been operating illegally all this time I've been in the system going back to 1987. see next argument:

> THE CONSTITUTION ,STATUTES , AND CASE LAW SAY
> THE DEFENDANT IS OR THE ACCUSED IN A CRIMINAL
> CASE ARE ENTITLED TO ASSISTANCE OF COUNSEL.IN
> NEW YORK IT SAYS TO DEFEND IN PERSON A N D WITH
> COUNSEL. THE U.S. CONSTITUTION SAYS THE ASSISTANCE
> OF COUNSEL OF WHICH HAS NO AND /OR CRITERIOR.There
> IS A CRITICAL STAGE ISSUE WHERE THE RIGHT TO COUNSEL
> DEFINATELE ATTACHES,BUT IT NEVER EVER ATTACHED TO ME.
> IN PRISON/JAIL CASES THE ACCUSED RECEIVES COUNSEL BUT
> WHILE INCARCERATED IF HE BECOMES VIOLATED AND HAS TO
> FILE A CLAIM FOR RECOVERY HE LOSES HIS ASSISTANCE OF
> COUNSEL BUT HE IS STILL THE ACCUSED AND THE VIOLATION
> OCCURED WHILE HE HAD REPRESENTATION; HOW DOES HE LOSE
> THE RIGHT TO ASSISTANCE OF COUNSEL WHEN HE IS STILL
> THE ACCUSED

This is a justiciable controversy 155 S.E.2d 618,,,621,Cite name,,,, omitted. The Courts have allowed corporation counsel to represent the party by their own statute they cannot represent. The discriminatory treatment is tantamount to obstruction; retaliation,,,,,,,, harrassment and a HATE CRIME Penal Law 485, 18 USCA 241 - 249 and its a serious act of conduct unbecomming an officer. That the said criminal and tort accusations alone prevented corporation counsel from representing any of the defendants , and themselves pro se. However what happened to the right of assistance of counsel for the originally accused. When did he lose his right to representation when the CIVIL RIGHTS LAW 79-C specifies that the convicted are to be treated the same as the free from being assaulted or a victim of a crime. This was filed as a detainee and thus the said deponent is definately entitled to the assistance of counsel.

( 33 )

Based upon the New York City Charter and the laws of the city of
new york, the courts been operating in tandem and reverse polarity
It appears the courts are victims of the BLACK CODES.Thus as the de
ponent declared in the first 4 pages  for jurisdiction and venue;
this case will schock the conscience.

AT THE VOIR DIRE THE COPIOUS CORPORATION COUNSEL CONTINUED TO OB-
JECT WHEN THE DEPONENT SPOKE OF THEIR IMPROPER REPRESENTATION OF
THE DEFENDANTS . The court stared to participate and that was where
we had differences. The law was always on my side and the court had
taken a posture without a study of the legal issue of representation
by corporation counsel in any case before it. Magistrate Judge James
Cho is not a full judge and I understand how he could make the issue
mistakenly, but he got too drastic with his issues and rulings and
falsified documents of dismissal..The interruptions or objections
were all superflourous, faulty and had no merit none of which would
be acceptable on appeal none were sustained ,none were overruled it
was just means of corporation and magistrate to interrupt the depon
-ent as a pro se litigant, but the deponent was 100 percent correct.
He notified the defendants that the corporation counsel was not in
the law to represent them in the courtroom and he was 100 % correct.
The objections they were making were fruitless andnone of them are
at issue, only my reaction to their superflourous objections of no
merit People v WILSON 181 AD2d 562: People v Fani 59 AD3d 460 no
matter what the type none were preserved , hearsay;leading;bolstering;
because incorrect objections do not preserve the record People v Qualls
55 NY2d 773 continuing  or standing People v Santarelli 49 NY2d 241 &
the dismissal of defendants illegally does not preclude them for any
testifying needed by the plaintiff or the defense  People v Arena 106
AD3d 1445: People v Hepburn 52 AD2d 385: People v Hanley 5 NY3d 108;to
preclude a witness is an exclusion of evidence cpl 290.10(3) rule cpl

art. 60 intoto          ( 34 )

