**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

Docket Number(s): 22 cv 1668                                        Caption [use short title]

Motion for: addendum to direct appeal

JAKES R. CHO acting as MAGISTRATE AND    BLAKE WINGATE
U.S. ATTORNEY GENERAL IN CASE..

                                                                    VS

Set forth below precise, complete statement of relief sought:    THE CITY OF NEW YORK  ET.AL.

combine addendum with direct appeal

for relief of reverse mandate ]of

dismissal of case 14cv4063   and

such other and further relief deemed

just and proper. Corporation Counsel

in contempt ,failure to release transcripts        *Return Conformed Copy*

MOVING PARTY: BLAKE WINGATE                OPPOSING PARTY: CORPORATION COUNSEL

[XX] Plaintiff          [ ] Defendant
[XX] Appellant/Petitioner  [ ] Appellee/Respondent

MOVING ATTORNEY: BLAKE WINGATE            OPPOSING ATTORNEY: Asst. Corporation Counsel
            [name of attorney, with firm, address, phone number and e-mail]

BLAKE WINGATE                              SYLVIA )'HINDS- RADIX

FIVE POINT CORRECTION FACILITY            CORPORATION COUNSEL

POBOX 119    6600 state riute 96          100 CUUECH STREET
ROMULUS NEW YORK  14541                    NEW YORK, NEW YORK  10007
Court-Judge/Agency appealed from:

Please check appropriate boxes:                    FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
                                                   INJUNCTIONS PENDING APPEAL:
Has movant notified opposing counsel (required by Local Rule 27.1):    Has request for relief been made below?        [ ] Yes [ ] No
[XX] Yes [ ] No (explain):_____    Has this relief been previously sought in this Court?  [ ] Yes [ ] No
                                                   Requested return date and explanation of emergency:_____

Opposing counsel's position on motion:
[ ] Unopposed [ ] Opposed [X] Don't Know
Does opposing counsel intend to file a response?
[ ] Yes [ ] No [XX] Don't Know

Is oral argument on motion requested?  [X] Yes [ ] No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes [X] No  If yes, enter date:_____

Signature of Moving Attorney:
_____ Date: February 28      Service by: [ ] CM/ECF  [XX] Other [Attach proof of service]
                        2023(YOOL)

Form T-1080 (rev. 12-13)

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT OF NEW YORK

BLAKE WINGATE

Plaintiff-Appellant RECEIVED

23 MAR -7 AM 9:02

vs.

US. COURT OF APPEALS
SECOND CIRCUIT

CITY OF NEW YORK
CORPORATION COUNSEL
C.O. WALLACE No; 14135    R.N.D.C. MAILROOM
C.O. HALL No: 13815       R.N.D.C. MAILROOM
C.O. STANTON No: 12691    R.N.D.C. MAILROOM
C.O. DELPHENA  No: 9040 R.N.D.C. MAILROOM
WARDEN PERINO             R.N.D.C.
DEPUTY WARDEN JENNINGS     R.N.D.C.
WARDEN YOLANDA CANTY       G.R.V.C.
MR. SMITH                  G.R.V.C.
R.I.G.C.  CLERK
R.I.G.C.  SUPERVISOR
C.O. FEASTER No: 9824     A.M.K.C. MAILROOM
c.o. burke  No:          A.M.K.C. MAILROOM
DEPUTY MATTHEWS           G.R.V.C.
MS. PADMORE               R.N.D.C.  I.G.R.C.
O.B.C.C.  TELEPHONE MONITOR
C.O. CALDWELL
C.O. GREENE No: 15436     A.M.K.C. MAILROOM
D.O.C. JOHN AND JANE DOE
ALL PROGRAM CAPTAINS FOR A.M.K.C.    JOHN AND JANE DOE
ALL PROGRAM CAPTAINS FOR O.B.C.C.    JOHN AND JANE DOE
ALL PROGRAM CAPTAINS FOR G.R.V.C.    JOHN AND JANE DOE
ALL PROGRAM CAPTAINS FOR R.N.D.C.    JOHN AND JANE DOE
C.O. S. JENKINS No. 14954  R.N.D.C. LAW LIBRARY
O.B.C.C. MAIL CLERKS
THOMAS SCULLY DIRECTOR OF RIKERS ISLAND CENTRAL CASHIER
CIVILIAN MS. JOHNSON  A.M.K.C. MAILROOM CLERK
C.O. BURDICK No; 18861  R.N.D.C. LAW LIBRARY
C.O. BROWN  R.N.D.C. GYM?PROGRAMS ESCORT
ASSISTANT CHIEF OF DIVISION 3 CANTY
C.O. SMITH  A.M.K.C. MAILROOM
ZACHARY CARTER  CORPORATION COUNSEL
                 DEFENDANTS

A D D E N D U M

FEBRUARY 27, 2023

INDEX: 2022-1668

e.d.n.y. 2014cv4063

************************
*THIS ADDENDUM GOES TO
*THE DIRECT APPEAL OF
*WHICH WAS NOT RESPONDED
*TO, AND WAS FILED WHEN
*THE EXTENTION WAS ALSO
*REQUESTED BUT DENIED
*AND THEN STRICKEN FROM
*THE DOCKET ALTHOUGH
*CORPORATION COUNSEL ARE
*IN CONTEMPT FOR NEVER
*PRESENTING THE MINUTES
*AS ORDERED BY JUDGE
*ERIC KOMITEE ON THE
*6th DAY OF APRIL 2022
*IN THE YEAR OF OUR LORD
*         A N D
*THIS ADDENDUM ALSO GOES
*TO THE DISCIPLINARY
*FOR THE APPROPRIATE
*MAGISTRATE/U.S.ATTORNEY
*GENERAL ET.AL.
*SCHEDULED TO BE HEARD.
************************

ADDENDUM

02-22-90051-jm
02-22-90072-jm

---

                    14 cv 4063
Plaintiff    Blake Wingate          represented by       Blake Wingate
                                                         15A3206
                                                         5 Points C.F.
                                                         p.o. box 119
                                                         6600 state route 96
                                                         Romulus,New York
                                                         14541

Defendants  CITY OF NEW YORKER      Represented by       DAVID ALLEN COOPER
                                                         DOJ-USAO
                                                         U.S.ATTORNEY OFFICE
                                                         E.D.N.Y.
                                                         271-A CADMAN PLAZA
                                                         7th FLOOR
                                                         BROOKLYN,NEW YORK
                                                         11201

(1)

C.O. WALLACE  14135  rndc  Mailroom

C.O. HALL  13815  rndc  Mailroom

C.O. STANTON  12691  rndc  Mailroom

C.O. DELAPHENA 9040  rndc  Mailroom

WARDEN PARRINO  rndc

DEPUTY WARDEN JENNINGS  rndc

warden yolanda canty, also assistant
chief of division 3  GRVC

MR.  SMITH  GRVc

R.I.C.C. CLERK

R.I.C.C. SUPERVISOR

THOMAS SCULLY DIRECTOR  R.I.C.C.

C.O. FEASTER  9824  A.M.K.C. Mailroom

C.O. SMITH  AMKC  MAILROOM

C.O. BURKE  AMKC  MAILROOM

DEPUTY MATTHEWS  GRVC

MS. PADMORE  RNDC IGRC COORDINATOR

OBCC TELEPHONE MONITOR

C.O. CALDWELL  GRVC

C.O. GREENE  15436 amkc mailroom

CORPORATION COUNSEL

DEPARTMENT OF CORRECTION

JOHN AND JANE DOE ALL PROGRAM CAPTAINS FOR
obcc//grvc//rndc//amkc//

S. JENKINS  RNDC LAW LIBRARY

OBCC  MAILROOM CLERKS

CIVILIAN  MS. JOHNSON  AMKC MAILROOM CLERK

C.O. BURDICK  18861  RNDC LAW LIBRARY

C.O. BROWN  (ESCORT) RNDC GYM/PROGRAMS

*CIVILIAN PAUL HARGROW AMKC MAILROOM CLERK

INTERESTED PARTY  CORPORATION COUNSEL
BY DAVID ALLEN COOPER
DOJ-USAO
271-A CADMAN PLAZA EAST
7th floor
BROOKLYN,NEW YORK
     11201
718 254 - 6228

*/* = CHANGE OF ADDRESS
JOHN L. GARCIA
LaRocca Hornik Rosen & Greenberg LLP
40 WALL STREET  32nd fl
NEW YORK, NEW YORK  10005
347 - 930- 8965

*/* JOHN L. GARCIA
NEW YORK CITY LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

LaDONNA SHARDE SANDFORD
NEW YORK CITY LAW DEPARTMENT
SPECIAL FEDERAL LITIGATION Divisic
100 CHURCH STREET
NEW YORK, NEW YORK 10007

NICOLETTE PELLEGRINO
NEW YORK CITY LAW DEPARTMENT
SPECIAL FEDERAL LITIGATION
100 CHURCH STREET
NEW YORK, NEW YORK 10007.