The deponent was denied assistance of counsel when the case was said to be reeady for trial. In the early stages the court specified that if the case goes to trial a lawyer would attach. SO WHAT HAPPENED.?? The corporation counsel had 3 assistants in the court against only 1 pro se litigant Blake Wingate, and did everything illegal to prevent him from notice to the defendants, and to he court that the Magistrate and the corporation counsel could not situs in this case in their post -ures and he was 100 percent correct. Had a lawyer been present instead of a pro se litigant with a mental health history of depression, PTSD , Bi-Polar anxiety schizophrenia of which were known as they are in the claim and amended/addendum claim of this case, the outcome would attentively been different.  FIRST: The lawyer would have been able to leave the court in recess and personally see the DISTRICT EXECUTIVE OR Judge ERIC KOMITEE and address these legal issues and factual pre -cedents.  Blake WINGATE WAS ILLEGALLY INCARCERATED AND KNOWN TO BE AS SUCH FOR THE PAST 8½ years and noone whom are supposed to do any -thing about it are acting..Human trafficking is  a mandated action of all JUDGES. You cannot ignor courthouse kidnapping nor any other form thereof, AMERICAS MOST WANTED  was based upon the same principle but none of you are making phone calls, none of you are contacting a JUSTICE TASK FORCE, none of you are addressing the U.S. MARSHALL to go get Wingate , and we'll sort out the rest later. 27 AM Jur 2d emp loyment relationship 155 OBEDIENCE EMPLOYEE CONDUCT: The question is do you doyour job for show or for real??!!

Our system has beenplagued with discrimination for centuries. The JIM CROW era never left the system. You cannot eliminate prejudice and Bias discrimination and hatred overnight, but you cannot sleep on it as well. The law mandates a particularized need to review grand jury and other minutes and records,if this is not a particularized need of which in essence shocks the conscience then whatis???

( 36 )

Corporation Counsel are already under investigation flourid to the acts in retrieving and withholding information, and abuse of office by professors. The deponent is CAPTAIN QUALIMINQUIZ OF THE QUALIMIN -QUIZ GROUP, we have assisted over 280 cases make light. People v Marshall 71 MISC 3d 1216(A) was the last on book, Delaney v Selsky was one of the many to begin 899 F.S. 925 .Manifest injustices and misinformatio n are the cause for many injustices in our courts & the refusal to address the right to counsel or counsel assistance for prose litigants in our CDNY, and State Courts. The court of appeals 2nd circuit runs from this issue every year and can no longer do this. see PESTANA V CIVIL RIGHTS CORP #2022 wl 229082 2022 wl 1422852  2022 wl 2118191   2022 wl 3445729 and the deponent seeks that this court unseal each and every sealed , or / and the striken records in this case and read them, not because they are there, but because of their content.  Revelations 22:12  AND BEHOLD I COME QUICKLY: AND MY REWARD IS WITH ME,TO GIVE EVERY MAN ACCORDING AS HIS WORK SHALL BE..

The defendants didnot win this case, they have not yet obtained coun -sel, the court has been acting in manifest error upon this case and many others due to the deceit and deception of the corporation coun- sel , and lack of people that take the law seriously enough to stuff their pride and study their opponents, the laws of engagement and the rules of discrimination and indemnity..Governors executive order 177, 9 NYCRR 8.177 : Mayors executive order 16/4 executive law 296 and new york city charter8-107 et.seq...THE CORPORATION COUNSEL HAD TO PRODUCE PROOF OF ACCEPTANCE BY THE DEFENDANTS AGAINST THEIR OWN RULES TO BE REPRESENTED. Had the incident not occured in the court as an excuse to dismiss the case. Those defendants would have been roasted. BRIGGS V Lahey 91 NYS 516 101 AD 36((1904)) and they are by their own conduct in this court co-conspirators Wells v GONZALES 2020wl5628026 ; 28 usca 636 , rule 56 frcp  et.seq..