BILAL HUSAIN HALDER
NEW  YORK CITY LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

***GENEVIVE NELSON
   UNREGISTERED (DEPOSITIONS)

***DANDALLON COOPER
   UNREGISTERED  APPEARANCE/MOTION

***TYLOR ABBOUD  ( S.F.L.)
   UNREGISTERED
***RACHAEL SELIGMAN WEISS
   SENIOR COUNSEL
   UNREGISTERED  APPEARANCE/ MOTION

SYLVIA O. HINDS - RADIX
GEORGIA PESTANA
       JOHNSON
PRESENT AND FORMER
CORPORATION COUNSEL(S)
100 CHURCH STREET
NEW YORK CITY LAW DEPARTMENT
NEW YORK, NEW YORK  10007

*********************************
      V O I R   D I R E
ELISSA B. JACOBS
CHRISTOPHER G. ARKO
DEBORAH E. WASSEL
****UNKNOWN SUPERVISOR MALE
NEW YORK CITY LAW DEPARTMENT.
100 CHURCH STREET
NEW YORK, NEW YORK  10007

JOSEPH AARON GUTTMANN
KATHERINE WEALL
NYC LAW DEPT SPECIAL FEDERAL LITIGAT
ION  100 CHURCH STREET NY,NY 10007

R E C U S E D    J U S T I C E S    1 4  cv  4 0 6 3

ALLYNE R. ROSS
U.S.E.D. COURT
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK
11201

ROSLYNN R. MAUSKOPF
U.S.E.D. COURT
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK
11201

R E C U S E D    M A G I S T R A T E    1 4  cv  4 0 6 3

LOIS  BLOOM
U.S.E.D. COURT
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK
11201

s i t t i n g    j u d g e    1 4 cv  4 0 6 3

ERIC  KOMITEE
U.S.E.D. COURT
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK
11201

CORRUPT   MAGISTRATE /  UNITED STATES ATTORNEY GENERAL OFFICE  14 cv 4063

JAMES R. CHO
U.S.E.D. COURT
225 CADMAN PLAZA EAST
BROOKLYN , NEW YORK
11201

JAMES R. CHO
U.S.E.D. ATTORNEY GENERAL OFFICE
DOJ   USAO
OFFICE CIVIL DIVISION
271 CADMAN PLAZA EAST
BROOKLYN , NEW YORK
11201

---

DOCKET No:  2022 - 1 6 6 8        DIRECT APPEAL

( NOTE ) ALL DEFENDANTS THE SAME        JAMISON DAVIES
ADDITIONAL LAWYERS LISTED               NYC LAW DEPARTMENT
ONLY:                                   APPEALS DIVISION
the plaintiff is the same:              Room 6- 178
                                        100 CHURCH STREET
NEWLY NAMED  DEFENDANTS:                NEW YORK, NEW YORK 10007

CIVILIAN PAUL HARGROW MAILROOM CLERK AMKC
            NOTE:   HE IS NOT IN ANY CAPTION FOR ( 8 ) YEARS!!!
                    ( 3 )

```
D I S C I P L I N A R Y      D I S C I B I L I T Y
0 2 - 2 2 - 9 0 0 5 1 - jm          14 cv 4063
0 2 - 2 2 - 9 0 0 7 2 - jm          21 cv 616
ALL ASSOCIATED TO  QUEENS  COUNTY  1 8 6 - 2 0 1 4
```

MAGISTRATE// U.S. ATTORNEY GENERAL ASSISTANT   JAMES R. CHO
E.D.N.Y.  COURT
225 CADMAN PLAZA EAST
BROOKLYN NEW YORK
     11201

U.S.E.D. OFFICE OF ATTORNEY GENERAL   DOJ-USAO
OFFICE CIVIL DIVISION
271 CADMAN PLAZA EAST
BROOKLYN, NEW YORK
     11201

UNITED STATES JUDGE   ANN M. DONNELLY
E.D.N.Y. COURT
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK
     11201

(( 4 ))

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT OF NEW YORK

---

BLAKE WINGATE

              CLAIMANT AT LAW

      AGAINST

THE CITY OF NEW YORK  ET.AL.

              DEFENDANTS

A D D E N D U M

DKT: 2022- 1668
EDNY: 14 - cv - 4063

---

STATE OF NEW YORK
COUNTY OF   S E N E C A

**N E W L Y   D I S C O V E R E D**
**E V I D E N C E**

BLAKE WINGATE DULY AFFIRMED/SWORN  UNDER PENALTY OF PERJURY IN THE UNITED

STATES AND THE STATE OF NEW YORK BY GOD AND MY COUNTRY 28 USCA 1746, 18 USCA

1001,  18 USCA 1621 - 1623 , PENAL LAW 210, EXODUS 20:16, 23:1-9, DEUTORONOMY

5:20 , SURAH 83 : do hereby declare affirm, depose, reiterate that this is a

APPEAL ADDENDUM AND ADDENDUM FOR THE DISCIPLINATY/DISABILITY in reference to

14 cv 4063 ,et.al. based upon the acts and actions of which officially did

occur  while a detainee in NEW YORK CITY DEPARTMENT OF CORRECTIONS, and that

such claim 14 cv 4063 was filed due to oppressive acts by members of the COBA

UNION et.al. while a detainee in numerous NYSDOC facilities and institutions.

That the location of the Court involved herein are as follows:

> UNITED STATES COURT OF APPEALS
> FOR THE SECOND CIRCUIT  NEW YORK
> 40 FOLEY SQUARE
> NEW YORK , NEW YORK
>    10007
>     A N D

> UNITED STATES COURT OF APPEALS
> FOR THE SECOND CIRCUIT  NEW YORK
> JUDICIAL COUNCIL REVIEW BOARD
> 40 FOLEY SQUARE
> NEW YORK, NEW YORK
>    10007

That such direct appeal was filed on time, however the CORPORATION COUNSEL,

are in direct **contempt** - for failing to adhere to the O R D E R  of Judge

ERIC KOMITEE determined on APRIL 06, 2022 to deliver the transcripts of each

VOIR DIRE PROCEEDING see dkt: 357.. thus causing the appeal to be deemed incomplete.. That the deponents request for the extention based upon the failure to have transcripts by the actions of ALICIA GUY was illegally STRICKEN from the record, and not printed in the record as a docket...

## NEWLY DISCOVERED
## EVIDENCE

Magistrate JAMES R. CHO is also an active U.S. ASSISTANT ATTORNEY GENERAL OF WHICH THE OFFICE OF THE U.S. Attorney General are parties to this case 14 cv 4063. Thus he could not situs at all even if he were conceded to, or consented to as his office are defending the defendants, and are a part of the defendants. see:

1. 2020 wl 4698780 (D.O.J.) sitting as U.S. A.G. VILLAGE OF ROCKVILLE CENTRE AGREES TO SETTLE FEDERAL COMPLAINT BY COMPLYING WITH CLEAN AIR ACT REQUIREMENTS August 13, 2020 (Y.O.O.L.)

2. 2021 wl 1251220 (D.O.J.) receives promotion to MAGISTRATE. April 05, 2021 (Y.O.O.L.)

3. 2021 wl 808422 (D.O.J.) sitting as U.S.A.G. OFFICE OF CIVIL DIVISION March 03, 2021 (Y.O.O.L.) PROVIDER OF FEDERALLY-FUNDED SERVICES TO UNDERPRIVILEGED NEW YORK CITY PUBLIC SCHOOL STUDENTS AGREES TO SETTLE CIVIL FRAUD ALLEGATIONS.

4. 2021 wl 2936117 (D.O.J.) Sitting as MAGISTRATE in UNITED STATES POSTAL WORKER ARRESTED FOR STEALING POSTAL MONEY ORDERS..Jalessa Wallace and WILLIE COOK vs

Thus JAMES R. CHO is enjoying (2) different jobs of which are interrelated and his cohort DAVID ALLEN - COOPER DOJ - USAO of which are deemed to be the first representative of the CITY DEFENDANTS et.al.see EXHIBIT 14cv4063 Docket Sheet..

That James R. Cho has represented other case matters as the U.S.A.G.Office assistant since he has been assigned to the deponents case This explains hhis complete failure to remedy the faults of the removed/recused Judges and magistrate in this case matter 14cv4063..

( 6 )

The law library at 5 points has been under investigation for lack of proper services. That the deponent could find no information on JAMES R. CHO for over a year. Then recently this past 2 weeks the law library officers were placed on suspension, and the LEXIS NEXIS came to board this caused an upgrade on all systems and the aforementioned information as well as the annexed information of JAMES R. CHO working as a E.D.N.Y. MAGISTRATE, AND AN E.D.N.Y.U.S.A.G. came to light.

The deponent forwards all of the information received in order to assure his clear rights to reinstate the case to the calendar.

To receive a **special master** to address the decisions of the Judges and Magistrates recused , and including the decisions , records,reports and reccommendations of James R. Cho and the proper investigation of the acts of James R. Cho in this matter et.al.

see: EXHIBIT: PETITION TO REMOVE LAW] LIBRARY STAFF of which are now on institutional  lock out.

JAMES R. CHO  chose to take a cruelly unfair advantage to situs as the **MAGISTRATE**  AND Also work as the U.S.A.G. and cause misinformation to act and create ambugity in the case 14 cv 4063. That as a member of the defen -se in office, he could not , nor can at anytime situs on this case and thus he was issuing a moot trial and a mock trial..W/O consent , none of his reports, recommendations, orders, decisions are valid and all of his stated issues are deemed to be **null and void.**

That such duality are a vagrant malpractice, manifest injustice and said obstruction of governmental administration of the judiciary see: Judiciary law _____

These acts mandate removal thereof, sanctions , adverse inferances ,assign special master, replace 14 cv 4063 to E.D.N.Y. Docket with instructions, and **PUBLIC CENSURE....**

( 7 )

Everything he mishandled in the matter 14cv4063 has been corrupted, and the <u>CORPORATION COUNSEL  and the defendants cannot receive benefit from corruption</u> : Fraud, Deceit and Deception , and if the 2nd circuit keeps covering for him , they too will be placed under public scrutiny...The 2nd circuit denied the transcripts of which were ordered by Judge ERIC KOMITEE to be delivered by the CORPORATION COUNSEL, an issue addressed in court, and in the original appeal and in the original disability and misconduct complaint.**NO LEGITIMATE PURPOSE. VELEZ V LEVY 401 fl3d 75..**

The  official misconduct of James  R. Cho  clearly established he has not the integrity to be a MAGISTRATE, NOR A U.S. ATTORNEY GENERAL. I think I will notify **PREET BHAHARA.!!!**

Magistrate / U.S.A.G. Assistant James R. Cho abused his discretion and his position as a public trust official to his own benefit, and must be prosecuted for his criminal actions...He committed sabotage, espionage, obstruction, to create an unlawful advantage for the defendants of by law are also associated as a municipality to the office of the a.g....