( 36 )

Priore v N.Y. YANKEES 307 ad2d 67, 1NY3d 504 see NYC CODE 8-107@11(b)
(4)(2) they created a fair chance issue for employment but it is not
an exemption for corporation counsel to waive indemnity. The discrimin
-ation mandates that indemnity is unavailable see Donahue ( supsupRA)
The court shall cause harm to no person in error or directly as an un-
just punishment Davidson v Ream 175 AD 760.

The right to assistance of counsel for civil and criminal cases are in
our NEW YORK STATE CONSTITUTION AND FETTERED IN THE U.S. CONSTITUTION,
This issue would have been avoided had there been enforcement of the
right to  assistance of counsel for pro se litigants whom seek assistance
in their constitutional right  to be heard unfettered without prejudice
and irregardless of theier mental diseases and defects, intellectual cha
llenges and kwirts.

The court refused to answer this question of corporation counsel being
able to represent the defendants for over 8 years.The law says theycan
not do this, only with a signed waiver of record, and they have no waiver
and none are filed in the court.

The right to access to the official courts maintains the right be fully
and completely without obstruction, but when we get to the court we run
'into tyranny, The main cause of the declaration of independence was the
same as here Tyranny. The pro se litigant are allowed to make argument,
but the court ignors their words. The pro se litigant are allowed to be
present in the court bnutressed and shunned as we speak. You don't hear
us or acknowledge us or quote us until we get upset. Then you want to go
word for word, but do not mention the cause for the action. or reaction.
I'm out of ribbon , so I am out of time With this I am clear the deponent
is entitled to a hearing and reinstatement #of the whole entire  civil
case and  reversal of the mandate  and  execution of the criminal case
as claimed  with bifurcation with immedlacy.

( 37 )

HOW SHOULD MENTAL HEALTH BE RELEVANT TO SENTENCING   88 MISS.L.J. 255

This court is the circuit court, and has a duty to cease the rhetorical
acts, and the determined errie facts that the 2nd circuit courts do not
prosecute for pro se litigants in criminal matters. It is such a farce.
A PERSON ON THE STREET OR IN THEIR HOUSE CAN CALL 911 or call  the pre-
ceint or call a lawyer and get an arrest and prose A person in jail or
prison cannot They are told that they are not allowed to prosecute a cri
-minal case sua sponte. The person on the street or in the house did not
receive that response, but the detainee and the prisoner does...EVEN WHEN
THEY ARE THE KIDNAP VICTIM.  False imprisonment and obstruction were the
premise of the whole claim criminal and civil, and this Court was privy
of some of the issues a long time in this matter but kept saying its not
a final decision  Comity is not a law its a common policy that needs to
be outlawed.  MONELL V Dept of Soc. Servs of N.Y.C. 436 U.S., 658

QUESTION OF LAW: If THE QUALIMEQUIZ GROUP ARE ABSOLUTELY CORRECT, WILL
THEY RECEIVE JUSTICE IN 14 cv 4063  or have to seek class action and
take it by force of puplic opinion.Look at it this way, Corporation Coun
-sel has operated in CONFLICT OF INTEREST with NEW YORK CITY FINANCES.They
are subject to indictment, or compensation in every case whether or not
they won the case or lost the case. This case SHOCKS THE CONSCIENCE.

WHEREFORE I Blake WINGATE PRAYS FOR THE RELIEF SOUGHT AND FOR SUCH OTHER
AND FURTHER RELIEF AS MAY BE DEEMED AS JUST PROPER AND EUITABLE IN THE
FURTHERANCE OF JUSTICE AND THE INTEGRITY OF THE COURT.