Janes R, Cho committed these acts intentionally, unlawfully , with malice and was forwarned to cease and desist such conduct before the **voir dire** and therein, and thereafter... see  DKTS:_____

and exhibit(s)_____

James R. Cho committed dishonorable acts on the Bench being personally involved in a matter of which he refused to recuse, refused to call for assistance , and refused to cease and desist such acts to the point that when he made his report he stated the deponent  <u>walked out of the court!</u>
**THE DEPONENT CAME AND LEFT COURT IN A WHEELCHAIR BEING ESCORTED AND PUSHED BY NYCDOC STAFF OFFICERS MYERS AND SMITH.!!**

That the intentional misconduct are a manifest injustice. There is not any mental diagnosis for  **TYRANNY!!!**

( 8 )

However, he may be suffering from a gross psysiological anonaly far more deeper than expected, and to learn of such are purely deemed to be sought by a mental evaluation of any purely emotional disorder other then hatred, racism, bias, discrimination and overzealousness and corruption..

To persist and assist such actions in a COURT OF LAW are a direct abuse and violation of the PUBLIC TRUST ACT OF 2014 et.seq...:and his attempts to meddle with the mind of the deponent during the proceedings were a harsh and manifest disdain to the judiciary..For all the care and fine intentions these actions were dishonorable to the OATH taken to the Country and the CONSTITUTIONS of the State and the UNITED STATES..They have caused and created ambiguity, and extinuating and devestating consequences for which he was notified as the law mandates 28 USCA 636, there shall be no adverse punishments for refusal to consent to a magistrate..

James R. Cho's report and recommendation are deemed a nullity, and the case must continue thereof..

I , Blake Wingate of the **QUALIMINQUIZ GROUP** APPROVE THIS MESSAGE AND PRAY FOR THE RELIEF SOUGHT AND FOR SUCH OTHER AND FURTHER RELIEF AS MAY BE DEEMED AS JUST AND PROPER AND EQUITABLE..

The failure of CORPORATION COUNSEL to respond to the direct appeal are a cause for thjis addendum to issue without any prejudicie in relation to the time it takes for them to respond, and due to their participation in the scheme to defraud and obstruct governmental administrtation, I do suggest they tread lightly , slightly and politely...

FEBRUARY 28, 2023(Y.O.O.L.)
ROMULUS, NEW YORK

SWORN/AFFIRMED BEFORE ME THIS 28
DAY OF FEBRUARY 2023 IN THE YEAR
OF OUR LORD

NOTARY PUBLIC
JONATHAN M. HALL
Notary Public, State of New York
No. 01HA6241732
Qualified in Monroe County
Commission Expires July 16, 2023

Always Faithful,

BLAKE WINGATE
FBIUCN935210IAO
15 A 3206
5075369J
5 POINT CORRECTION FACILITY
P.O. BOX 119
ROMULUS STATE NEW YORK 6
14541

(9)

# V E R I F I C A T I O N

STATE OF NEW YORTK
COUNTY OF  S E N E C A

A D D E N D U M                                February 28, 2023

   Blake Wingate duly sworn/AFFIRM UNDER PENALTY OF PERJURY IN THE

United States , and New York State  that he has read and written the

aforementioned and annexed , and he knows the contents thereof by

firsthand personal knowledge to be true and correct, except that of

which are determined to be based upoon information and belief and that

of which I believe to be true and correct.

                                        ALWAYS FAITHFUL

                                        _____
                                        BLAKE WINGATE
                                        15A3206
                                        5 POINTS C.F.
                                        P.O. BOX 119
                                        6600 STATE ROUTE 96
                                        ROMULUS, NEW YORK
                                             14541

SWORN TO BEFORE ME THIS 28 DAY OF

FEBRUARY 2023 IN THE YEAR OF OUR LORD

_____
   NOTARY   PUBLIC

          JONATHAN M. HALL
     Notary Public, State of New York
          No. 01HA6241732
        Qualified in Monroe County
     Commission Expires July 16, 2023

( 10 )

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT   NEW YORK

A D D E N D U M

BLAKE WINGATE                           ,

VS    CITY OF NEW YORK   ET.AL.

-against-

IN RE  MAGISTRATE //ATTORNEY GENERAL
JAMES R. CHO   and ANN M. DONNELLY
FOR REVIEW OF DISCIPLINARY  DECISION

Defendants/respondents.

-------------------------------------------x

AFFIRMATION OF SERVICE
BY U.S. MAIL.

TITLE 28 U.S.C. §1746
CPLR §105(u)

Index #   14 cv 4063

Civil #   22 cv 6618

D/M 02-22-90051-jm
    02-22-90072-jm

State of New York)
County of Seneca )SS.:
Town of Romulus  )

   I,  BLAKE WINGATE          , being sworn under the penalty of perjury

, pursuant to Title 28 U.S.C. §1746, CPLR §105(u), and Fed.R.Civ.P. 43(b), states

that on the 01 day of  MARCH          , 2023, that I mailed the below listed papers

to the below listed parties via the U.S. Mail for service upon them via the U.S.

Postal Service, or that said papers were placed in the inter-facility mail  for

mailing the same.

PAPERS WERE:  addendum to  appeal and disciplinary review 2nd cir.
           Documents you are serving

PARTIES WERE: (Name and address to whom sent).

1.) U.S. COURT OF APPEALS  2nd Cir
    clerk of the court
    40 FOLEY SQUARE
    NEW YORK , NEW YORK 10007
3.) corporation  counsel
    100 CHURCH STREET
    NEW YORK, NEW YORK  10007

2.) U.S. COURT OF APPEALS 2nd cir
    committee judicial conduct/disabil
    -ity  40 foley square
    clerk of the circuit
new york, new york  10007
4.)

Dated:  February 28,  , 20 23

SWORN/AFFIRMED BEFORE ME THIS
28 DAY OF FEBRUARY 2023 IN
THE YEAR OF OUR LORD

                    Address:
NOTARY PUBLIC
       JONATHAN M. HALL
Notary Public, State of New York
       No. 01HA6241732
   Qualified in Monroe County
Commission Expires July 16, 2023

Respectfully submitted

Signature

FIVE POINTS C.F.

P.O. BOX 119
ROMULUS ,NEW YORK 14541

(11)

# EXHIBIT

# 1

BLAKE WINGATE
15A3206
FIVE POINTS CORRECTION FACILITY
P.O. BOX 119
6600 STATE ROUTE 96
ROMULUS NEW YORK
14541                                          January 26, 2023

NEW YOTK STATE COMMISSION OF CORRECTIONS
GOVERNOR STATE OF NEW YORK
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SERVICES
NEW YORK STATE CIVIL SERVICE

LETTER OF ACCOMMODATION AND RECOMMENDATION

IN REFERENCE TO CORRECTION OFFICER JONATHAN HALL @ five points Corrections

BE IT KNOWN ,      The deponent Blake Wingate hereby presents such informational
to the STATE OF NEW YORK associated executives to issue investigation into
the recommendation and accommodation of Correction Officer Jonathan Hall @
5 Points Correction Facility to be the Steady Official Supervisor of their
Law Library located at 5 Points Correction Facility.

Correction Officer Hall does not participate in the dilatory misconduct in
the law library, he does not Smoke in Uniform  , He does not leave the post
while Law Library is in session and he is always in uniform. Before I con-
clude, we the undersigned agree on this objective alone , but theres more

James White © #22A0089                    C.O. Jonathan Hall hasn't
marcus Wilson #27A3001                    been participating with
mr. Christopher Banks (v.) 18A4784        burning law library call
Kevin Hause  Kevin HAUSE 22B2636          outs since hes been in the
Angus PAscall  OR  13A1235                Law Library as a Notary &
Stacy Derek,  22-B0929                    Officer in Charge in his
                                          CAPACITY OF OFFICE AND IN
Color of Law , Color of Office and as The acting Supervisor thereof.

The incarcerated individuals only have one priority and thats to go home to
our family. Everything else is secondary.

                              (  1  )

That the facts remain that  Correction Officer Jonathan Hall doesn't
obstruct  our  legal papers, doesn't leave the area without someone to
be in direct contact with the  working parties . That he doesn't open
the  EXIT DOOR 13-102B while we are in session, He doesn't smoke .in
uniform , he always has his Name Bags upon his outer most garment, and
he doesn't steal , lose  or disregard our  desperately needed legal work
while on post ; and that he is an honorable notary.. The deponent makes
this  letter of accommodation  and recommendation to THE N.Y.S.D.O.C.C.S.
and the COMMISSION OF CORRECTIONS, THE INSPECTOR GENERAL and Council 82
Law Enforcement Officers Union..

That Roy D. Babcock and Nicholas Sued  and Zachary  Nevidomsky   are the
three parties whom are the  subsisting members of the Law lIbrary whom
have serious  issues and disposition in relation to the completion of all
   duties  assigned and mandated as a cause thereof in accordance to the
   provisions of EMPLOYEE RULE MANUAL .

The law library are where  people  are seeking their freedom and liberty
as well as family matters of visitation, custody & care and support for
children et.al. They are also seeking redress of grievances, compensation
and jail time credits, settlements , tax payments and returns, DNA record
and reports,  Transcripts of their procedings, one fair hearing in any and
all of the above et.al. and yet  the aforementioned are as if there was a
field day of oppression.

No one staff member , nor group thereof shall consipry to harrass a party
on a daily basis without there being a medium of which there can be reached
a designated official that resolves the matter instead of enhances it.