SWORN TO   AFFIRMED UNDER PENALTY OF PERJURY
ON THIS  03 DAY OF  December 2022 (YOOL)
_____
COMMISSIONER OF DEEDS / NOTARY PUBLIC

( 38 )

ALWAYS FAITHFUL

BLAKE WINGATE
FBIUCN935219IAO
15A3206
50753693



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**CHRISTOPHER G. ARKO**
*Senior Counsel*
phone: (212) 356-5044
fax: (212) 356-3509
email: carko@law.nyc.gov

April 12, 2022

**BY ECF**
Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Blake Wingate v. City of New York, et al.
        14-CV-4063 (EK)(JRC)

Your Honor:

I am a Senior Counsel at the New York City Law Department, counsel for defendants CO Burke, CO Feaster, CO Greene, CO Wallace, CO Hall, CO Stanton, CO Delapenha, Mr. Scully, and Ms. Johnson. I write to respectfully advise the Court that Ms. Katherine Weall, my co-counsel in this matter, has exhibited several symptoms of COVID listed on the Eastern District's questionnaire. She saw her doctor this morning for a PCR test, but will not have the results for two to three days. Her doctor has advised her to stay home through April 15, 2022.

Under the Eastern District of New York's COVID questionnaire, she will not be permitted to enter the Court House for the remainder of the week. As a result, defendants are requesting that the trial, set to begin tomorrow, be adjourned until a future date when Ms. Weall has recovered and can participate or another member of this office has sufficient time to prepare.

I remain available and able to come to Court tomorrow to discuss any remaining pre-trial and scheduling issues, should the Court so desire.

I thank the Court for its consideration herein.

Respectfully submitted,

/s/ *Christopher G. Arko*

Christopher G. Arko
Senior Counsel

V E R I F I C A T I O N

22 cv 1668
12-03-22

STATE OF NEW YORK
COUNTY OF S E N E C A

I Blake Wingate of the QUALIMINQUIZ GROUP hereby declare, depose,

and say unpon being duly affirmed / sworn in the state of new york

and the united states  T H A T  I have read and written the afore-

mentioned appeal to the second circuit and know the contents to be

100 % true and correct upon firsthand knowledge and experience as

a personal matter, and none of which ar That I was compelled to

make such application without copy of the full record , and pray

this court uses the full record and security footage of all video

from the voir dire proceedings starting from the 6th day of April

2022 in the year of our lord.

Always Faithful

_Blake Wingate_

Blake Wingate
5 Points c.f.

under penalty of perjury
in the united states by
God and my Country
28 USCA 1746, 18 USCA 1001
exodus 20:16 surah 83
Penal Law 210

U.S.  M A I L       A F F I D A V I T  O F  S E R V I C E

STATE OF NEW YORK
COUNTY OF    S E N E C A
                    Blake Wingate duly affirmed /sworn under
penalty of perjury on this 03rd day of December 2022 (Y.O.O.L.A)
HAS PLACED THE APPEAL TO THE @2nd circuit  in sealed envelope for
1st class postage from the 5 points c.f. 9 block  mailbox located
at P.O. BOX 119 romulus n.y. 145421 for posting to the following

CLERK OF THE COURT U.S. 2nd Circuit  40 FOLEY SQUARE N.Y.N.Y. 10007

CORPORATION COUNSEL 100 CHURCH STREET N.Y.N.Y. 10007

Always Faithful

_Blake Wingate_

Blake Wingate

under penalty of perjury
in the U.S. & N.Y.By God &
My Country 28 USCA 1746
exodus 20:16 ,surah 83
Penal Law 210..

(        39        )

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 22 - 1668pr

Motion for: direct appeal   without

voir dire transcripts

Caption [use short title]

BLAKE WINGATE
              CLAIMANT AT LAW

AGAINST

CITY OF NEW YORK ET.AL.
                    DEFENDANTS
PERSONALLY AND CAPACITY OF   OFFICE

Set forth below precise, complete statement of relief sought:

rewverse mandate reinstate case and

order defendants to order their   own

counsel   reinstate case to calendar

AND ASSIGN counsel for trial   AND

PRESENT DOCKET 395 for  fees costs

MOVING PARTY: BLAKE WINGATE              OPPOSING PARTY: CORPORATION COUNSEL ET.AL.