_Em Fy_ 1787664 Erick Figueroa
_Abdul A_ 2285150 Obdul Anthony
_Terrion Lawrence_ 22B0484
Terrion Lawrence

( 2 )

What is shocking are that the three parties are all registered notary
Publics.see Executive Law  Article 6, sections 130 - 144 ,Public Officers
Law  sec. 8: Real Property Law sec. 299 : C.P.L.R. 2309 , County Law 903,
General Business Law sec. 460-d : N.Y.CT.RULES, PART 1240, App.A  Banking
Law  sec. 617 : Real Property Law sec. 301 ,County Clerk  sec. 534 of The
County Law..art. 12..The facts remain that a Notary Public M U S T  be of
extraordinary Good Character, not as grimy as the aforementioned (3) have
shown to be and are while in uniform and carrying the  authority as a not
-ary but the character of a SHYSTER.. Its already been addressed where
Roy D. Babcock was notoraizing unsigned papers, meaning he didn't even
take an oath where the papers in the law library are for court purposes,
its a serious matter to have unofficial official papers of which are defe
-ctive based upon their character or LACK THEREOF.. see : Schon v Ortner
21 Misc.2d 612...  Doanee v Glenn 88 U.S. 33

When  incarcerated individuals aree seeking blessings in fighting for the
freedom, liberty, justice , and pursuit of happiness , it's a great ob-
sticle to have someone whom has conduct unbecoming officer as the nemesis
of the Law Library, the head of  legal research classes of which are not
occuring, the  heads of  clerk  training, whom are not even checking the
motions, verifications, affidavits they are allowing to be placed in the
files of the  parties seeking judicial access to the courts.. SECOND CLASS
CITIES LAW sec. 138 and the fact remains that there has been amplified war
-nings , and they still don't get the message VICIOUS ACTS WITH PREJUDICE
Civil Service Law 75/.. 19 American Law Reports 6th 217: Nonsexual miscon-
duct or irregularity as Amounting to"CONDUCT UNBECOMING AN OFFICER" Justi-
fying Police Officer Demotion or Removal or Suspension from duty.

_Jenny Seales, 22B3800_

_Luis Cherry  14A4999_

_Elijah Bell  05A8438_

_#10B1431 Eduardo Trinidad_

_M. Trinidad 1082133 Mizrain Trinidad_

( 3 )

On the week of Feb. 06, 2023 after Babcock took his days off , there was
no access to the printer.NOTE: we only have one printer, we are supposed
to have 2 printers and 2 copy machines..The 2nd are backups. and this is
MINIMUM STANDARDS FOR LAW LIBRARIES. NYC,NY RULES, TITLE 40sec. 1-08 Ch.1.
This week the printer is back to normal when Babcock comes in. He takes
his days off and the printer is now again not copying westlaw next. A N D
theres no typewriter ribbons, Thus when the ribbon is used up from one
machine the clerk and the C.O. has to take a ribbon from another machine
This should be in the log book as well.

Only a sick person rigs the law library not[work]when he isn't there...
To make it appear he's needed on his days off. He's needed to stay away
from the law library , because he is intentionally blocking access to the
Courts..

The worst part are that there are 5 defective typewriters since 2020 and
he still hasn't replaced them. They have been grieved over 6 times and he
keeps saying they are on order..They are not on order.He also stated that
he placed the deponent on the next session for the legal reseaech class as
there were no legal research classes for over 4 years. When the deponent
grieved for that determination in writing, the superintendent said I was
not on the list. When we grieved to place the central air in the law libr-
ary based upon the fact its a computor room, Babcock refused. However when
the deponent came here in 2020 November, he had to write to NYSDOCCS to get
the broken son machines reconnected as there were only 6 working. When the
mechanic came , there were so many that needed repair and replacement they
had to close the module.. MEANWHILE IN REFERENCE TO THE CENTRAL AIR Babcock
opens the fire door so he can smoke, and he opens the fire door when its too
hot in the law library. However this is a central air facility , so put the
air on and protect the materials and the people because the law library is

( 4 )

OFFICIALLY A COMPUTER ROOM... The temperature must be below 65 degrees at all times. But there's  Copy machine, printer, 26 SONS, 13 Typewriters of which 5 are inoperable..He gives us back damaged wheels to type when we give him the wheels. Instead of throwing them away he places them in the plastic and saye sthem . Thus the next officer gives out the bad wheel as its in a closed case in the draw of the C.O.

There are several closets of supplies. He and his partners aforementioned refuse to issue supplies to the indigent of which is mandatory in accord to the minimum standards. He knows whom are indigent because he calls the said cashier to confirm financial disbursements and advance disbursements.

Why deny the central air, and then open the * FIRE DOOR *  without order or communication with the security office everytime he smokes a cigarette and everytime its extremely hot in the law library!

With 13 type writers,-5  =8, 2 machines for copy and print -10, 26 SONS = 36 and the word processor if its still operable add this heat of the modems and electronic components with the temperature of the room and then add the body heat of the people  1 desk officer, 5 clerks 10-12  constituents and thats a heat count of  26 + 10+ 8 + 2 + 1 +  10 people  each sitting at 98 degrees. Thats a lot of heat in such a small room.

His excuse are that they have circular fans. These are desk fans attached to the wall, some are broken and only face one way..However a fan is an air circulator. Not an air conditioner ..Thus fans do not change or alter the heat or cold in the room, they onlycirculate it.. ITS NOT THE SAME.

The law library is an educational environment just like school, Pre-GED, GED, College, E.S.L. vocational...ALL OF THESE AREAS ARE SUPPOSSED TO BE AIR CONDI-TIONED , as the excessive heat causes V I O L E N C E ...

Om  April 13 2023(Y.O.O.L.) in the 4th module Babcocks clerk  09A5065 W.D.  stated the WEST LAW was not copying, On the 14th of April 2023(Y.O.O.L.) the clerks all stated as well as the officer that WEST LAW was copying. Its not

( 5 )

09A5065

Roy D. Babcock but his trained puppy __William Davis__ is obstructing the access to the courts on people that have special access, and those that have modules during the day and cannot come to no other module. His complaint is he's also working on his case. Well , clerks are supposed to work ontheir cases on their time. Put in for law library and work on their cases on the off work modules... Sabatage...Ineffective Assistance of Prison Law Clerk is serious when we have no one else to address the machines... Look at the Law Library material form, Sued was so slick he didn't put a date on the pg. When Babcock and Sued both took special access papers , orders of the said Court and the actual special access requests and didn't return them they caused the deponent to lose his case,lose the time to prepare the motion and writ and falsified information in the grievances filed in reference thereto. Just like the type writer grievances of which he stated they're on order. Its been 2 years and no new type writers came in, No back up machines ( COPIER AND PRINTER ) and thats also minimum standards...

With no back up machines, the law library are supposed to use the grievan -ce copier, but theres no other printer in the building..A N D they never use the grievance copy machine when (its down)..

THE WORST PART, are they are blamwing the deponent for their burning of callouts, for the special access being reduced toonly (1) module per day instead of 3 modules, a n d , as far as the COVID-19 restriction, all of the prison is back to standard. The school and the messhall are back to the norm. At one time we only sat on line at messhall, now we sit two sides in the messhall, but babcock makes only they same 10 people + 2 as his regular. However they tell the population that its WINGATES FAULT.. Even as close as last week, and we know the deponent forwarded an art. 75 for him to produce all of the callout requests for 6 months and he couldn't do it...

If I get assaulted again anywhere, its on these two and DSP Caroline Lynn Hill. Shes called triple nipple because she is alien to the work ethic of the THE LAW LIBRARY. She actually changed minimum standards without any

( 6 )

Legislative authority nor Court decree..Consent Decree, Court order or mandate.. and especially no variences..

Based upon the fact they are using the COVID-19 reduced callout procedure, they are letting less people use access to the courts in the first place. Verily, they **CANNOT REDUCE THE HOURS AND MODULES**. The 3rd module is only giving 45 minutes or less at the law library from 3:45 to 4:45. but that module is from 3:45 to 6:45 and thus there's no legal reason to shut down the law library.. Even school feeds the school students at the school.We could get our feeding thereto or place them at the unit, but to drop the time to practice law for our cases to 45 minutes or less is no time at all.. 2 Hours is the mandated time as per session as per the minimum standards by law and fact.. N.Y.C.N.Y.,RULES,TITLE 40 sec. 1-08//-09

Special Access simmons v Adamy 2011 wl 839739: Rodgers v Gumbus 2021 wl 216 (1): Van Gorder v Workman 2006wl3375075: Morrow v CUOMO 2021 wl 6424633

Barnes v ALVES 2009wl3190454 and then some.. WILLIAMS V LEEKE584 F2d@ 1340

Look at the annexed5 Points Law Books and material request issued on the 18th day of January 2023(Y.O.O.L.) This is Nicolas Sueds hand, and he delivered the papers without the special access request as issued to him. In grievance he denied it, however here is proof that while in general population, not on keep lock, p.c., I.P.C. or pending and definately not in SHU or the hospital.He delivered my legal papers on the same date of which I was in the law library that morning in the 1st module..W H Y did he have to send it to me instead of give it to me while we were in session ??? Its east , he wasn't on his post and ran out of time... I signed for these papers on camera 105 and mic 105 in 9 block @ 17 cell during the legal mail and papers run on the 18th day of January 2023(Y.O.O.L.) so check the record, check the grievances and check the camera..

( 7 )

The 45 minute period could be split to accomadate the population as there are more than 600 people in custody at 5 Points. Bldg. 8, 9, 10, alone are equal to 600 or more people..and thus law library during lock down periods are mandated to accomadate thereof see: N.Y.C.N.Y..,RULES TITLE 40,sec. 1-08 @ e(3)(f)(i) and open for at least 3 hours between 6 and 10 p.m. @ e(3)(f)(iii) : and special access mandates extra time each day see e(3)(f)(4), Legal Research Classes shall be on a quarterly basis see: e(3)(f) (7).. A N D there must be spanish and english speaking clerks at all times see: e(3)(f)(8) and each law library shall be staffed with adequate number of permanent assigned correction officers knowledgeable of law library proce-dures e(3)(g) 2&3 legal supplies , and staff at e(3)(g)(2) and under no circumstances may a persons legal materials be confiscated without a law-ful warrant .