[BW] Plaintiff        [ ] Defendant

[BW] Appellant/Petitioner   [ ] Appellee/Respondent

MOVING ATTORNEY: BLAKE WINGATE          OPPOSING ATTORNEY: SYLVIA O HINDS -RADIX

[name of attorney, with firm, address, phone number and e-mail]

5 points c.f.                     CORPORATION COUNSEL

P.O. BOX 119   6600 STATE ROUTE 96    100 CHURCH STREET

ROMULUS NEW YORK   14541             NEW YORK NEW YORK   10007

Court- Judge/ Agency appealed from: Magistrate James cho and Judge Eric Komitee

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
[BW] Yes [ ] No (explain):_____

Opposing counsel's position on motion:
[ ] Unopposed [ ] Opposed [BW] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes [ ] No [BW] Don't Know

Is oral argument on motion requested? [BW] Yes [ ] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [ ] Yes [BW] No If yes, enter date:_____

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
INJUCTIONS PENDING APPEAL:
Has this request for relief been made below? [ ] Yes [ ] No
Has this relief been previously sought in this court? [ ] Yes [ ] No
Requested return date and explanation of emergency:_____
_____
_____
_____

Signature of Moving Attorney:

_____   Date: dec 18, 2022   Service by: [ ] CM/ECF [BW] Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

BLAKE WINGATE
        CLAIMANT AT LAW

    v.

CITY OF NEW YORK ET.AL.

PERSONALLY & CAPACITY OF OFFICE

**CERTIFICATE OF SERVICE***

Docket Number: _22 - 1668__

I, __BLAKE WINGATE__, hereby certify under penalty of perjury that
            (print name)

on __DECEMBER 18 , 2022__, I served a copy of __direct appeal without__
     (date)

__transcripts__, with affidavit of service and verification
            (list all documents)

by (select all applicable)**

___ Personal Delivery    _BW_ United States Mail    ___ Federal Express or other
                                                                     Overnight Courier

___ Commercial Carrier    ___ E-Mail (on consent)

on the following parties: clerk of the court  original and copy
U.S. 2nd Circuit  40 Foley Square   NEW YORK NEW YORK 10007

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| SYLVIA O'HINDS -RADIX | | | | |
| CORPORATION COUNSEL | 100 church street | New York | new York | 10007 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

__DECEMBER 18, 2022__
    Today's Date

_____
        Signature

Five Points Correction Fac. 14544
P.O. Bot 119
Requa State Route 96
Romulus New York
Bunke 14555
B0908
ISA 3003

USMS
SDNY

Clerk of the Court
United States
Court of Appeals
Second Circuit
3 Foley Square
New York
10007

Five Points Correctional
Facility

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

BLAKE WINGATE
      CLAIMANT AT LAW

      AGAYNST

CITY OF NEW YORK  et.al.
      DEFENDANTS

**CERTIFICATE OF SERVICE***

Docket Number: 22-1668pr

I, **Blake Wingate** , hereby certify under penalty of perjury that
       (print name)
on **December 19 2022** , I served a copy of **service certificate &**
    (date)
**MOTION INFORMATION SHEET FOR DEFECTIVE FILING # 31,33,34**
               (list all documents)

by (select all applicable)**

____ Personal Delivery     **BW** United States Mail     ____ Federal Express or other
                                              Overnight Courier

____ Commercial Carrier     ____ E-Mail (on consent)

on the following parties:

COURT OF APPEALS 2nd Circuit  40 FOLEY SQUARE  NY NY 10007

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| CORPORATION  COUNSEL | 100 church street | N.Y. | N.Y. | 10007 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

December 18, 2022
      Today's Date

                    Signature

Certificate of Service Form (Last Revised 12/2015)

Five Points Correctional
Facility

U.S. MAIL
SDNY

Five Points correction facility
PO Box 119
6600 State route 96
Romulus New York
Baker Wingate
FSA 3608

Clerk of the court
United States
court of appeals
Second circuit
40 Foley Square
New York New York
10007