Thus Roy D. Babcock, Nicholas Sued were without warrants to confiscate the deponents legal papers on the 18th of January 2023(Y.O.O.L.) and schread on the 15th day of January 2023(Y.O.O.L.) in which Babcock says he returned papers on 1/16/23 of which never ever occured. Check his payroll and see if he came to work.. AS HE SCHREADED THE papers saying they were not needed but they were mine , not his.. The receipt of documents and the receipt of incomplete documents means that the deponent did not tedeive his papers as mandated. Had Sued been on post this would not have occured. He is all ways sitting at the rec, desk talking sports instead of sitting in the law library assisting those that need notary, special access, supplies of which we cannot receive until he decides to make his entrance for 5 minutes and disappear... Plus we have to sign for papers before we account for them as the procedure thereof.. The deponent had filed a second request due to the loss of the first , the delay and the refusal to process. HOWEVER , the DSP contacted Correcion Officer Hill and notified him that she had already pro-cessed the request, but BABCOCK HAD SCHREADED IT...She made such remark on the 19th of JAN. 2023(Y.O.O.L.) 1st module..

( 8 )

Law library, requests for services, sign in sheets,supplies et.al. are not the personal property of C.O. Babcock and Sued, nor Nevidomsky these said issues belong to the full facility and especially the indigent. Take a look in the supply closet and its full to the rim, but check the supply request sheets and you'll see its no need to be that full if they not going to dis -tribute them as needed..More or less order enough ribbons, typewriters & other materials in order to keep the facility running properly.

The mere fact that legal research classes have not issued but once in the last 4 years are a direct approach to the disdain they have for compliance to their job description.. Employee Rule Manual officers m u s t know the specific job details of which they hold position and do that job effective -ly , effiiciently and without diversion..

Blake Wingate has at least 12 N.Y.C. Legal Research Certificates by NYCDOC he has a grade average of 96.4 from NEW YORK PARALEGAL SCHOOL, and he is a registered jailhouse lawyer, see. <u>Wingate v N.Y.C. 2014wl3747641</u> <u>U.S.E.D.N.Y. COURT July 25 2014 yool</u> he is also a registered Law Library Clerk <u>Perez v Ercole 2010wl5475649 * Note 7. (H-7.3) 12-30-10 yool</u> !!! He seeks his STATE LEGAL RESEARCH CERTIFICATE and keeps getting blocked by retaliation, obstruction, vindictiveness, fraudulent conveyances and bias , discrimination and harrassment because he has to file grievances to be heard..correction law 138 and 137 respectively.

The fact that there are over 20 grievances in reference to the destruction of callouts from other prisoners speaks massive volumes.. Based upon the clear established fact the deponent also graduated from LATINOS UNIDOS COMPADRE HELPER in class of 1991 @ EASTERN CORRECTION FACILITY, he has the mandate to issue request for specified MENTAL EVALUATIONS OF THE SAID AFO- REMENTIONED PARTIES when they are acting disaccording to the mind set of a person with integrity, fidelity, care , and control of their own selves.. The violation of the CORRECTION MISSION STATEMENT, GOALS, and POLICY are essentially a warning of suicidal and destructive behavior..

( 9 )

W H E R E F O R E , the deponent applies this missive under the guidelines of  Donavan v Keeshan 91 AD 602( 1904 ), Seabrook v Johnson 660 NYS2d 311 Governor Executive Order 177 , Mayor Executive Order 16/4(b) ,9NYCRR 8.177 , and the NEW YORK STATE EMPLOYEE RULE MANUAL for the relief sought herein to please , please , please reassign the aforementioned and issue through perspective advance knowledge of the issues herein and prevent and quash any further  manifest injustice and dilatory arbitrary and capricious acts herein and eliminate the  said problem before it esculates into a violent act. Corr. 119,114-a, 116 , 138 , 137, et.seq...That we the undersigned do affirm the aforementioned 9 pages of simplistic exercise of the right to grieve and petition the acts and actions aforementioned and pray for the proper administrative relief sought herein and for such other and further relief as  may be deemed as just, proper and equitable , and prevent high abuse of expenditures  under correction law 126 and for such other and or further relief as deemed as just and proper for the said assignment of

*

Always Faithful,

Blake Wingate
FBIUCN935219IAO
15A3206   5075369J
5 POINTS C.F.
P.O. BOX 119
6600 State Route 96
Romulus,New York
    14541

SWORN/AFFIRMED BEFORE ME THIS 15 DAY OF  Feb  2023 IN THE YEAR OF OUR LORD

NOTARY  PUBLIC

ROY D BABCOCK
Notary Public, State of New York
Reg. No. 01BA6403665
Qualified In Seneca County
Commission Expires 02/03/2024

(10)

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO. FPT-1718-22 | HEARING DATE 2/1/2023 |
|---|---|---|
| | GRIEVANT NAME Wingate, B | DIN 15A3206 |
| INCARCERATED GRIEVANCE PROGRAM | FACILITY Five Points | HOUSING UNIT 9-A1-17B |
| **IGRC HEARING RESPONSE** | HELD IN ABSENTIA YES ☐ NO ☑ If yes, why | |

**Response of IGRC:**

Grievant states receive special access. Per CO, B. I/I has received Special Access to complete their court deadlines, on 12/19/22 for 2 different cases ALL SPECIAL ACCESS is approved or denied on a case by case basis. Once received by the Law Library Officer it is sent to the DSP/ADSP for approval. These are granted the same or next day excluding weekends or unless approval is requested by Central Offices. **Grievance Denied.**

The dates tell you exactly how long it took to get the special access plus its supposed to be delivered to me and to the law library . The law library is getting a copy of my contract and making m,e wait a day later to enforce the dsp order.. My contract is to be enforced immediately : see: see. NYCRR Tit.40 sec. 1.08, 1.01. Employee Rule Manual 2.2, 2.1 dir 2002 violations based upon past grievances Corr. Law 138

The DSP has no contract with me, but I do not get the copy in the mail like the law library and I lose days because of it That still does not explain why he schreaded the special access request, you did not answer the grievance.

Chairperson: _____ IGRC Members: _SGT EDWARDS_

Date Returned to Grievant: **FEB 1 0 2023**

**Appeal**

If you wish to appeal, please check the appropriate box below and return within 7 calendar days to the IGRC office at the facility where the grievance was filed.*

☒ I disagree with the IGRC response and wish to appeal to the Superintendent.

☐ I have reviewed the Deadlocked response. Refer to Superintendent.

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I appeal to the IGP Supervisor for review of dismissal.

Grievant Signature: _____ Date: Feb. 15, 2023

*An exception to the time limit may be requested under Directive #4040, 701.6 (g)

_____

**To be completed by Grievance Clerk**

Grivant Clerk signature:_____ Date Received: _____

Date Fowarded to Superintendent For Action: _____

FORM 2131 (Reverse) (12/21)

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO. FPT-01356-22 | | DATE FILED 10/26/22 |
|---|---|---|---|
| | FACILITY Five Points | | POLICY DESIGNATION I |
| INCARCERATED GRIEVANCE PROGRAM **SUPERINTENDENT RESPONSE** | TITLE OF GRIEVANCE Process Special Access | | CASE CODE 40.0 |
| | SUPERINTENDENT'S SIGNATURE | | DATE 1/30/23 |
| GRIEVANT Wingate, B. | | DIN 15A3206 | HOUSING UNIT 09-A1-17B |

      Grievant is advised that all complaints in this grievance have been investigated. The Grievant states at the time of this filing, their Special Access Requests were taking too long. They filed the requests on 10/22/22 and on 10/25/22 they had not yet been processed.

      Per the investigation, CO B. states they turned in the two Special Access Requests that were received from the Grievant. The requests were approved and the Grievant was given their copies of the requests on 10/27/22. The Grievant is not being denied Law Library services. I do not find sufficient evidence to prove malfeasance by staff.

Appeal is Denied.



COMPLETED
FEB 0 8 2023

---

**APPEAL STATEMENT**

If you wish to appeal the above decision of the Superintendent, please sign below, and return this copy to the IGRC at the facility where the grievance was filed. You have seven (7) calendar days from receipt of this notice to file your appeal. * Please provide a reason why you are appealing this decision to CORC.

Identify the special access requests you are speaking about because it

was four involved and you are missing and mixing them up. So let me Also

Know if you're right then why has it taken you 4 months to respond. The
special access and your answer took to damn long I lost the case so go
get a lawyer.    Feb. 15, 2023

| GRIEVANT'S SIGNATURE | DATE |
|---|---|

| GRIEVANCE CLERK'S SIGNATURE | DATE |
|---|---|

you people have refused time and time  again to forward a conformed
copy of these grievances as mandated weith the codes on them ..do it 1
re time An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (12/21)

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO. FPT-0095-23 | HEARING DATE 2/1/2023 |
|---|---|---|
| | GRIEVANT NAME Wingate, B | DIN 15A3206 |
| | FACILITY Five Points | HOUSING UNIT 9-A1-17B |
| **INCARCERATED GRIEVANCE PROGRAM** | HELD IN ABSENTIA | |
| **IGRC HEARING RESPONSE** | YES ☐  NO ☑  If yes, why | |

**Response of IGRC:**

Grievant states receive special access. Per CO, B. I CO, B. have never "Shredded" ant Special Access request from I/I. On 1/16/23 I turned I/I's request into DSP for approval/disapproval. This was a holiday therefore the DSP didn't receive it until Tuesday(1/17/23) and it started mod 3 on 1/18/23-1/24/23. Whenever the Law Library gets a request foe Special Access it goes to the DSP and once the Law Library gets it back we make a copy for the I/I and we keep one for our records. I/I is not being denied Law Library Services. This Special Access from I/I on 1/16/23 was for copies only everything else was already done. We were just waiting for approval for the copies from Counsel's office. I/I's copies were done on 1/15/23 and were sent to Inmate Accounts to be mailed out on 1/17/23 in which they already had I/I's manila envelopes to be mailed out. **Grievance Denied.**

```
The special access was for time and copies. Babcock schreaded the wrong
special access of which was granted . Then sued took copy of it and
pulled it outr of my copies to resubmit. BABCOCK  has no authority to
schread any contract. They are to be filed in his cabinet as proof for
services and investigation., So lets file an art. 75 and producxe the
papers he schreaded. Being that  he claims he never schreaded them in
the first place , he'll have no problem produceing them.
```

Chairperson: ⟨signature⟩                    IGRC Members: SGT EDWARDS

```
This is another code 49 and I never
received the conformed copy, so I
suggest you find them and send them
because  you are next
```
Date Returned to Grievant: **FEB 1 0 2023**

**Appeal**

If you wish to appeal  please check the appropriate box below and return within 7 calendar days to the IGRC office at the facility where the grievance was filed.*

XXX ☐ I disagree with the IGRC response and wish to appeal to the Superintendent.

☐ I have reviewed the Deadlocked response. Refer to Superintendent.

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I appeal to the IGP Supervisor for review of dismissal.

Grievant Signature: ⟨signature⟩         Date: Feb. 15 , 2023

*An exception to the time limit may be requested under Directive #4040, 701.6 (g)

**To be completed by Grievance Clerk**

Grivant Clerk signature:_____    Date Received: _____

Date Fovarded to Superintendent For Action: _____

FORM 2131 (Reverse) (12/21)

**VERIFICATION**

February 15, 2023

State of New York )
County of Seneca )ss.:

I, Blake Wingate      , being duly sworn, deposes and says that:
I am the petitioner in the above captioned matter, proceeding
pro-se. I have read the foregoing petition/motion, and know the
contents, and the contents are true of my own knowledge except as
to those matters that are stated upon information and belief, and
as to those matters, I believe the contents to be true.

Respectfully Submitted,

*[signature]*

Petitioner/Defendant Pro-se
Five Points Corr. Facility
State Route 96, P.O. Box 119
Romulus, New York 14541-0119
 Blake Wingate
15A3206
5075369J
FBIUCN935219IAO

Sworn to before me this

15 day of Feb    , 20 23

*[signature]*

NOTARY PUBLIC

ROY D BABCOCK
Notary Public, State of New York
Reg. No. 01BA6403665
Qualified in Seneca County
Commission Expires 02/03/2024

## AFFIDAVIT OF SERVICE

February 15, 2023

State of New York )
County of Seneca )ss.:

I, _____BLAKEe WINGATE_____, being duly sworn deposes and says:

1. That on 02/ 2𝐼/ 23 , I did in fact place the designated copies of the following papers in the Mailbox at Five Points Corr. Fac.

    a. PETITION

    b. EXHIBITS

    c. AFFIDAVIT OF SERVICE

2. Said papers were addressed to the following parties:

**Original and Duplicate(s)**

OFFICE OF COURT ADMINISTRATION

@25 BEAVER STREET  SHERRILL SPATZ

NEW YORK, NEW YORK 10005
special inspector general
INSPECTOR GENERAL NYS. EMPIRE STATE PLAZA
16th floor  Albany N.Y.  12223
**Copy**
seneca county courthouse
SENECA COUNTY DISTRICT ATTORNEY
44 W. WilliamsStreet
 Mark sinkiewicz
 waterloo n.y.  13165

NYSDOCCS Anthony annucci
civil service commission
Human Rights Commission
 albany D.A.
 David Soares
 6 Lodge Street
 Albany NY  12207

 albany supreme
 16 eagle street
**Copy**
 room 102
 albany ny 12207
 GOVERNOR Kathleen HOchul

 EXECUTIVE CHAMBERS

 ALBANY NEW YORK 12224

Very Truly Yours,

Five Points Corr. Fac.
State Route 96, P.O. Box 119
Romulus, New York 14541

Sworn to before me this

15 day of Feb , 2023

NOTARY PUBLIC

ROY D BABCOCK
Notary Public, State of New York
Reg. No. 01BA6403665
Qualified in Seneca County
Commission Expires 02/03/2024



# STATE OF NEW YORK
## DIVISION OF CRIMINAL JUSTICE SERVICES
### 4 TOWER PLACE
### ALBANY, NEW YORK 12203- 3764

**TO:**  Record Review Requestor

**FROM:** Supervisor, Administration Unit - Identification
    and Criminal History Bureaus

**SUBJECT:** Review of Personal Criminal History Record

---

  Enclosed is a copy of your criminal history record as maintained by the New York State Division of Criminal Justice Services (DCJS). You will observe that it does not contain any personal identifying information which could be used to link the record to you in the event that it falls out of your possession.

  If you wish to challenge the accuracy or completeness of any information contained in your record, please complete the enclosed **Record Review and Statement of Challenge** form, and return it to the attention of the Supervisor, Administration Unit at the above address.

  Challenges to case disposition information, or its absence, must be supported by the submission to DCJS of a certified disposition document from the court of adjudication. The document must be an original containing the embossed seal of the court and the signature of either the presiding judge or court clerk.

  Challenges to arrest charges should be directed to the law enforcement agency that reported the charges to DCJS. We cannot modify arrest charges unless written authorization to do so is received from the reporting agency.

  If your record is corrected or completed as a result of a successful challenge, you will receive a corrected copy of your criminal history record from DCJS

GB/kmc

# INMATE CHALLENGE FORM

State of New York
**Division of Criminal Justice Services**
Record Review and Challenge Unit
4 Tower Place
Albany, New York 12203-3764
(518) 485-7675

| INMATE NAME (Last, First, Middle) | NYSID Number | |
|---|---|---|
| INMATE Number | DATE OF BIRTH | SEX |
| FACILITY NAME AND ADDRESS | | |

The statement is to certify that the Crimnal History Record of the above-named individual as contained in the files of DCJS was reviewed by him/her on_____ and that the following challenge was made by him/her as to the completeness or accuracy of the data therein.

**RECORD CURRENTLY READS:**

Date of Arrest_____

Arrest Charge(s)_____

Disposition_____

**RECORD SHOULD READ:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

INMATE SIGNATURE_____

If additional data is to be challenged, please use the reverse side of this form.

FP041 (08/11)

**STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**
**FIVE POINTS CORRECTIONAL FACILITY**
## LAW BOOKS / MATERIAL REQUEST FORM

### For SHU / IPC / PC / Hospital & Keeplocks

Block: _____ 9 _____          Company: __ A1 __   Cell: __ 170 __

Inmate Name: __ Wingate __          Date: _____

Inmate Number: __ 15A3206 __

**Book(s) Requested:**

(1) __ Legal Documents __

X _____
(Inmate Signature and Date Received in Good Condition)

(2) _____

X _____
(Inmate Signature and Date Received in Good Condition)

**Alternate Request:**

(1) _____

X _____
(Inmate Signature and Date Received in Good Condition)

---

**I REQUEST:**

☐ -Copies: (APPROVED) pink copy of disbursement or advance form must accompany copy request and be given to the "Legal Mail" Officer on rounds.

☐ -Notary          ☐ - Weekly Supply Allocation

---

**PLEASE TAKE NOTICE** that the following items are currently unavailable because:

☐ Materials requested are signed out to another party.

☐ Materials requested are not owned by Five Points Law Library.

☐ Please utilize law books / material request form (Form FP041).

☐ Request is unclear / not specific enough to locate materials.

☐ You are listed to receive supplies (Saturday).

☐ Resubmit on a future date.

☐ Items requested will be sent to you as soon as they are returned to the Law Library.

☐ Other: _____

**THIS FORM MUST BE USED FOR ALL REQUESTS.**

1/18/23

# EXHIBIT



2021 WL 2936117 (D.O.J.)

Department of Justice (D.O.J.)

United States Attorney's Office

Eastern District of New York

**(NEWS RELEASE)**

UNITED STATES POSTAL WORKER ARRESTED FOR STEALING POSTAL MONEY ORDERS

July 13, 2021

**Defendant Allegedly Possessed Blank Postal Money Orders Worth Over $3
Million, Stolen Unemployment Benefits Cards and Over $42,000 in Cash**

A criminal complaint was unsealed today in federal court in Brooklyn charging United States Postal Service (USPS) worker Jaleesa Wallace with stealing blank postal money orders and unemployment benefits cards. Wallace was arrested this morning and her initial appearance is scheduled for this afternoon before United States Magistrate Judge James R. Cho. On July 9, 2021, Willie Cook, an alleged co-conspirator, was arrested for stealing USPS money orders in connection with the scheme. Cook was released on a $25,000 bond.

Jacquelyn M. Kasulis, Acting United States Attorney for the Eastern District of New York, Matthew Modafferi, Special Agent-in-Charge, USPS, Office of the Inspector General (USPS-OIG), and Dermot F. Shea, Commissioner, New York City Police Department (NYPD), announced the charges.

"As alleged, the defendant, a trusted public servant, pilfered thousands of postal money orders from the Postal Service and had in her possession Department of Labor unemployment benefit cards, giving her and her co-conspirator access to more than $3 million in cash," stated Acting United States Attorney Kasulis. "This Office will vigorously prosecute government employees who exploit their positions for personal gain and abuse the public trust." Ms. Kasulis expressed her gratitude to the investigators of the U.S. Postal Inspection Service, the USPS-OIG and NYPD for their outstanding work on the case.

"The Special Agents of the U.S. Postal Service Office of Inspector General help to maintain the integrity of the Postal Service and its personnel. When a Postal Service employee breaks the trust of the American public and participates in schemes to defraud the government, our Agents will work tirelessly to help bring those responsible to justice. We'd like to thank the U.S. Postal Inspection Service, New York Police Department, and the U.S. Attorney's office for our strong relationships and their dedication to supporting our mission," stated USPS-OIG Special Agent-in-Charge Modafferi.

As set forth in court filings, in February 2021, 10,000 blank postal money orders were reported missing from the Utica Avenue Post Office in Brooklyn. The postal money orders can be deposited with a financial institution for up to $1,000 each. On July 9, 2021, agents executed search warrants and recovered over 3,000 of the stolen postal money orders from Wallace's residence and approximately 300 from Cook's residence. At least $1.4 million worth of the stolen postal money orders had been cashed. Agents also recovered prepaid Department of Labor unemployment benefit cards and over $42,000 in cash from both apartments. Additionally, Wallace was in possession of approximately 42 pieces of mail from the Department of Labor that were not in her name. Cook posted photos of stolen postal money orders on the social media app Telegram with the caption "let's eat," referring to getting paid for the postal money orders. Cook is not a USPS employee.

The charges in the complaints are allegations, and the defendants are presumed innocent unless and until proven guilty. The investigation is ongoing.

2021 WL 808422 (D.O.J.)

Department of Justice (D.O.J.)

United States Attorney's Office

Eastern District of New York

**(NEWS RELEASE)**

PROVIDER OF FEDERALLY-FUNDED TUTORING SERVICES TO UNDERPRIVILEGED NEW
YORK CITY PUBLIC SCHOOL STUDENTS AGREES TO SETTLE CIVIL FRAUD ALLEGATIONS

March 3, 2021

**Innovative Educational Programs, LLC to Pay $1.185 Million to Resolve Claims Under the False Claims Act**

Innovative Educational Programs, LLC (Innovative), an educational services provider, has agreed to pay the United States $1,185,000 to resolve civil allegations that it fraudulently billed the United States for tutoring services for underprivileged New York City students that it never actually provided.

Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, and Terry Harris, Special Agent-in-Charge, U.S. Department of Education, Office of Inspector General, Eastern Regional Office (DOE-OIG), announced the settlement.

"This settlement should put providers of educational services on notice that this Office will aggressively protect federal programs meant to help disadvantaged students and will hold accountable those who exploit and manipulate such programs," stated Acting United States Attorney DuCharme.

"The Office of Inspector General has a unique and special law enforcement mission - to protect public education funds for eligible students. Today's settlement is a result of the hard work and effort of OIG special agents and staff," stated DOE-OIG Special Agent-in-Charge Harris. "I'm proud of their efforts, as well as those of our law enforcement partners and the U.S. Attorney's Office whose actions today corroborates the importance of maintaining the integrity of Federal education programs and the taxpayer funds that support them."

The settlement resolves allegations that, between 2009 and 2012, Innovative, a New Jersey limited liability corporation, fraudulently obtained federal funds for purportedly providing after-school tutoring services to underprivileged students attending underperforming New York City public schools. The New York City Department of Education paid Innovative $72.80 per hour for each student that Innovative tutored. This money consisted entirely of funds made available to New York State by the United States under the Elementary and Secondary Education Act of 1965, as amended by the No Child Left Behind Act of 2001. As a condition for receiving payment for its tutoring services, Innovative was required to certify that its attendance records were true and accurate. The government's investigation revealed that Innovative billed the government for allegedly providing after-school tutoring services to students on days when the students were, in reality, absent from school.

The allegations were brought to the government's attention through the filing of a complaint pursuant to the qui tam provisions of the False Claims Act (the Act). Under the Act, private citizens can bring suit on behalf of the United States and share in any recovery. The Act also permits the government to intervene in such actions, as the government has done in this case.

The claims resolved by the settlement are allegations only and there has been no finding of liability by a court. Innovative has expressly denied these allegations and any liability under the Act.

2021 WL 1251220 (D.O.J.)

Department of Justice (D.O.J.)

United States Attorney's Office

Eastern District of New York

**(NEWS RELEASE)**

ACTING U.S. ATTORNEY ANNOUNCES APPOINTMENT OF FORMER ASSISTANT U.S. ATTORNEY
JAMES R. CHO TO SERVE AS MAGISTRATE JUDGE IN BROOKLYN FEDERAL COURT

April 5, 2021

**Mr. Cho to be the First Korean American to Serve on the Eastern District of New York Bench**

Mark J. Lesko, Acting United States Attorney for the Eastern District of New York, today announced that former Assistant U.S. Attorney (AUSA) James R. Cho has been appointed to serve as a United States Magistrate Judge. He will sit in federal court in Brooklyn. Mr. Cho was sworn in today by United States Chief District Court Judge Margo K. Brodie.

"I am proud that James Cho has been selected to serve as a Magistrate Judge for the Eastern District of New York. James was an excellent AUSA who handled some of our Office's most difficult and complex cases. I am confident that as a federal judge, James will continue to serve the people of our district with integrity and a keen sense of fairness."

Mr. Cho served in the Office's Civil Division for more than 12 years and, most recently, served as the Office's Chief of Immigration Litigation and Chief of Bankruptcy Litigation. Mr. Cho is a seasoned trial lawyer who litigated numerous complex affirmative and defensive matters.

Mr. Cho also previously served as the Civil Division's training coordinator, where he was responsible for AUSA training, and on the Office's hiring and diversity and inclusion committees.

As an AUSA, Mr. Cho represented the United States and its agencies and employees in some of the Office's most challenging cases. He brought affirmative civil enforcement lawsuits on behalf of the United States resulting in significant recoveries arising from fraud against the government or environmental violations. He defended lawsuits challenging government actions, and employment, constitutional and tort claims against the federal government and its employees. Mr. Cho also argued routinely before the Second Circuit Court of Appeals.

Mr. Cho previously taught a course in government civil litigation as an adjunct professor at Brooklyn Law School and New York University Law School. Mr. Cho also previously served as president of the Korean American Lawyers Association of Greater New York and the Asian American Bar Association of New York.

Before joining the Office, Mr. Cho worked in private practice. He graduated from the University of Minnesota Law School cum laude, and from the University of Michigan with high honors.

Mr. Cho will be the first Korean American to serve on the EDNY bench.

Contact: John Marzulli
United States Attorney's Office
(718) 254-6323

2021 WL 1251220 (D.O.J.)

2020 WL 4698780 (D.O.J.)

Department of Justice (D.O.J.)

United States Attorney's Office

Eastern District of New York

**(NEWS RELEASE)**

VILLAGE OF ROCKVILLE CENTRE AGREES TO SETTLE FEDERAL
COMPLAINT BY COMPLYING WITH CLEAN AIR ACT REQUIREMENTS

August 13, 2020

**Under the Consent Judgment, Rockville Centre Will Reduce
Particulate Matter and Nitrogen Oxide Emissions from its Power Plant**

Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, and Peter D. Lopez, Regional Administrator of the United States Environmental Protection Agency, Region 2 (EPA), announced today that the United States filed suit under the Clean Air Act (CAA) against the Village of Rockville Centre ("the Village") to address its failure to comply with federally-enforceable emissions limits for particulate matter (PM) and nitrogen oxide (NOx). The Village operates a 33 megawatt municipal power plant (the "Power Plant") that provides electric power to its residents, in part, using diesel engines. The Village operates the Power Plant primarily during the summer to meet high electricity demands.

The parties also agreed to enter into a Consent Judgment that requires the Village to retire high-emission engines, and to institute operational practices and technologies to reduce further the PM and NOx emissions of the Power Plant. The settlement also requires the Village to pay a civil penalty of $110,000 and perform other injunctive relief that will bring its Power Plant into compliance with the CAA.

The lawsuit and Consent Judgment were filed in the United States District Court for the Eastern District of New York, in Central Islip, New York. Following a 30-day public comment period, the United States will review any comments and, if appropriate, request the District Court to enter and approve the Consent Judgment.

"The United States brought this action to ensure that the Village of Rockville Centre meets its obligation to protect our air quality by instituting stronger emission control practices at its power plant," stated Acting United States Attorney DuCharme. "The settlement enforces specific and appropriate emission limits that are critical to mitigating human exposure to particulate matter, which is potentially harmful to our health. This Office will vigorously enforce the Clean Air Act against parties who illegally emit air pollutants and compromise the safety of our community."

"Emission limits on particulate matter and nitrogen oxides exist to help reduce conditions that lead to the formation of dangerous soot and smog. Studies show that in excess, both of these pollutants are linked to a range of respiratory ailments and premature death," stated EPA Regional Administrator Lopez. "EPA is committed to resolve violations of the Clean Air Act. By fully implementing the actions in the agreement, the Village can protect people that live, work and visit this community."

The CAA was passed by Congress in 1970 to protect public health and the environment through the regulation of air emissions from both stationary and mobile sources. The law requires the EPA to establish national ambient air quality standards and imposes limits on air pollutant emissions.

Since at least 2009, the Power Plant has exceeded PM and NOx limits under the CAA. As a result of the United States' enforcement efforts preceding this settlement, the Power Plant's exceedances of PM ceased in December 2018, by which time

# EXHIBIT





**ZACHARY W. CARTER**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DAVID COOPER**
*Assistant Corporation Counsel*
phone: (212) 356-3535
fax: (212) 356-3509
email: dcooper@law.nyc.gov

August 28, 2014

U.S.A.O.

VIA ECF
The Honorable Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Wingate v. City of New York, et al.</u>, No. 14 CV 4063 (ARR) (LB)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the above-referenced matter on behalf of an interested party, the Office of the Corporation Counsel of the City of New York ("Corporation Counsel" or, alternatively, "this Office"). I write to respectfully: (1) notify the Court that plaintiff is eligible for revocation of his *in forma pauperis* status and dismissal of his complaint because he has three strikes on his record; and (2) request that the Court order plaintiff to replead his complaint in order to comply with Fed. R. Civ. P. 8(a)(2).

**I.       Background**

By way of background, plaintiff filed a complaint in this matter on June 30, 2014. (<u>See</u> Dkt. No. 1.) The complaint consists of a combination of pages of illegible handwriting, typewritten pages, and exhibits. The allegations are unclear – in part because the typewritten portions contain too much information to sort through and the handwritten portions are illegible – but it appears that plaintiff accuses correction officers of tampering with his legal mail. (<u>See</u> generally Compl.) On July 25, 2014, the Court granted plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (<u>See</u> Dkt. No. 7.)

**II.    The Court may revoke plaintiff's *in forma pauperis* status in light of the three strikes he has on his record.**

This Office respectfully submits that the Court has the authority to revoke plaintiff's *in forma pauperis* status because plaintiff has run afoul of 28 U.S.C. § 1915(g), commonly known as the "three strikes provision." The three strikes provision forbids prisoners from:

> bring[ing] a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915(g). Claims dismissed on the ground of prosecutorial immunity are frivolous for the purposes of § 1915. See Collazo v. Pagano, 656 F.3d 131 (2d Cir. 2011). So too are claims dismissed on the ground of judicial immunity. See Mills v. Fischer, 645 F.3d 176 (2d Cir. 2011). In cases where the Court learns of plaintiff's prior disqualifying lawsuits after an initial grant of *in forma pauperis* status, it is appropriate to revoke *in forma pauperis* status and dismiss the complaint. See Polanco v. Hopkins, 510 F.3d 152, 155 (2d Cir. 2007); McFadden v. Parpan, 16 F. Supp. 2d 246, 247-28 (E.D.N.Y. 1998).

On September 13, 2003, plaintiff joined in a "habeas petition" in Crosby v. Walsh, No. 03 CV 4897 (ARR), while incarcerated at Rikers Island. In that habeas petition, the petitioners alleged *inter alia* that they were denied access to the courts because they were: (1) allotted insufficient time in the prison law library; (2) given only old typewriters to use; (3) afforded scarce Notary Public services; and (4) limited in the typing and copy paper they could use. (See ECF No. 1.) In an unpublished opinion, the Honorable Allyne R. Ross construed this habeas petition as a § 1983 complaint, held that "petitioners fail to state a claim under § 1983," and dismissed the petition in its entirety. (See ECF No. 11, at 7.)

Several years later, on December 26, 2010, plaintiff filed a complaint in Wingate v. Grasso, No. 11 CV 357 (ARR) (LB) while incarcerated at Rikers Island. He alleged *inter alia* that: (1) several judges "pass these . . . cases back and forth to each other instead of dismissing them"; (2) the assistant district attorneys ("ADAs") involved in the cases "have no legal authority to pursue the charges"; and (3) that his defense attorneys in the criminal matters were ineffective. (See ECF Nos. 1, 5.) The Honorable Allyne R. Ross dismissed the complaint here in its entirety as well, and held that: (1) the named judges were entitled to judicial immunity; (2) the named ADAs were entitled to prosecutorial immunity; and (3) the defense attorneys were not state actors under § 1983 and plaintiff pled no circumstances that would support a claim against them. (See ECF No. 5.)

Within a few days, on December 29, 2010, plaintiff filed another complaint in Wingate v. Deas, No. 11 CV 1000 (ARR) (LB) while incarcerated at Rikers Island. There, he alleged *inter alia* that he was falsely arrested under three separate indictment numbers for possession and sale of narcotics because "Mayor Bloomberg has pushed for Quality of life arrests and for quota arrests to such a degree that it has caused the police to make false reports to



cover for their arrests." (<u>See</u> ECF Nos. 1, 22.) The three indictments were consolidated and plaintiff pled guilty to the consolidated charges on February 3, 2011. (<u>See</u> ECF No. 22.) The Honorable Allyne R. Ross dismissed this complaint in its entirety too, noting that plaintiff could not recover on his false arrest claims because he pled guilty to the consolidated charges. (<u>See</u> ECF No. 22.)

       Plaintiff now has three separate civil actions which were dismissed in their entirety because the complaints either contained frivolous claims or failed to state a claim at all. This Office respectfully submits that each of these cases qualifies as a strike under 28 U.S.C. § 1915(g). Accordingly, it is appropriate that the Court *sua sponte* revoke plaintiff's *in forma pauperis* status and dismiss the complaint in this matter.

### III.    Should plaintiff seek to proceed with this action after his *in forma pauperis* status is revoked, he must replead his complaint to comply with Fed. R. Civ. P. 8.

       A prisoner who has had his *in forma pauperis* status revoked must pay the filing fee in order to bring a new action. <u>See</u> <u>Jones v. Midleton</u>, No. 12 Civ. 2087 (NSR), 2013 U.S. Dist. LEXIS 188242, at *19 (S.D.N.Y. Dec. 23, 2012)[1] ("[A] prisoner who is barred cannot, while a prisoner, bring an action IFP but can pay the filing fee to bring a new action."). Should plaintiff elect to file a new action, he must replead it in a manner consistent with Rule 8. Rule 8(a)(2) requires that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). To accomplish this, "each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e)(1). Although the allegations of a *pro se* plaintiff are to be liberally construed, even a *pro se* complaint will be dismissed if it violates Rule 8. <u>See</u> <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42-43 (2d Cir. 1988) (affirming the dismissal of a civil rights complaint covering fifteen single-spaced pages, and held that a pleading with a "surfeit of detail" violates Rule 8). A complaint that is illegible fails to comport with Rule 8. <u>See</u> <u>Meyers v. Kolodny</u>, No. 11 CV 2756 (CBA) (LB), 2011 U.S. Dist. LEXIS 63682, at *3-4 (E.D.N.Y. June 16, 2011). Here, the complaint is largely illegible or incomprehensible, thus making it more difficult to respond to it, and potentially preventing the Court from evaluating its merits as well. As such, this Office respectfully submits that, in the event his *in forma pauperis* status is revoked, plaintiff must file a new complaint that comports with Rule 8 after paying the filing fee.

---

[1] Pursuant to Local Civil Rule 7.2, printed copies of all electronically published decisions cited herein are annexed to the copy of this memorandum that has been forwarded to plaintiff.

3

Thank you for your consideration in this regard.

Respectfully submitted,

DAVID COOPER
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    VIA FIRST CLASS MAIL
Blake Wingate # 441-14-00658
Anna M. Kross Center
18-18 Hazen St.
East Elmhurst, NY 11370

4

NO MATTER WHAT , THIS EXHIBIT IS MOST IMPORTANT BECAUSE THIS COURT
THE SECOND CIRCUIT AND THE EASTERN DISTRICT COURT HAVE STRICKEN THE
DEPONENTS REQUEST FOR TRANSCRIPTS   KNOWING THE CORPORATION COUNSEL
was   O R D E R E D   TO ISSUE ALL TRANSCRIPTS FOR ALL PROCEEDINGS OF
THE VOIR DIRE AND NONE HAVE BEEN ISSUED: EXCEPT WHAT WAS TAKEN ON
THE 18th day of April 2022 in the year of our lord   docket 357  OF
IXXXXXXXXX  14 cv 4063

THESE TRANSCRIPTS FROM THE 6th DAY OF April 2022 YEAR OF OUR LORD ARE
IMPORTANT , BUT THE SECURITY FOOTAGE OF THE 6th will REVEAL A L I C I A
G U Y  OFF THE RECORD AT THE END OF SESSION SAYING I CANNOT GET  A N Y
TRANSCRIPTS FOR THE TRIAL.. THE WHLE COURT WAS CROOKED...

# EXHIBIT



NO MATTER WHAT , THIS EXHIBIT IS MOST IMPORTANT BECAUSE THIS COURT
THE SECOND CIRCUIT AND THE EASTERN DISTRICT COURT HAVE STRICKEN THE
DEPONENTS REQUEST FOR TRANSCRIPTS   KNOWING THE CORPORATION COUNSEL
was   O R D E R E D   TO ISSUE ALL TRANSCRIPTS FOR ALL PROCEEDINGS OF
THE VOIR DIRE AND NONE HAVE BEEN ISSUED: EXCEPT WHAT WAS TAKEN ON
THE 18th day of April 2022 in the year of our lord    docket 357   OF
XXXXXXXXXX   14 cv 4063
THESE TRANSCRIPTS FROM THE 6th DAY OF April 2022 YEAR OF OUR LORD ARE
IMPORTANT , BUT THE SECURITY FOOTAGE OF THE 6th will REVEAL A L I C I A
G U Y  OFF THE RECORD AT THE END OF SESSION SAYING I CANNOT GET   A N Y
TRANSCRIPTS FOR THE TRIAL.. THE WHLE COURT WAS CROOKED...

# EXHIBIT



# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

BLAKE WINGATE
APPELLANT
v.

CITY OF NEW YORK
ET.AL.

### CERTIFICATE OF SERVICE*

Docket Number: 22 cv 1668

A D D E N D U M

23 MAR -7 AM 9: 02 RECEIVED SECOND CIRCUIT

_____BLAKE    WINGATE_____, hereby certify under penalty of perjury that
(print name)

on ___MARCH 01, 2023___, I served a copy of ADDENDUM TO  APPEAL
(date)    MOTION INFORMATION STATEMENT
AFFIDAVIT, VERIFICATION, AFFIDAVIT OF SERVICE , EXHIBITS
(list all documents)

by (select all applicable)**

___ Personal Delivery        BW_ United States Mail        ___ Federal Express or other
                                                               Overnight Courier

___ Commercial Carrier        ___ E-Mail (on consent)

on the following parties:

| U.S.2nd Cir Court | 40 foley square | N.Y.N.Y. | | 10007 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Corporation COunsel | 100 church street | N.Y.N.Y. | | 10007 |
| Name | Address | City | State | Zip Code |
| 2nd cir clerk | 40 FOLEY SQUARE | N.Y.N.Y. | | 10007 |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or
proceeding.  The Court will reject papers for filing if a certificate of service is not simultaneously
filed.

**If different methods of service have been used on different parties, please complete a separate
certificate of service for each party.

___FEB 28, 2023___
Today's Date

_____
Signature

Certificate of Service Form (Last Revised 12/2015)

Blake Wofate
15A3290
5 Points Correctional Facility
PO Box 119
6600 State Route 96
Romulus, New York
14541

Five Points Correctional Facility

Roch. NY P&DC 146 ZIP
THU 02 MAR 2023 AM

Five Points

neopost
03/02/2023
US POSTAGE

USM SDNY

Ms. Catherine O'Hagan Wolfe
Clerk of The Court
United States 2nd Circuit
of New York
40 Foley Square
New York, New York
10007