**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): 22-1668 / 14 cv 4668/ 153-2014          Caption [use short title]

Motion for: INTERVENTION OF THE SCOTUS

AS OF RIGHT ROSS V MOFFITT,

DOUGLASS V P.of st. of CAL, and

Halbert v Michigan

Set forth below precise, complete statement of relief sought:

2nd circuit court and EDNY COURT ARE

USING EXTREME BIAS AGAINST THE SAID

PLAINTIFF EFFECTING ACCESS TO THE COURTS

ASSIGNMENT OF COUNSEL, DISCLOSURE, AND

FUNDAMENTAL FAIRNESS. WITH PREJUDICE

AND CRIMINAL INTENT  & FRCP 10(b)(4) & FRCP 10,11,LR 11.1 ...

BLAKE WINGATE
AND OTHERS SIMILARLY SITUATED

vs

CITY OF NEW YORK et.al.
personally and capacity of office

MOVING PARTY: BLAKE WINGATE          OPPOSING PARTY: JAMES E. CHO

[ ] Plaintiff    [ ] Defendant
[ ] Appellant/Petitioner    [ ] Appellee/Respondent
X    XX

MOVING ATTORNEY: Blake Wingate _____   OPPOSING ATTORNEY: _____
[name of attorney, with firm, address, phone number and e-mail]   CORPORATION COUNSEL
SYLVIA O'Bidze-Radix
BLAKE WINGATE THE QUALIFORMANCE FRAUD     CORPORATION COUNSEL
P.O. BOX 119   6300 ST. RTE. 96           100 CHURCH STREET
ROMULUS , NEW YORK  14541                 NEW YORK, NEW YORK  10007

Court-Judge/Agency appealed from: 2nd circuit , and eastern district spf new york

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[ ] Yes [ ] No (explain): _____

Opposing counsel's position on motion:
[ ] Unopposed [ ] Opposed [ ] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes [ ] No [ ] Don't Know
                    X

Is oral argument on motion requested? [ ] Yes [ ] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [ ] Yes [ ] No If yes, enter date: _____

Signature of Moving Attorney:
_Blake Wingate_   Date: 04-23-33

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?          [ ] Yes [ ] No
Has this relief been previously sought in this Court?  [ ] Yes [ ] No
Requested return date and explanation of emergency:   deponent
has been prevented from perfecting his
appeal w/ extreme prejudice by the EDNY
& 2nd Circuit  in a tag team effort.This
act has caused excessive judicial waste
of economic finances, and are deemed as
fraud on the judiciary and unjust enrich-
ment

Service by: [ ] CM/ECF    [ ] Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES   COURT OF APPEALS
SECOND CIRCUIT   OF NEW YORK

B L A K E   W I N G A T E
AND OTHERS SIMILARLY SITUATED
     Appealant /CLAIMANT AT LAW

     AGAINST

CITY OF NEW YORK  et.al.
personally and capacity of office
CRIMINAL AND CIVIL COMPLAINT
     Appellees /DEFENDANTS

APRIL 03, 2023

DOCKET No. 22-1668

OBJECTION TO THE
DENIAL OF TRANSCRIPTS
DENIAL OF EXTENTION
DENIAL OF COUNSEL ASSISTANC.

STATE OF NEW YORK SECOND CIRCUIT
COURT OF APPEALS OF THE UNITED STATES
ACTING CHIEF JUSTICE CHAMBERS
DEBRA ANN LIVINGSTON
40 Foley Square
New York, NEW YORK
    10007

HONORABLE  -SCOTT C. HARRIS
HONORABLE CLERK OF THE COURT
UNITED STATES SUPREME COURT
FIRST STREET NE
WASHINGTON D.C.
   20543



N O T I C E   O F   A P P E A L   PREAPPEAL  ORDER
    T  A  G   T  E  A  M
    J  U  S  T  I  C  E

Blake Wingate
FBIUCN935219IAO
15A3206  5075369J
5 POINTS C.F.
P.O. BOX  119
6600 STATE ROUTE 96
ROMULUS, NEW YORK
   14541

2

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT OF NEW YORK

B L A K E    W I N G A T E
and others similarly situated
                    Appellant/ claimant at law

AGAINST

CITY OF NEW YORK  ET.AL.
PERSONALLY AND CAPACITY OF OFFICE
CRIMINAL AND CIVIL  COMPLAINT
                    Appellees / defendants

April 03, 2023

DOCKET No. 22- 1668

NOTICE OF APPEAL
PREAPPEAL DECISIONS
OF ORDER DATED  3-23-23..
JUDICIAL  INTERVENTION

Honorable CHIEF JUDGE DEBRA ANN LIMINGSTON,

## PLEASE TAKE NOTICE THAT

THIS MOTION IS TO APPEAL  THE DECISION / ORDER OF THIS COURT DATED MARCH
23, 2023 in the year of our lord..

That due to the corruption in the NEW YORK STATE COURTS AND THE EASTERN
DISTRICT AS WELL AS THE SECOND CIRCUIT  as stated in the  prior decision
of Irrizarcy v Secretary of florida department of corrections 2021 wl 32
31163, that the discrimination against the indigent , prisoner, person of
color are rampant in the circuit courts and this needs to cease immediat-
ely.

That the place of address is the UNITED STATES 2nd CIRCUIT COURT @ 40
FOLEY SQUARE, NEW YORK, NEW YORK 10007 Judges chambers of CHIEF JUDGE
DEPRA ANN LIVINGSTON. That such motion of appeal by notice and affidavit
are forwarded with the following papers enclosed  to assure proper and
legal deliverance, for this appeal to be delivered to the clerk as noti
-ce of pre appeal  order appeal to the UNITED STATES SUPREME COURT FOR
AN ORDER REVERSING THIS COURTS ORDER DATED 3-23-23 in-toto..

That such motion shall be calendared immediately as an emergency motion
due to the issues of misinformation and corruption that have plagued the
case before this court since 2014...

( 1 )

That the order of this Court denying, extention, transcripts, counsel et.al are repetitious and unconstitutional and thus the deponent has no further choice then to appeal this matter to the U.S. Supreme court as a matter of right based upon the following  identified information of record.: of the corruption in the Clerks office of whatever Court this deponent has addressed in this matter since 2014 due to the removal of a corrupt QUEENS COUNTY JUDGE AND ASSISTANT DISTRICT ATTORNEY NAMED AS :

1.  MARK H. SPIRES and  MINA Q. MALIK of Queens County.

That since their removals , the deponent has received nothing but the art of corruption in the following associated courts thereof.. Queens, Bronx Kings,  New York, Chemung, Cayuga, Westchester, Clinton, Franklin, SENECA Genesse,  EASTERN, NORTHERN, WESTERN, SOUTHERN and the U.S. 2nd Circuit & all of the grievance departments thereof...

That such appeal of 14 cv 4063 (EK)(JC)(ARR)(LB)(RMM)  of which many were recused now are in reference to a U.S. MAGISTRATE /ATTORNEY GENERAL ASSIS -TANT siting on the bench of the case w/o consent of any of the defendant or plaintiff authorization or consent, nd thus the case was dismissed by a void  and corrupt issue .. That such identified matter is what it is as the laws of the  Court mandate that a magistrate not have a civil position while on the bench..2❾ USCA 631..

That the deponent has been denied counsel assistance in violation of the U.S.  and NYS Constitution, he has been denied transcripts from his own trial of which were twarted by Alicia Guy and was recently revealed to the acting Judge of 14cv4063 and he ordered  APril 06,12, 13, and 18 2022 but he failed to order  April 14, 2022 leaving the deponent without a full re -cord of the voir dire.. That the same issue are cause for the CORPORATION COUNSEL has conceded to every motion by not responding thereof, and they forwarded a motion for  **BILL AND COSTS**  OF WHICH WERE NOT DELIVERED TO THE PLAINTIFF, AND HE CONTESTS THEIR  INDEMNITY AND REPRESENTATION since 2014.

That a copy of this NOTICE OF APPEAL OF PRE-APPEAL matters are being

forwarded to the UNITED STATES SUPREME COURT , CLERK OF THE COURT @

2.  THE SUPREME COURT OF THE UNITED STATES (SCOTUS)
    FIRST STREET, NE
    WASHINGTON D.C.
       20543
    attn: CLERK OF THE COURT
    HONORABLE SCOTT S. HARRIS

Enclosed with the notice and affidavit in support of motion are the said

following documents herein:

A.  NOTICE  OF APPEAL OF PREAPPEAL MATTERS

B.  AFFIDAVIT IN SUPPORT OF MOTION

C.  VERIFICATION

D.  CERTIFICATE OF SERVICE

E.  AFFIDAVIT OF SERVICE

F.  ORDER APPEALING FROM DATED  MARCH 23, 2023 (YOOL)

D.  BILL OF  COSTS, COUNSEL ASSISTANCE, TRANSCRIPTS DENIAL DOCKET
    WITH  RECEIVED  TRANSCRIPT DOCKET FROM THE EDNY AFTER 10 MONTHS
    OF REQUESTS ON APPEAL PRACTICE WITHOUT ONE RESPONSE FROM THE
    CORPORATION COUNSEL SINCE  APRIL 18, 2022...

    1. decision dated  2-27 2022  edny
    2. decision dated  3-7-2022   edny
    3. decision dated  ((AFOREMENTIONED))  3-23-23 COA 2nd cir.

H.  PRISONER AUTHORIZATION FORM

I.  MOTION INFORMATION SHEET

J.  PRO SE SCHEDULING  NOTIFICATION

K.  ACKNOWLEDGEMENT AND NOTICE OF APPEARANCES

That this court has shown adequate matter of prejudice as the deponent

is deemed  intellectually challenged and yet this court has refused to

issue assignment of counsel to the deponent, saying it is not issued in

civil matters of which are a true misinformation as they recently issued

civil counsel to  JAMES THOMAS V OFFICER E. JACOBS 3-1522, 22-512 and it

assigned  MARK D. HARRIS PROSKAUER ,ROSE LLP  11 Times Square N.Y.N.Y.
10036                          (3)

THAT THE DEPONENT BROUGHT ADDENDUM 2 TO THIS COURT IN TIME FOR REVIEW
IN THE CIRCUIT COURT, AND THE JUDICIAL COUNCIL AND THEY WERE FORWARDED ON
THE SAME DATE, AND HAVE TIME DATE STAMPS ON THEM BUT THIS COURT HAS HELD
THE PAPERS THEREOF ADDENDUM, and returns them saying its too late.THANKYOU!
That the deponent is entitled to the relief of appeal by right when the

court has a double standard of which this 2nd circuit has shown through-

out the full 9 year period, and the deponent is no longer in the carriage

as the issue is too dangerous thereof.

That the deponent prays for the relief of acceptance by right in the SAID

SCOTUS, as the case herein is an appeal for 42 usca 1984, 42 usca 1994 ,

18 usca 1581-1597 , 13th , 6th, 14th, 9th, 10th, 4th, 5th, 6th, and 1st

amendment matters with the denial for the past 9 years of the 15th amen

-dment and the proper distribution of the U.S. Mails , theft of his law

work and portioninate matters, false imprisonment, human trafficking and

torture , but in this Court the deponent is compelled to act pro se and

without assistnce of counsel because the UNITED STATES AND THE NEW YORK

STATE CONSTITUTION SUPPOSSEDLY DO NOT HAVE ISSUE FOR CIVIL LAWYER REPRE-

SENTATION.., nor the power of civilian arrest and prosecution from jail.

W H E R E  F O R E , the deponent prays for the relief sought herein and

for such other and further relief as the SCOTUS shall issue and decree

in this constitutional , statutory matter of first impression and for

relief as may be deemed as just , proper and equitable..

Always Faithful,

_BLAKE WINGATE_
BLAKE WINGATE
15A3206    5075369J
FBIUCN935219IAO
FIVE POINTS C.F.
P.O. BOX 119
6600 STATE ROUTE 96
ROMULUS NEW YORK
14541
=

SWORN/AFFIRMED BEFORE ME THIS $\underline{5}$ DAY
OF APRIL 2023 IN THE YEAR OF OUR LORD

NOTARY PUBLIC
JONATHAN M. HALL
Notary Public, State of New York
No. 01HA6241732
Qualified in Monroe County
Commission Expires July 16, 2023

( 4 )

STATE OF NEW YORK
COUNTY OF  S E N E C A                              2nd. Cir. Docket: 22-1668

                                                   E.D.N.Y.  Docket. 14cv4063
                        MEMORANDUM OF FACTS AND LAW

                                                   APRIL 04, 2023(Y.O.O.L.)

I, Blake Wingate of the Qualiminquiz Group located at the  5 Points C.F.
am compelled to appeal to the United States Supreme Court located at the
following:  SCOTUS , First Street NE, Washington, D.C. 20543 to prevent
a manifest injustice from continuing in the 2nd Circuit of New YORK DUE
TO HUMAN TRAFFICKING in the State and Federalism of New York and the sole
manipulation, degregation, and identified harrassment, discrimination, and
bias, racism, fraud , deceit and deception, intimidation tactics, tag team
tactics, and dilatory and arbitrary and capricious acts of Court personnel
in their protections of a corrupt issue .

That  I am personally known with personal firsthand knowledge and experie-
nce of the facts herein, and yet , I am a layman in matters of the law and
I seek this courts indulgence for matters of error, fault, default, typo ,
omission, pursuant to the proceedural provisions of CPLR 2001 - 2101(f) &
C.P.L.R. 5520 a,b,c,d, .The guidelines of Haines v Kerner 401 U.S. 954,to
prevent further rigging of case before the court , further tag team tactic
(s) before the Court, and fundamental deliberate indifference in the prote
-ctions and defense of the great UNITED STATES CONSTITUTION AND THAT OF
THE STATE OF NEW YORK, and the complete denial of fundamental due process,
procedural due process, substantive due process, substantial due process,
and equal protections of our laws under the  **SUPREMACY CLAUSE OF THE UNITED
STATE CONSTITUTION  ARTICLE VI and the  protection of  harm to the forum
of the judiciary art. III OF THE UNITED STATES CONSTITUTION.**
That the deponent Blake Wingate has the right to appeal as of right and he
has no choice but to appeal ( PRE-APPEAL) to prevent manifest injustice in
the 2nd circuit court..see: DELANEY V SELSKE 899 F.S. 923..

( 1 )

That the primary cause of this matter at this juncture are that there
exists an illegally imposed position of U.S. E.D.N.Y. MAGISTRATE AND
ASSISTANT ATTORNEY GENERAL at the same time, sitting on cases from his
office at the same time , in total violation of 28 USCA 631, 636 and there
exists no consent from the defendants and the plaintiff in the matter.Yet
the E.D.N.Y. and the 2nd circuit in a 24 hour judicial council review of
which are unsigned by any council member are continuously allowing such
unconstitutional , statutorary violations to continue, while they also in
the same case have denied the plaintiff indigent pro se and illegally in-
carcerated in violation of the anti-peonage and human trafficking laws of
the UNited States , and the State of New York to remain incapacitated while
thier fraud upon the couers of the United States in the State of New York
from the EASTERN DISTRICT  throughout the Southern, Northern, and Western
districts by NYSDOCCS ¢transfers  to continually invoke involuntary servi-
tude  I without due process, without a valid grand jury instrument, without
a valid  reduced instrument (see) People v Jackson 87 NY2d 782, CPL 210.20
subd, 6 @ a,b,c, in total violation of the U.S. CONSTITUTION 5th amendmant
, and the NEW YORK‖ STATE CONSTITUTION ART. 1 sec. 6, and its statutes as
of  CPL 195.10, 20, 30, 40 and 18 USCA 1581 -1597, and 42 USCA 1994, 123 f
.671 @ section 8..

> NO MAGISTRATE OR OTHER JUDICIAL OFFICER
> CAN ESCAPE THE CRIMINAL RESPONSIBILITY
> OF THEIR ACTIONS BY CLOAKING THEIR SAID
> CRIMINAL ACTS AS A JUDICIAL ACT

That the following reasons are the cause for this appeal to the UNITED‖
STATES‖ SUPREME ‖ COURT ‖  to prevent such dilatory conduct from continuing
as such..  The deponent is being denied the right to appeal in its proper
legal form and substance in the 2nd circuit and he's tired of the fraud &
DECEPTION, DECEIT  UPON  THE JUDICIARY...

( 2 )

The following issues will be addressed with minimal attack as the constit
-ution of the UNITED STATES  and the STATE OF NEW YORK give mandate to the
relief sought. That the 2nd circuit, the EDNY, the lower NYS COURT OF APPE
-ALS, The departmental judicial districts of appellate review , 1st, 2nd,
3rd, and 4th, the full district realist EASTERN, SOUTHERN, WESTERN AND NOR
-THERN have all stressed the reality of the rights sought in this appeal
not only for the duration of this case but for over a century..

The United States Supreme Courts, and the 2nd Circuit have avoided this
issue for too long and it must be addressed because the avoidance has to be
deemed as an onerous obstruction of the CONSTITUTION, and governmental ad
-ministration in all of our courts throughout the world as we know it to
be in the  UNITED STATES OF APPLICABLE AMERICA.  FAILURE TO INTERVENE...
The United States constitution says we are entitled to the assistance of
counsel  5th amendment. Therefore the NEW YORK STATE CONSTITUTION also de
-clares the right to assistance of counsel as in civil cases ART. 1 sec.6.
Point one is complete..

That the deponent is entitled to a Judge that is deemed properly trained
where he or she be defacto or dejure, and with good behavior, However the
case was closed by the situs of MAGISTRATE /ASSISTANT ATTORNEY GENERAL
JAMES R. CHO sitting in both positions while illegally not consented to by
the defendants or the plaintiff, ina detainee law suit held under the aus-
pice of  28 usca 1915, 1997(e) , in violation also of  28 USCA 631, 636,
Rule 73, Rule 74 et.seq.  That when a particular Judge or Magistrate situs
without legal authority, everything they say do declare and decree are all
deemed to be v o i d . This is deemed  B A D  BEHAVIOR ..ART. III U.S.Const.
Point  two is complete.

That the deponent has constantly been denied copy of the record, transcript
,motion filed for  BILL OF COST , Discovery, disclosure, depositions ,all

( 3 )

of which are based upon bias, indigence,and incarceration upon a person whom filed this case as am illegally detained person as a detainee,whom was under the impression that he was entitled to the protections of the U.S. and N.Y.S. Constitutions from cruel and unusual punishment, slavery without due process and the enforcement of the laws the legislature made to enforce provision 2 of the 13th amendment, the 4th amendment, the 5th , 6th, 7th,8th, 9th, 10th, 1st, 14th and 15th amendments, and the right of HABEAS CORPUS immediate injunctive relief..with **compulsory process...** Point three is complete..

That the corporation counsel has filed a **BILL OF COSTS** while this appeal is still in motion and operation, and has failed to serve the deponent a copy. THat the 2nd circuit, and the E.D.N.Y. have refused to order compli -ance to the laws of litigation that the deponent receive copy of such a

 **BILL OF COSTS..** THat no motion can be filed and acted upon without any service upon the adversary, without violating fundamental due process and equal protections, 14th, 4th, 5th, 8th, 1st,9th, 10th, 14th amendment Point four is complete..

Corporation Counsel has conceded to each and relatively every motion the deponent has filed for pre-appeal as they have refused to respond to each and every application filed by the deponent.The failure to respond, answer , reply oppose, is a fundamental due process acceptance of the facts made thereof.  14th amendment..

Point five is complete..

This includes the indemnity ...  A person that is financially secure is deemed to forward their own expense for representation, and that the only representation of the CITY, STATE OR FEDERALISM by a City, STATE OR Feder- al Court Appointed Lawyer are for the indigent and those whom are not in action of criminal propensities outside the auspice of their color of office, operative uniform,  public trust, public officer status et.al.

Fundamental ,procedural, substantive, substantive due process requires nothing less. 14th, 5th, 8th, 9th, 10th, 1st, 4th 6th , 7th 13th and 15th amendment and all rights to defend are cine constitutional whether by pen, speach, knife, gun, or word 2nd amendment.When it comes to the NATIONAL SECURITY OF THE UNITED STATES, NO MAN OR WOMAN ARE ABOVE REPROACH. POINT SIX IS COMPLETE..

That the Magistrate/assistant U.S. Attorney general  James R. Cho was caught tag teaming and rigging the case against the plaintiff Blake Wingate during the VOIR DIRE, and the early proceedings. That 2 other judges Arlene R.Ross and  Roselyn M. Mauskopf recused themselves for the appearance of impropri-ety, and Magistrate Lois Bloom also recused herein for the same reasons as well as she too was not ever consented or conceded to situs upon this said case identified as prisoner prosecution or DETAINEE TREATMENT ACT and as the court determines litigations from jail and prison and their distinct qualifications.. ART. III U.S. CONSTITUTION, 1st. 4th, 5th, 6th. 7th, 8th, 9th, 10th, 13th, 14th, abd 15th amendments  NYS AT OUR CONSTITUTION ART.1 sec. 2,4,5,6,8,9, 12 ..ART. 10 and 12, and art. 17 sec. 1-5 where the said deponent is deemed a reasonable accommadations patient under the ADA and the rehabilitation acts of the legislature. our constitutions also protect us in our state of health capacity, as well as our CONSTITUTIONAL PREAMBLE (s) state and federal.
POINT SEVEN IS COMPLETE..

Based upon the foregoing we, now address the Case law effect of persuasion of which has issued by the U.S. Supreme Court, its lower supreme courts & miscellaneous ,nisi prisi courts including the state and district courts & our COURTS OF APPEALS..

( 5 )

Before we being human begin on this endeavor we have to remember that our

Court System including the Untold Supreme Court Of The United States of

AMERICA WERE PLAGUED WITH RACIST, DISCRIMINATION, BIAS, INTOLERANCE OF ANY

PEOPLE OF COLOR, in which said Justice Taney was enscioned to be removed

of his bust in the SUPREMECOURT FOYER due to his precedented decision of

DEAR  DRED SCOTT V SANFORD, THat PLESSEY V FERGUSON  FINALLY AFTER OVER

100 years has received exoneration for his plight of discriminatory treat

-ment inside and outside our very Courts..

Thus prevalent prejudices and misconceptions, misinformation in this said

court have bought precedent in lost aggravating forms, and there are such

precedents of which are considered  JUDGE MADE LAWS WITHOUT ONE BIT OF

LEGISLATIVE AUTHORITY, IMPLIMENTATION OR ACQUISITION WHAT SO EVER AND ARE

TO BE DISGARDED HEREIN THIS DECISIONAL MAKING OF HISTORY.. Chisholm v Geor

-gia 2 Dallas 419: Ware v Hylton 3IB 199: whether ijudicial or not  2 Dal-

las 409: Hilton v U.S. 3 Dallas 171, Herman v Ames "STATE DOCUMENTS ON FED

-ERAL RELATIONS NOS: 7-15 That the fact these cases issued when there were

supeernumerary and midnight judges are of no avail , when and if their de-

cisions are sound and without prejudice, bias, dilatory misgivings.

## P O I N T  1.

S T A T E W I D E  I N T E R E S T  A N D  I M P O R T A N C E ..WHEN DOES
A CRIMINAL ACCUSED DEFENDANT LOSE HIS RIGHT TO ASSISTANCE OF COUNSEL, OR
HIS/HER COUNSEL ASSISTANCE WHILE INCARCERATED WHETHER LEGALLY OR ILLEGALLY
WHEN THAT HUMAN BEING IS INDIGENT ND ARE BEING CIVILLY AND CRIMINALLY HURT
HARMED AND VIOLATED OF THEIR CONSTITUTIONAL AND STATUTORY RIGHTS WHILE IN
JAIL OR PRISON OF THE UNITED STATES AND THE STATE OF NEW YORK W/O INTERVENTION

Not ever..see: Y.H. VS E.S. 76 Misc.3d 398, Floyd v Cosi 78 F.S.3d 558,

LASSITER V DEPT. OF SOCIAL SERVICES 101 S.CT. 2153, 452 U.S. 18 with a

dissent. POWELL V ALABAMA 53 S.CT. 55,287 U.S. 45 , GIDEON V WAINWRIGHT

372 U.S.885 , 83 S.CT. 792, BREWER V WILLIAMS  430 U.S. 387, 97 S.CT. 1332,

Arsinger v HAMLIN 407 U.S. 25, 92 S.CT. 2006 ,U.S. V HASTINGS 461 U.S. 499.

Herring v New York 422 U.S. 853, 95 S.CT. 2550,  SCOTT V ILLINOIS 440 U.S.

367, 99 S.CT. 1158.

THE DISPROPORTIONATE IMPACT OF RACIAL DISCRIMINATION 125 U.Pa.L. Rev 540
(1977): EVIDENCE, RACE, INTENT, AND EVIL: THE PARADOX OF PURPOSELESSNESS
IN THE CONSTITUTIONAL DISCRIMINATION CASES 27 HOFSTRA L. REV 285(1998) ,
THE STRANGE CAREER OF JIM CROW 64(1955) by C. VANN WOODWARD.: BROWN VS
THE BOARD OF EDUCATION 349 U.S. 294, 75 S.C. 753. THE STEROTYPE: HARD
CORE OF RACISM, 13 BUF.L. REV. 450 ( 1963 ), COHEN§ V CALIFORNIA 403 U.S.
15, 91 S.CT. 1780. HODGE V POLICE OFFICERS 802 F.2d 58(1986), and all of
its precedent cases cited.. <u>FOLLOWING ORDERS: CAMPBELL V U.S. 64CATHU.L.489</u>
The Indigents Right to  COunsel On Civil Cases 76 YALE LAW JOURNAL 545,
abandoned in DETERMINED  ::SANDOVAL V RATTIKIN 395 SW2d 889, cert denied
35 U.S.1 --- 3138. 37 FORDHAM URB L.J. 37 (2010) Commecting self represe
-ntation to CIVIL GIDEON, WHAT EXISTING DATA REVEAL ABOUNT WHEN COUNSEL
IS MOST NEEDED..THE INEVITABLE IF UNTRUMPTED MARCH TOWARD "CIVIL GIDEON"
64 Syracuse L. Rev. 469,472 (2014)..**THE RIGHT TO COUNSEL REVISITED ,THE**
**PROPER INFLUENCE OF POVERTY AND THE CASE FOR REVERSING LASSITER VS DEPT.**
**OF SOC. SERVS 59 Cath. U.L.REV. 1057,1101 ..** ~ADVERSARY BREAKDOWN AND
JUDICIAL ROLE CONFUSION IN "SMALL CASE" CIVIL JUSTICE 2016 B.Y.U.L. REV
899.. <u>IAC BEFORE POWELL V ALABAMA  99IOWA L. REV. 2161</u>  LESSONS FROM HISTORY
Before we continue, this Court must remember that the 42 USCA 1983 can be
converted to a WRIT OF HABEAS CORPUS, OR VIS A VIS..,thus a 1983/1994 in
all extreme matters and simplicity M U S T  appoint counsel assistance ᵜ
when requested, demanded and asserted with vigor. It is a stage of the
criminal prosecution which evolved from the criminal detention. To see
otherwise are to deny the constitutions we defend, support and protect as
a moritorium.  PEOPLE V MONAHAN 17 NY2d 310,PEOPLE V  VAN FLORCKE 120 MISC
.2d 273, PEOPLE V ROSS 67 NY2d 321, PEOPLE V MCKIERNAN 84 NY2d 915. see:
**GREENO V DALEY 414 F3d 645, HOWARD V GRAMLEY 225 F3d 784, MORRIS V DORMIRE**
**217 F3d 556, CHANEY V LEWIS 801 F.2d 85,(2d cir.) SELF V BLACKBURN 751 F2d**
**789, BAHER V RIBBY 739 F2d 1228  THE INTEREST OF JUSTICE REQUIRED.**

Do we need to go further, when the U.S. Constitution declares the
right to file a claim has to be over a value of 20. dollars, and that
the right to counsel exists as an assistance of counsel , and that in
HABEAS CORPUS PETITIONS the are deemed CONSTITUTIONAL..see: U.S. CONST.
ART. 1 section 9, NYS CONST. ART. 1 sec.4 with this alone , not including
statutes, we have a constitutional right to a civil claim, and a civil
HABEAS CORPUS but not the constitutional right to defend such issue in a
FEDERAL COURT OF LAW OR OTHERWISE..The constitution is being attacked w/
prejudice and no one else sees this but the victims of the blemish in its
controlling entity.. THE RIGHT TO ASSISTANCE OF COUNSEL IS THE RIGHT TO
BE SAFE AND SECURE IN THE RIGHT TO ACCESS TO THE COURTS, FREE FROM CRUEL
AND UNUSUAL PUNISHMENT, ILLEGAL SEIZURES OF EVIDENCE IN THE COURT , FREE
FROM IMPROPRIETY WITHOUT PROPER JUDICIAL RECOGNITION, AND REPORT, FREE OF
DISCLOSURE AND DISCOVERY AND DEPOSITION DENIALS  THAT ARE MANDATED AND OF
ALL INSTANCES, F R E E   FROM  T Y R A N N Y .

To detail in every denial of assignment of counsel, that if the case does
go  to trial the defending petitioner Blake Wingate will be able to re-
ceive counsel assistance, and then when we get to VOIR DIRE, it is still
denied, and all other instances the denials were without prejudice, then
the deponent is extremely prejudiced... THIS MUST BE ADDRESSED AS A **STATE**
WIDE  INTEREST. The duty to intervene is state and federal by statute,also.

### P O I N T  2.

PURSUANT TO  ARTICLE III SECTION 1 OF THE UNITED STATES CONSTITUTION:
THE JUDICIAL BRANCH  THE JUDGES , BOTH OF THE SUPREME AND INFERIOR
COURTS, SHALL HOLD THEIR OFFICES DURING  GOOD B E H A V I O R .IS A
MANDATE THAT WAS VIOLATED TO THE DEGREE AND DECREE OF CONTEMPT OF THE
UNITED STATES CONSTITUTION, YET THE ONE PUNISHED WAS NOT THE CONTEMPTOR
BUT THE VICTIM OF THE JUDICIOUS CONTEMPTOR  MAGISTRATE/ASSISTANT U.S.
ATTORNEY GENERAL JAMES R. CHO WHOM SITUS AS A CIVIL ATTORNEY AND AS A
MAGISTRATE IN VIOLATION OF GOOD BEHAVIOR WITHOUT CONSENT OF THE SAID
DEFENDANTS AND THE PLAINTIFF IN A 28 USCA 1997 litigation in total vio
-lation of his STANDING AS A MAGISTRATE  28 usca 631, and 636 , RULE
EXTENDING TO A L L CASES IN ART. III section2(1) et.seq.

1992/1993 Ann. SURV. AM.L. 297(JANUARY 1994) ARTICLE III, THE FEDERAL
MAGISTRATE, AND THE POWER OF CONSENT By Monique Mulcare.** Moses vs Julian
48 N.H. 52(1863)    When a Judge is prohibited by statute to sit in a said
cause under certain circumstances, he has no jurisdiction, and his proceed
-ings are void.;; See: JUDGES QUERIES RESULT IN UPSET OF CONVICTION: FEDER
-AL JURIST CRITIZED FOR ACTING AS PROSECUTOR Jan. 17, 1996, LNDDMID-ALM-NY
LAW J WESTLAW- 106011807 pg. 30 (COL. 4) VOL.215 citing U.S. V Filani no.
95-1051 74 F3d 378.The deponent took exception to him sitting as a magistr
-ate as well as Lois Bloom whom recused herself, he should have learned by
example..The objections and requests went from nice to argumentative to an
outright brawl..People v Jackson 196 NY 357, But the OBJECTIONS WERE CLEAR
TO GET ASSISTANCE FROM THE EXECUTIVE DISTRICT EXECUTIVE , AND THE JUDGE OF
THE CASE, and he outright refused on all occasions..JAMES R. CHO magistrate
/ASSISTANT ATTORNEY GENERAL U.S. EDNY  allowed defendants to use their cell
phones in the court , with extreme prejudice as to assure this is a mock
trial, moot court proceeding...see WDNY CIV. RULE 83.5 cameras and record-
ing devises.. Thus the objections were all timely and made to make it clear
1) this was a mock trial. 2) The plaintiff doesn't participate with mock
trials at any time.. PEOPLE V ADORNO 210 AD3d 113 w/dissent In essence the
James R. Cho violated 28 USCA 631, 636§ throughout 2020 -2023 and is still
doing the same, however he cannot situs on a case his office was or still
are prolific in the litigation. This case is clearly addressed as follows:

14 cv 4063     the first attorney:
             REPRESENTED BY  DAVID ALLEN COOPER
                             DOJ-USAO
                             UNITED STATES ATTORNEY 'S OFFICE
                             EASTERN DISTRICT NEW YORK
SEE EXHIBIT:                 271-A Cadman Plaza East    7th floor
                             Brooklyn,New York  11201
                             718 -254 - 6228
                             Email:david.cooper4@usdoj.gov
                             LEAD ATTORNEY
                             ATTORNEY TO BE NOTICED

( 9 )

The pure facts are that when a poor person is harrassed in a court of law by the magistrate, the judge, the corporation counsel in every as "peck" of the case, discovery, disclosure, depositions, service of process, interrogatories, and theres no sanctions although the rights of fundamental procedural and substanstial and substantive rights are in operative firmly against the deponent and the deponent only A N D it id clear that 2 other judges recuded themselves , and a magistrate.. A mock trial, moot court proceeding is not one of which any UNITED STATES AMERICAN CITIZEN are entitled to receive, a mock court procee -ding is not the trial the constitution guacantees and when theese ex- ceptional shadow dance tactics occur in open court, and the same U.S.

MAGISTRATE/ U.S. ATTORNEY GENERAL ASSISTANT kicks out patrons from a public trial, see the following : U.S. V King 1998 wl 50221 , ABC,Inc v Stewart 360 F.3d 90 , Stapleton v Greiner 2000 wl 1207059 , U.S. VS Gotti 2004 WL 2274712 . This is not a high profile case, not a sexual

ly explicit case, not a multiple murder or otherwise case, and thus it behooves the deponent why such misconduct occured throughout the 3½ yr period of sabatoging this case before the court.. examples::

1. CORPORATION COUNSEL STATED THAT THERE WERE NO SECURITY CAMERAS ON RIKERS ISLAND UNTIL 2016 theres no way the deponent knew exactly where a camera was to be installed in 2015 , if that camera was installed in 2016, as stated by corporation counsel. The plaintiff is Houdini. AND NOSTRADAMUS see Shults 2005 wl 1529698*1 citing Bloomer v U.S. 162 F.3d 187, 193 ( 2d Cir. 1998 ) The jail had a duty to preserve the evidence as well as the city when the complaints and grievances were made as a matter of law. including the petition that issued. Taylor v N.Y.C. 293 F.R.D. 601 , 2013 wl 4744806. ** Once the duty to preserve evidence attaches , a party M U S T save any evidence it reasonably shoulkd

know is relevant to an anticipated action or one in open progress.

Zubulake 220 F.R.D.@ 217 , Usavage v Port Auth of N.Y. & N.J. 932

F.Supp 2d 575. 591. No. 10 civ.8219(JPO), 2013 wl 1197774, @ *10(SDNY

March 26, 2013) acknowledging the duty to preserve surveillance video

of all potentially relevant footage..

RIKERS ISLAND IS THE UNITED STATES BIGGEST DETENTION CENTER AND IT MAR

KETS A BILLION DOLLARE BUDGET, it is the # 1 maximum security detention
center for men women and children. It also held the   radio tower antenna
when the vqorld trade center was demolitioned . Theres cameras in every

facility for over  the last 20 years... Not only did the deponent express

whwere the postal office cameras were, no,,he also addressed the digital

verified cameras used in the law library on the same date., the messhall

cameras also..THERE WAS NO REASON TO DENY THE DISCOVERY AFTER THE COURT

ORDERED IT OVER A YEAR PRIOR TO THE CORPORATION USESING MISINFORMATION  &

detailing there were no cameras on rikers island before 2016.

In fact the deponent went to trial against the corporation counsel in

the BRONX in 2011 and his case was from 2007 and we had full video surve

~illance used before Judge Truitt in WINGATE V CITY OF NEW YORK ,

CAPTAIN HERNANDEZ   2913 ny misc LEXIS 6618   see also Stinson v NYC  2021

WL 3438284 ,18 CV 0027(LAK)(BCM)  her videos were also from 2015. see :

ALSO @01@ WL 3438284 , , 2018 wl 11257424. and all  of these riots were

also recorded on rikers island Porras v MONTEFIORI MEDICAL CENTER 742

F. SUPP 120 WHITEHEAD V DOC OF NYC  1990 wl 186229 People v Archer 155

MISC. 2d 601 ; Paige v NYC  2011 wl  65667  and People v Jalen C.  73

Misc 3d 135(A) including the death in 2015 when the detainee swallowed

coap balls, his unit was in rude next to the deponents housing unit..;,

Castro v Schrirro  140 AD3d 644,  2019 wl 7333816...

## T H E   P H O N E   C A L L S

Deponent  received the  codes, dates and times and costs of the jail

legal phone calls , but not one call at all  by transcript was presented

see:   herped review

( 11 )

## D E P O S I T I O N S

The deponent was denied the right to issue and receive and obtain any
of the evidence in relation to this case in the possession of NYC DOCS,
The deponent was not even allowed to issue depositions as a pro se and as an
indigent plaintiff in violation of due process of law and equal protections
thereof. The violation of forma pauperis status was addressed as the
corporation counsel was instructed to depose the witnesses, and that
failure is a constitutional violation : Price & Pierce v Gibson Bros. 58 F2d
768, 28 USCA 639 2 ways to depose: (1) DEPOSITION DE BENE ESSE (2) commiss-
ion, Haines v karner 404 US 519, 405 US 948 , 401 US 954 , 427 F2d 71.see,
also DEASON V DEASON 32 NY2d 93 , BROWN V DE FILIPPIS 125 FRD 83: Flowers v
Turbine Support Division 507 F.2d 1242, 1245...

                    HOWEVER

Corporation Counsel U.S. A.G. Assistant Davit Cooper stated he would do the
depositions of the witnesses as HE NEEDED THEIR STATEMENTS TO PREPARE FOR
THE TRIAL. This was during depositions while in COXSACKIE AND CLINTON ANNEX
John Goecia & Geneuive (Phonetic) .. Y E T , on APril 06, 2022 (YOOL)
the corporation counsel stated the deponent was prevented from produceing
any witness, and any evidence because he did not depose. Thus the deponent
was being denied the right to compulsory process, although he was granted
forma pauperis status, the evidence exception was mandated SMITH V PALMER
32 Misc. 737,. and thus the evidence was all able to be corroborated and
mandated to issue but the court was not following the letter of the law.
FRE 803, FRE 804, Lopez v Miller 915 F.S.2d 373.. Where the court has a due
system to deny compulsory process, the plaintiff cannot be opunisdhed for
the prejudice of the court.. This is also a violation of the constitution
in-toto.1st, 2nd, 4th, 5th, 6th, 7th, 8th, 9th, 10th , 14th amendments..On
the premise of being indigent, african american muslim of faith.

( 12 )

T R A N S C R I P T S

THat prior to the enactment of JAMES R. CHO the deponent was allowed all of the transcripts to the  phone conferances. However when he became on the case the transcripts were ceased.  XXXXXXXXXXXXXXXXXXX  Chernis v Swarzman 2007 wl 2230078 That not only were the  phone conferences denied after he came into the case but when the JUDGE ERICX KOMITEE ordered the transcripts on April 06, 2022 ( see order ) JAMES R. CHO did not issue them on the daily basis, nor make the corporation #counsel comply to the order of the superior judge to issue the transcripts thereof the voir dire. see DKT: # 357. Till this day only 1 year later, the deponent still does not have all of the transcripts and was denied for the  past 9 months  till he received this communication from the EDNY see exhibit ____

THis granted issue was due to the fact the clerk of the court of eric komit -ee ms. Guy was undermining the judges ordersd... THus MAGISTRATE U.S. assi -stant asttorney general James R. Cho and Ms. FGuy were both underrmining the judge against the deponent Blake WIngate as a matter of record for over the past 3 years in court  paetrial preparations.

She dhie court clerk, Ms. Guy  undermined the court also for the copy of the pro se rule book for a 2 year period. and he did not receive it until APRIL 06, 2022 (YOOL)

Her orders were issued by hand in court, the judges orders were delivered to FIVER POINTS , while the deponent was housed in GREEN HAVEN. H BLOCK RECEPTION TRANSFER HOLD SHU 102 cell on the flats.

THus a court cannot add words or action to a statute. People v Carswell  #67 MISC.3d 444, U.S. V Shellef 756 F.Supp.2d 280. and determined failure to re -cuse or step down when not consented to are a violation of the constitution especially while sabotaging disclosure and discovery: RULE 37(a)(4)(c)(1). 15 USCA 78j(b).

( 13 )

Note: THE RECORD DOESN"T EVEN HAVE ANY COMMENT OF THE CORPORATION COUNSEL
OR MAGISTRATE / US ATTORNEY GENERAL ASSISTANT JAMES R. CHO , complying with
transcripts daily return. THis also applies to the depositions as the de-
ponent was totally blocked from  depositions , record transcripts, manifest
-ing,the deponent is not entitled to equal protections of law. A Monell pol
-icy against the indigent. Monell v Dept. of Soc. Servs of NYC 436 U.S. 658
Roell  E RUKIX         WITHROW  538 U.S. 580: 32 Am.Jur.2d Federal COurts 136..

Irraarry v Florida DEPT, OF CORR.  2021 wl 3231163 note #3, deny due process
based upon indigence..

Thus the exception to evidence heresay rule cannot be deemed  valid when the
court process is unconstitutional   It is a fact that the  Diabolic contents
of a single man -- or two men, accoŕding  to Saint Matthew-- was enough to
induce psychosis , accompanied by pronounced disturbance, in a  large herd
of swine, put at 2,000 by Saint Mark. But even a single devil could cause
devere functional disorders.see Matthew 9:23-33 , Matthew 8:28-33 ; Mark
5:1-16 , Luke 8: 26-36 ..LAW LIBERTY AND PSYCHIATRY 78 Harvard Law review
1510 .  28 USCA 636(c)(4). 32 Am.Jur.2d Federal Courts 138 standard of re-
      view  of magistrate judges imposition of sanctions
That such clear realization of BEING SET UP FOR TRIAL BY AMBUSH was evident
imminent, foreseeable, and exacting. violating every constitutional amend-
ment in the U.S. AND NYS CONSTITUTIONS  and - articles..were destroyed as
protections to the deponent, because he was indigent, pro se , muslim in
faith, african american in race,  and a dark color, yet he was granted the
forma pauperis, poor persons status , and was not issued any of thee funda-
mental due process equal protections of the law..


                         B I L L   O F   C O S T S
Th
The corporation  counsel filed a BILL OF CORTS WITHOUT SENDING A  COPY TO
THE DEPONENT . The EASTERN DISTRICT COURT delivered a letter saying the
                              (14(
case was in the 2nd circuit and file no more motions in their court.

see EXHIBIT___ . Yet the Corporation Counsel fiuled a BILL OF COSTS at DKT
357/395 and they never ever served the deponent. The deponent has at all
times opposed their sitting on the case as counsel and thus he is entitlled
to copy of all motions filed in this case, as they are deemed to be exparte
if he is not.. Exparte communications between the court and only one party
are unconstitutional, yet the deponent has been denied a copy of a motion
for costs in a public case as if its a private remedy.. It appears to be
no different then a B R I B E ..E.P.A. V Jenkins 2012 wl 1570806 ,Thus
the deponent has every right to accept or oppose the BILL OF COSTS. MELENDEZ
V COUNTY OF WESTCHESTER 2021 wl 1634722: GRIFFIN V DELVECCHIO 2020 wl 15147
66:*5,: Kron v Moravia Central School Dist 2001 wl 536274: Note 7.. @* USCA
1920 , 28 USCA 1923 ; 28 USCA 1828 , CAMPBELL V EMPIRE MERCHANTS LLC 2020wl
587484 :: MARTIN V PERFORMANCE TRANS .INC 2022 wl 831334*2, Garraway vs
Smith 2020 wl 2581464 : Aptive Environment LLC v Village of East Rockaway,NY
2022 wl 5434178 :*2, WARR V LIBERATORE 2022 wl 969528 :*2: V-Formation,Inc
v Benerron Group Spa 2003 wl 21403326*1 : Local civil rule EDNY 54.1..Car-
gill, Inc v Sears Petroleum & Transport Corp 388 F.S.2d 37..
That the early motions filed in 2014 and 2015 addressed their lack of in-
demnity and thus they cannot seek BILL OF COSTS without service upon the
deponent . The allowance thereof are a clear indication of graft, It is
the defendants that have to pay counsel only if the court determines
that they have availed indemnity People v
Breed, Abbott & Morgan v Hulko 74 N.Y.2d 686 : Counselman v Hitchcock 142
U.S. 547: Kastigar v U.S. 92 S.CT. 1653: DONAHUE V Keeshan 91 AD 602(1904)
Thus plaintiff must be served with all motions to assure access to the
courts , equal protections and the right to assume there is access to the
courts, must be deemed the fact of the loss of the right

to imparttiality. The BILL OF COSTS examine all acts of counsel and the
deponent knows he has been reviewed for the costs as well as the evidence
that are missing are in the bill of costs.
( 15 )

That the BILL OF COSTS 22 NYCRR 207.39, 28 USCA 2412 are not a ex-
parte application, and the deponent is entitled to copy thereof and
to make argument against any payment especially when the appeal
is pending, and the magistrate never had legal jurisdiction. This
case is not legally dismissed as a matter of law.

ON APRIL 06, 2022 in the year of our lord, even Judge Erick Komitee
misquoted the law and stated that pro se litigators cannot file a
criminal charge in  jail or prison. This is totally false ..see:
C.P.L. 100.55(1) ..any local criminal court accusatory instrument
may be filed with the district court of a particular county when an
offense charged therein was committed in such county or that part
thereof over which such court has jurisdiction..see also SACKINGER
VS  NEVINS 114 Misc.2d 454: People v Vladik 145 Misc.2d 594 and in
this matter the deponent was extremely prejudiced.. CPLR 3026, 18
U.S.C.A. 1581 - 1597, 42 USCA 1994 , 18 USCA 241 - 249 and if there
is a violation of fundamental due process to activate criminal charge
when it is known the deponent was a , and still are a victim of
human trafficking, the failure to act makes the aforementioned an
accomplice. accessory , 18 USCA 3: SEE: 18 USCA 2X3.1...U.S. V Arnold
302 F.S.2d 637: Ellis v E.S.  806 F.S.2d 536..: Alfred v Garland 2023
wl 2703236.  13th Amendment  clause 1 and 2, commerce clause U.S.Con.
Art. 1 sec. 8 cl. 3 et.seq. U.S. V Diggins 36 F.4th 302: U.S. V EDWARDS
995 F.3d 342 : Griffin v Breckenridge 91 S.CT. 1790: without limitation
as the 14th amendment U.S. V Mc Clellan 127 F. 971: U.S. V Morris 125 F.
322: IN RE AFRICAN-AMERICAN SLAVE DESCXENDANTS LITIGATION  471 F.3d 754
,VIETNAMESE FISHERMEN"S ASSOCIATION V KNIGHTS OF THE KLU KLUX KLAN 518
F.SUPP 993 : Jones v Alfred H. Mayer Co. 88 S.CT. 2186( BLACK CODES )
SINES V KESSLER 324 F.S.3d 765: U.S. V RHODES  27 F.CAS. 785: CLYATT V
U.S.  25 s.ct. 429 : U.S. V WINDHAM 53 F.4th 1006 even only in  NEW YORK

( 16 )

The failure to issue copy of the BILL OF COSTS are serious in itself,
the failure to receive consent to situs are serious in itself, it's
the foundation of his jurisdiction to make any decision, report or
recommendation of which without consent he cannot make any.. The full
denial of the court in toto 3 judges and 2 magistrates to place the
anti-peonage , human trafficking, false imprisonment charges of over
detention are deemed contempt of their oaths of office to protect and
defend the constitution from its enemies.. The failure to address in
-demnity  before allowing voir dire,and motion practice to start was
undeniably unconstitutional  DONAHUE V KEESHAN (supra), Rodriguez vs
City of New York 2022 wl 3587598: Rivera v Carroll 2009 wl 2365240,
Lynch v NYC 335 F.S.3d 645 : Von Stein v Pruyne  2020 wl 3498431 and
theres no coonsent to illegal detention People v Noah 107 AD3d 1411,
That when the absurdity doctrine issues on such matters of which also
include, failure to serve all of the defendants  before dismissing them
from the case.,KENNEDY V FISCHER 78 AD3d 1016 as it was a total violation
of the valentin /dinkins   121 F3d 72 FRCP 41(b) has been violated in this
case since 2014. B Y   T H E   C O U R T ...
116 Harvard Univ. L. Rev 2387 Ebbinghoasen v Worth Club  4 Abb N CAS 300 ,
Roe v Isabel 188 Misc. 758,
a. critical stage analysis created critical reactions to illegal situs and
 illegalities of the  bench where 3 judges and magistrates combined were
already removed for impropriety. All after the deponent complained to the
2nd circuit for their illicit acts in obstructing the provisional mandates
of law and engagement for civil illegally sitting and destroying the due
process rights of the deponent based  solely upon oppressive means of in-
gigence ,race, religion age, and the fact the last judge of which placed
him in prison illegally was removed off of the bench MARK H. SPIRES
AND HIS A.D.A. MINA MALIK was removed from the QUEENS D.A. OFFICE see :

( 17 )

People v CRAMPE AND WINGATE 17 NY3d 469 , Wingate v Spires 24 AD3d 459

N.Y. V WINGATE 565 U.S. 1261 .. That Mina Q. Malik was also removed

from THE C.,C.,R.B. for violating her suspension from practicing law

after she was relieved, and sought the executive director position ill

-egally and received it. THen was removed after it was learned she is

banned from legal applications based upon their filing false instrum

-ents against the deponent in QUEENS COUNTY, a regular occurance and

procedure and policy..( MONELL)..

That remedy can on;ly issue after the revieww of each said mandated

Matter of N.Y.C.C.C.E.B. v Office D.A. Richmond 53 Misc.3d 912..

matter of address for each illegally reverted tort, obstruction and

blemish..

A. U.S. V MANDJOWE 425 U.S. 564 Restrepo v U.S.( cite omitted ) NY

LAWYERS ASSOC. 196 Misc.2d 761.

B. UNDISCLOSED MATERIAL EVIDENCE Verified to exist..Carey v Saffold
536 US 214

C. FAILED TO SERVE DEFENDANTS for 9 years is unnecessARY delay
people v Fysekia 164 Misc.2d 627

D. Only remedy for not disclosing is to disclose cplr 3122 FRCP 26
FRCP 27 et.seq.. C.P.L. 245 inadequate Privilege Stephen v State
117 AD3d 820

E. Magistrates orders were all contrary to law as he failed to apply facts
to statutes, case law or rules of procedure, and every decision was based
on heresay without corroboration. FRCP 72 DeFazio v Wallis 459 F.S.2d 159
Collens v NYC 222 F.R.D. 249 and deemed clearly erroneous and mandated t@
ERIC KOMITEEE TO RECONSIDER ALL OF HIS DECISIONS WHICH ARE UNCORROBORATED.
28 USCA 636(b)(1)(A) FRCP 72(a) and a definite conviction that errors were
made Parker v Donnelly No 21-cv-130, 2022 wl 4181571,*2 NDNY 9-13-22...
Williams v Chuttey 767 F.Appx 105, 107 (2nd cir 2019 )

F. RIGGING THE CASE BY MAKING FAULTY DECISIONS WITHOUT ANY EVIDENCE TO
SUBSTANTIATE THE DECISION: People v Garson 6 NY3d 604, Martin v Daily News
L.P. 121 AD3d 90 XXX 2012 wl 13027578 ,including voir dire 6th amendment @
TRIAL 80 GEO.L.ENUZNAL 1456, denial of the right to counsel of a civil case
that made it all the way to trial. Y.H. V E.S. 76 Misc.3d 398 and material
misinformation PEOPLE V MARSHAL 71 misc 3d 1216, People v Samuels 80 ad3d
1077: U.S. V MALCOLM 432 F.2d 809,816: U?S. V MCDAVID 41 F3d 841,844, KING
V HOKE 825 F2d 720,724. obstructing discovery onesided decisions: CINE 42nd
street theater corp v Allied Artists Pictures Corp 602 F2d 1062 are clearly
mandated as a patticularized need to produce the evidence , including the
queens grand jury transcripts of the ignoramus.

( 18 )

AND PLAIN ERROR CANNOT BE ABROGATED IN THIS CASE U.S. V RIGGI 541 F3d 94

U.S. V ELFGEEH 515 F.3d 100..63 Misc.3d 530   NYCCRB v DISTRICT ATTORNEY OF

COUNTY OF RICHMOND:   86 U.S. 855..

G.   The denial of first amendment right to access to the courts is the
same as denial of any right under the 1st amendment and they are automat
ically deemed injuries ROWE V SHAKE 196 F3d 778, Canell v Lightner 143 F3d

1210 and   42 USCA 1997e(e) , 28 usca 1915(g) does not apply to first

amendment issues .. COURTHOUSE NEWS SERVICE V NEW MEXICO ADMINISTRATION

OFFICE  OF COURTS  54 F.4th 1245.

H.   That penalties of violating the NEW YORK CITY CHARTER pertaining of
interest 26 NY JUR 2d counties  529 and the Magistrate / ASSISTANT ATTOR
-ney general JAMES R. CHO and the corporation cxounsel in toto were tag-
teaming, using misinformation, material misinformation, misrepresentations,
misrepresentations in response and they doubled down on all aspects
of truth with fraudulent conveyances ..NEW MEXICO ELKS ASSOC. v GRISHAM 595
f. supp3d 1018, 2022 wl 2238507

I That such actions relate to personal interest with a financial  relation
and thus the stock act of 2012 will be deemed the essential investigative
tool due to the issuance of all of the bonds invoplved with these litigations
and their falsity for a period of 9 years and counting.
J.  Duty to prevent manifest injustice Davis v Georgia 97 S.CT. 399 , 42 USCA

1994, 1984, 1984, 1985 , 1086 and extrajudicial acts w/o jurisdiction to sit

PARACHAK ET.AL. V LAKAWANNA COUNTY

Delaney v Selsky 899 F. supp 923, Dejesus v Malloy  582 F.SUpp 3d 82, Rodriguez

v nyc 607 F.S.3d 285Marshall v U.S.  368 F.S.3d 674 Barnes v Alves 10 F.S.3d

391. as a clear abuse of discretion evidenced in the case afore any statement

of the deponent was determined to be vulgar, for over 8 years the case was

being  tag teramed by several justrices whom all recused themselves, but the

pain was not corrected.. The court is not to  function to approve or disappro

-ve of the truth 28 USCA 144, Judicial code  21, Berger v U.S. 255 US 22.. the

amount of recusals , back to back to back to back are a cause of alarm as

to the integrity of the case at laege. Caperton v A.T. Massey Coal Co. inc 129

S.CT. 2252. Bey v Prator 33 F.4th 854, In re U.S. V FRANCO 158 F3d 26,33-34 ,

28 USCA 455, U.S. V Santos 553 U.S. 507, 514, and just the facts  are important

( 19 )

The office of the courts do not have authority to take a real case, with issues in contraversy and turn that issue into a moot court , mock trial NY JUD. ADV. OP.89-66( N.Y. ADV. COMM. JUD. ETH. 1989 WL 572151 , 22 NYCRR 100.4 , 100.4(a)....N.Y. ADVISORY ACOMMITTEE ON JUDICIAL ETHICS 2009 wl 87 31393 ,, 2009 wl 8744124.. and trhus James R. Cho used students in his court while hje was issuing a moot court mock trial and the deponent was not going tyo participate with such moot court mock trial and he notified the judicial magistrate/ assistant attorney general to cease the actions and he refused.

In closing the affidavit  following will clear up all ambiguity.
WHEREFORE THE DEPONENT PRAYS THAT THIS COURT ISSUE THE RIGHT TO
APPEAL AS THE CONSTITUTION GUARANTEES UNDER THE 1st AMENDMENT AND
FUNDAMENTAL DUE PROCESS AND EQUAL PROTECTIONS TO CORRECT A MANIFEST
Under the laws of the COnstitution the deponent sdays:
WHEREFORE, the deponent Blake Wingate prays for the relief sought

herein and for such other and further relief as may be deemed as
just , proper and equitable in the interest of justice ..  substantial
justi~~ince~~

Always Faithful,

Blake Wingate  of The
QUALIMINQUIZ GROUP
@ 5 POINTS C.F.

P.O. BOX  119
6600 State Route 96
Romulus, New York
14541

SWORN/AFFIRMED  BEFORE ME THIS 21 DAY
OF APRIL 2023 IN THE YEAR OF OUR LORD

Notary  Public
JONATHAN M. HALL
Notary Public, State of New York
No. 01HA6241732
Qualified in Monroe County
Commission Expires July 16, 2023

( 20 )

STATE OF NEW YORK
COUNTY OF S E N E C A

April 13, 2023

MEMORANDUM OF TRUTH
AFFIDAVIT OF S U P P O R T

Blake Wingate duly affirmed/ SWORN UNDER THE PENALTY OF PERJURRY IN THE
UNITED STATES OF AMERICA, AND THE STATE OF NEW YORK  BY GOD AND MY COUNTRY
AND THE PRESUMPTION OF REGULARITY HEREIN AS THE RECORD PURELY REFLECTS NON
EST FACTUM , that the deponents relative issues are of a compelling STATE
INTEREST of which this Court  M U S T  address.

1. That the deponent is personally familiar with all of the facts herein by
firsthand personal knowledge and experience and although this is true he
is a layman in matters of the law and this courts indulgence for matters
of error, fault, default, omission, type and prejudice , bias and racial
confrontation pursuant to the procedural  provisions of cplr 2001 - 2101(6)
NY JUR BONDS sec. 26 , NY JUR 2d, Evidence and Witnesses 462 - 464, and of
CPLR  5520 ,, FRCP60(a), FRCP (9), FRCP 56 and of title VII JUDGEMENT by
rule & 54 - 63 0  wher ethe deponent Blake Wingate of the  QUALIMINQUIZ
GROUP has been caused to be extremely delayed in seeking justice dur to
unprecedented bias, prejudice and racism in the lower courts of the united
states including..2nd circuit, EDNY, WDNY , NDNY, SDNY , Queens County and
The following COunties herein..SENECA, CHEMUNG, CAYUGA, CLINTON, KINGS,
FRANKLIN , WESTCHESTER , ALBANY, BRONX, DUTCHESS AND NEW YORK COUNTIES.

2.  The facts in truth are simple and not complex, however the people in-
volved are complex and not simple based upon extreme prejudice, bias amd
racially motivated hatred.. In its simplicity the deponent are only explai
-ning one case which caused the landfall of the others. THus the deponent
will address the one case of QUEENS COUNTY, and how it evolved to the EDNY
and is nowq in the 2nd circuit and headed for  assistance as there are not
any integrity, jurisdiction, jursprudence and decorum in any of the courts

( 21 )

January 19, 2014 IN THE YEAR OF OUR LORD

On this date in Queens County , the deponent was pulled over to the unmarked detective car , and was searched , questioned, and his credentials were checked with the NYCPD, and he was released at the corner of Linden boulevard and springfield boulevard. THis was the 113th preceint.

January 20, 2014 IN THE YEAR OF OUR LORD

On this date the deponent was arrestyddin Queens County by the 113th pre-ceint at the supermarket on 217th dtreet and linden boulevard. The 113th preceint called the 105tyh preceint , and they made a handoff arrest and took the deponent to the 105th preceint. He stayed there overnight, and was bought to central booking by the same detectives from the stop and frisk from the day before. They in turn took the deponent to the 113th preceint. The 105th preceint charged the deponuent with crimes of which were removed from his record, and the 113th preceint charged the deponent with robbery, they used the false charges in the 105th to create their false charges.

Januaey =21, 2014 IN THE YEAR OF OUR LORD

At felony arraignment the deponent requested self representation and was denied. The court issued an ACD on the 105th preceint charges of which were expunged as to the fact the arrests were never completed in paper work..

January 27, 2014 IN THE YEAR OF OUR LORD

Deponent ¶testified in the QUEENS COUNTY GRAND JURY , and was voted as IGNORAMUS by the QUEENS GRAND JURY , his next court date was supposed to be february 04, 2014 but he was never called, represented, prodduced or presented to any court.

FEBRUARY 19, 2014 IN THE YEAR OF OUR LORD

At this arraigned upon the non-true bill issue, the clerk of the court stated the indictment was filed by the QUEENS DISTRICT ATTORNEY, of which in first instance the on;ly person that can file an indictment are the grand jury foreperson. ( 22 )

AUGUST  05, 2014  IN THE YEAR OF OUR LORD

The 12 count instrument filed by  the QUEENS D.A. ASSISTANT DEANNA MEGIAS
WAS REDUCED TO 6 counts by judge KENNETH C. HOLDER. WITH INSTRUCTIONS TO
REPRESENT TO ANOTHER GRAND JURY . That never occured. in Fact this was
the cause of the deponents claim under 1983 because of his excessive
over detention in the jail syste,. CPL 210.20 sub. 6 @ a, b, c, mandate
dismissal and release after non-compliance for a 30 day p½eriod.. The
deponent has been in prison for 9½ years without an indictment refiled,
an appeal to the reduction, or a new grand jury issue. see People v Jack
-son 87 NY2d 782 , , 85 NY2d 974 , 212 AD2d 732 , 154 Misc.2d 769..
NYS CONSTITUTION art. 1 sec. 6 , U.S. Const. 5th amendment and are all
deemed to be structural errors, legal impediments to prosecution and of
fundamental jurisdictional defects.. C.P.L. 210.20 (1)(h) and cannot be
prosecuted at all. Such liberty interests exist of which mandate summary
habeas corpus as well as habeas corpus immediately, as the over -
detention also violates art. 1 sec. 5 nys const, and all of the U.S. Con
stitutional amendments as due process has no home in  counterfeit bills
of attainders.. see : Washington v Recuenco 548 U.S. 212 , Greer v U.S.
141 S.CT. 2090: FRCP 45 of 28 USCA 45(c)(2)(B) and such lack of instrument
dated between August 05, 2014 makes the three documents in exhibit  186-
2014 a  nullity, null and void, counterfiet sand on a beach and a mere
scrap of paper. U.S. V JOHNSON 63 S.CT. 1233, 319 U.S. 503 ** 1235 ,* 507
and not an indictment of a grand jury, nor a superior court information:
People v Franco 86 NY2d 492 , and such deponent has provided a clearly
established  right to  his concrete liberty rights and particularized need
of institutional interest in preventing his extended illegal and unlawful
over detewntion since 2014 and satisfies the injury in fact  requirement
of the laws of the land subpoena enfoercement by the court would speed
up the release thereof.ART. III sec. 1 U.S. COnstitution..

( 23 )

THAT SUCH FUNDAMENTAL JURISDICTIONAL DEFECT outright violating the right to be held only upon a valid indictment by constitutional and statutory standards mandate the immediate release of the deponent at the whole 9 year period. Mahler v EBY 264 U.S. 32. ..SUnal v Large 332 U.S. 174 and the constitutionak guarantees were violated and must be addreessed.

THIS COVERS THE SIMPLICITY OF THE INDICTMENT 186-2014.

We now will look at the simplicity of the 1983 / 1994 14 cv 4063..We will begin at the issuance of the false imprisonment, over detention and the fact the claim was filed before HECK V HUMPHREY STATUS COULD ACUIRE BECAUSE IT WAS FILED AS A DETAINEE. Thus the detainee treatment act also applies The Act of 2005 sec. 1005 U.S.C.A. COnst. Art. 1 sec. 9 cl.2. 13th amendment @ clauses 1 and 2.. First a short preview..

The 42 USCA 1983 et.al. et.seq. was filed based upon the harrassment and curtailment of NYC DOCS staff interfereing with the mail distribution for the deponents access to the courts, family and government agencies.

That the deponent was also the I.L.C. house rep, and expanded to the positions of the CHAIRMAN, CO-CHAIRMAN, SECRETARY and when there was no available position he was also issued consigliaire(phonetic) of the ILC.. This is a special group grievance organization issued in all jails and prisons of which the reps, chairman, co-chairman, secretaty and their air apparant all meet with the executive team which consists of the WARDEN, AND HIS DEPUTIES, THE PROGRAM CAPTAIN AND ANYONE WE WANT TO INTERVIEW WITH IMMEDIATE RESPONSE.. The I.L.C. is called in full the inmate liason committee and its other name is deemed to be INMATE COUNSCXÉ. see: Rivera v NYC 2013 wl 6061759*3, Smith v NYC DOC 2019 wl 2473524*5 , Eugenio v Fischer 112 AD3d 1017 * 1017.Rosa v Fischer 112 AD 3d 1009* 1010 : Lopez v Fischer 69 AD3d 1076 * 342..People v Delayo 158 AD3d 852.: People v Greene 8 Misc.3d 1029..

Being on this executive board, we establish the rules and regul;ations in the facility with the executive teram. we converse every time we get the chance, and at weekly meetings. ( 24 )

The deponent started the " STOP THE VIOLANCE  PROGRAM" which caused the
violence to cease and decist from 1600 per year to .06 per year. Whenever
the deponent came to a facility, the staff of the ewxecutive BOARDs immediately
placed the deponent as a representative and allowed him to make the  executive
board  Positions. by unaminous vote  OF THE REPS..

                    This was the problem of which caused the
                    claim in conjunction with the over detention.

violations began on  January 27, 2014(YOOL) when the NYC DOC kept the deponent
in the holding pens of QUEENS COUNTY SUPREME COURT HGOUSE OF DETENTION until
2 a.m. pkreventing him from being released at 10 p.m. after the grand jury
of QUEENS COUNTY voted ignoraamus . They kept him in the  RIKERS ISLAND Hold
-ing pens without housing for a week...( 5 days )..
Then they refused to allow his legal mail to be delivered  by encumbrance in
accordance to the CPL 170.10, 180.10 , and 210.15 .
While doing this , they also was blocking, delaying and obstructing his ILC
mail for the upokeep of the facility and the rights of the datainees, of which
including the children was a big responsibnility..Title 39 Postal Services
and Chapter 83  18 USCA 1691 -1738 et.seq..
That the facility was refusing to deliver legal mail, assaulted the deponent
put rocks in his food and broke his tooth, pulled his tooth and broke his jaw.
ALtered his medical diet, never issued his hearing aides..
Refused his pain medications at all times especially on court dates. Obstruc
-ted his right to purchase stamps when he had money in his account, and re
fused him credit when he did not in total violation of the law and the munic
-ipality laws of NYC DOC and their directives..
Howwver the deponent when ever he filed a fgrievance he called the BOARD OF
CORRECTIONS, OR PRISON RIGHTS P½ROJECT of legal aid society , fully exhausting
all remedies and causing  preservation to issue immediately.
                              ( 25 )

## " L I T I G A T I O N   H O L D S "

In all prosecutions if by a freeman, detainee, or prisoner they all
mandate klitigation holds for evidence, associated evidence and ex-
emplatory evidence thereof. The litigation hold imposes a legal duty
to hold all prospective evidence , and identified evidence for such
litigation..Adorno v Port Authority of New York and New jersey
258 F.R.D. 217 : Stinson v NYC 2016 wl 54684 and no destruction  of
documents, videos , et. al. are deemed   excusable when the records
were requested, the court ordered them stayed and the prospect of
such evidence was deemed 100 percent in relation to the direct cause
of action F.R.C.P. RULE 30 ..

All litigations(s) criminal or civil are deemed a commercial mandate
to secure  , all evidence  in relation thereto. Acorn( N.Y. Assco. of
Community Organizations for reform now) v county of nassau 2009 wl 60
5859.: Chin v Port Authority of New York and New Jersey 685 F.3d 135.
THat the failure to issue litigation holds in this matter were falsi-
fied material misinformations used by the U.S. ATTORNEY GENERAL OFFICE
TO MINIMIZE THE  LOSS OF WHICH THEY WOULD SUFFICE DUE DILIGENTLY
TO THE AMASSED EVIDENCE THEREOF..SEE: 4 N.Y. PRAC., Com. Litig. in N.Y.
S. COurts sec. 30:34(5th Ed)  COnsequences for failure to issue litiga-
tion hold notice..

THat such litigation was treated with  sham proceedings to prevent
the evidence from being presaented to a jury. Thus there was not going
to be a fair trial.. see NOERRR-PENNINGTON DOCTRINE subject to sham
exception.. Octane Fitness LLC v ICON Health & Fitness ,Inc  572 U.S.
545....

### F A C T S

Claim originally received as filed  June 27, 2014
USAO issued first in the case as counsel named  DAVID ALLEN COOPER.
The USAG OFFICE has the same status as the DISTRICT ATTORNEY 33 USCA 413

28

@< USCA 541 - 550.. 3 FEDFORMS sec. 18:45, county law 700 - 707 also
declares that a district attorney and united states attorney are both
district attornies..

   That the record clearly shows the impropriety of the  ATTORNEY GENERAL
OFFICE THROUGHOUT THE WHOLE CASE , ESPECIALLY THE FIRST 9 YEARS.. see the dkt
sheet entries as follows:

   That the claim was contested based upon a rule of 3 losses in the past called
3 strikes. However they were disclosed as not being applicable and the case
was set to continue.  during this issue the deponent had filed all  motions
properly for the full 9 year period. However the UNITED STATES ATTORNEY GEN
-ERAL OFFICE AND CORPORATION COUNSEL  colluded with the Queens District Att-
orney  and continued to allow the  OVER DETENTION   to stand and disengage
the charges in the civil claim addressing the over detention of which are a
nother name for false imprisonment, peonage , human trafficking et.al.
That Genevieve Nelson assisted  in the depositions and never failed her note
of appearance  DKT 148 december 09, 2016
ThatThomas Scully wasn't served until 3 years after the claim was filed see
DKT..150, 151, 152, and 166 dated respectively 12-13-16,  12-14-16  12-15 -
16 and 3-06-17 respectively.
THat the deponent filed motion to address the delay in discovery and to be
able to receive requested discovery that was not issued. dkt 143-144§
Corporation counsel et.al. requested over 10 discovery extentions and recei
-ved them all.. The deponent requests only that he receive the  actual dis
-covery requested and ewidenced denial outright before discovery was comple
-ted, anfd thereafgter.
Deponent again requested to prove indemnity and was disregarded see DKT 187
June 12, 2017..
Deponent had to argue to Judge APR about Magistrate LB limiting the damage
assessment in settlement conferences.. dkt 202 October 19, 2017.. and 197..

That the deponent has the constitutional right to receive a fair and impar tial trial proceeding whether or not it is with a judge or jury. But to be imbued with a court that has 2 judges that recused them selves, and also a magistrate for impropriety, then to have another magistrate get on the case, and that magistrate is also an active attorney general whom had been in the case present, 14 cv 4063 and the past associated case WINGATE VS GIVES 725 Fed Appx 32 , 2008 wl 5649089 , 2006 wl 680529 , 2009 wl 424359, 05 cv 1872(LAK)

There are no constitutional rights to participate in a mock court moot trial proceeding in the UNITED STATES OR THE STATE OF NEW YORK. To force someone to participate in a mock trial , moot court aRE TO FORCE SOMEONE TO PLAY A GAME.

MAGISTRATE , UNITED STATES ASSISTANT ATTORNEY GENERAL JAMES CHO was told I DO NOT PARTICIPATE IN MOCK TRIALS MOOT COURT PROCEEDINGS " Theres no civili ~ty in a mock court moot court proceeding, theres no right or wrong in a mock court , moot court proceeding, and theres no judge or magistrate in a mock court moot court proceeding.. in review of Ballew v Georgia 435 US 223 *234 *235 explains the percentages of what mock courts , mock trials, moot court and moot trials cause and create in a jury setting . continuing throughout the whole case upon mock court proceedings.. THis was a mock trial and the deponent gave the us magistrate Attorney general the medicine he was issuing to the deponent as he had no legal duty to sit on a plra case 42 usce 1983, 28 usca 1997, 28 usca 1915 under 28 usca 636 point blank , plain and simple. This case has to be placed back on calendar, with instruction to straighten out all of the ambiguity.

SWORN AFFIRMED BEFORE ME THIS
2( DAY OF APRIL 2023
IN THE YEAR OF OUR LORD

Always Faithful

JONATHAN M. HALL
Notary Public, State of New York
No. 01HA6241732
Qualified in Monroe County
Commission Expires July 16, 2023

( 28 )

No. 22-1668 / 14 cv 4063 / 186-2014

## IN THE

## SUPREME COURT OF THE UNITED STATES

BLAKE WINGATE — **PETITIONER**

(Your Name)

all similiarly situated

**VS.**

city of new york et.al. — **RESPONDENT(S)**

personally and capacity of office

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and to proceed *in forma pauperis.*

Please check the appropriate boxes:

☑ Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s):

U.S. second circuit , eastern district , QUEENS COUNTY AND App.Div

1st, 2nd, 3rd, 4th depts, Seneca,cayuga, Chemung, Clinton ,Bronx

franklin , NYS COURT OF APPEALS , SDNY, WDNY, NDNY

☐ Petitioner has **not** previously been granted leave to proceed *in forma pauperis* in any other court.

☐ Petitioner's affidavit or declaration in support of this motion is attached hereto.

☐ Petitioner's affidavit or declaration is **not** attached because the court below appointed counsel in the current proceeding, and:

☐ The appointment was made under the following provision of law: _____

_____, **or**

☐ a copy of the order of appointment is appended.

_____
(Signature)

Blake Wingate 15A3206

## VERIFICATION

State of New York )
County of Seneca )ss.:

*DKT 22- 1668*
*April 22, 2023*

I, _Blake Wingate_ , being duly sworn, deposes and says that:
I am the petitioner in the above captioned matter, proceeding
pro-se. I have read the foregoing petition/motion, and know the
contents, and the contents are true of my own knowledge except as
to those matters that are stated upon information and belief, and
as to those matters, I believe the contents to be true.


Respectfully Submitted,


_Blake Wingate_
Petitioner/Defendant Pro-se
Five Points Corr. Facility
State Route 96, P.O. Box 119
Romulus, New York 14541-0119
*Blake Wingate 15B3084*




Sworn to before me this
_22_ day of _April_ , 2023

NOTARY PUBLIC
JONATHAN M. HALL
Notary Public, State of New York
No. 01HA6241732
Qualified in Monroe County
Commission Expires July 16, 2023

## AFFIDAVIT OF SERVICE

Docket No
22-1668
April 22, 2023

State of New York )
County of Seneca )ss.:

I, _Blake Wingate_ , being duly sworn deposes and says:

1. That on 04/23/2023, I did in fact place the designated copies
   of the following papers in the Mailbox at Five Points Corr. Fac.

   a. Notice / Judicial intervention

   b. Affidavit / Motion Information / law forms

   c. verification / Authorization, Affidavit of service

2. Said papers were addressed to the following parties:

**Original and Duplicate(s)**

Supreme Court of The US
Scott C. Harris Clerk
First Street NE
Washington DC 20543

**Copy**

US 2nd Circuit of N.Y.
40 Foley Square Clerk
NY NY 10007

**Copy** Sylvia O'Hinde-Radix
Corporation Counsel
100 Church Street
NY NY 10007

Very Truly Yours,

_[signature]_
Five Points Corr. Fac.
State Route 96, P.O. Box 119
Romulus, New York 14541
15A3206

Sworn to before me this

22 day of April , 2023

_[signature]_
NOTARY PUBLIC
JONATHAN M. HALL
Notary Public, State of New York
No. 01HA6241732
Qualified in Monroe County
Commission Expires July 16, 2023

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

*April 22, 2023*

*DKT 22-1668*

**Blake Wingate**

v.

**City of New York et al**

### CERTIFICATE OF SERVICE*

Docket Number: *22-1668*

*from Entry numb copy*

I, *Blake WINGATE*, hereby certify under penalty of perjury that

on *April 23 2023* (print name) (date), I served a copy of *Request for Judicial*

*Intervention by the appeal to S.C.O.T.U.S.*

(list all documents)

by (select all applicable)**

___ Personal Delivery  __✓_ United States Mail  ___ Federal Express or other Overnight Courier

___ Commercial Carrier  ___ E-Mail (on consent)

on the following parties:

*S.C.O.T.U.S. First Street N.E. Washington DC 20513*

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| *US 2nd Circuit* | *c/o Foley Square* | *NY* | *NY* | *10007* |
| *Corporation Counsel* | *100 Church Street* | *NY NY* | | *10007* |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

*April 22, 2023*
_____
Today's Date

*Blake Wingate*
_____
Signature

Certificate of Service Form (Last Revised 12/2015)

FOR THE UNITED STATES SUPREME COURT

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## PRISONER AUTHORIZATION FORM

| THIS SECTION MUST BE COMPLETED BY APPELLANT | | |
|---|---|---|
| CASE TITLE:<br><br>BLAKE WINGATE<br><br>VS<br>CITY OF NEW YORK | USCA DOCKET NUMBER:<br>22 - 1668 | APPELLANT:<br>BLAKE WINGATE |
| | DISTRICT:<br>eastern of new york | COUNSEL'S NAME:<br>BLAKE WINGATE |
| | DISTRICT/AGENCY NUMBER:<br>14 cv 4063 / 186-2014 | COUNSEL'S PHONE:<br>607 869 5111 |

Pursuant to 28 USC § 1915(b), I, request and authorize the institution holding me in custody to send to the Clerk of the United States Court of Appeals for the Second Circuit certified copies of my prison trust fund account statements or the institutional equivalent for the past six months.

I further request and authorize the institution holding me in custody to calculate the amounts specified by the statutes, to deduct those amounts from my prison trust fund account, or institutional equivalent, and to disburse those amounts to the United States District Court for the

~~eastern district of new york~~ and QUEENS COUNTY OF THE SCOTUS
District Court

This authorization is furnished in connection with the above numbered and entitled case and shall apply to any institution into whose custody I may be transferred.

**I UNDERSTAND THAT THE COURT OF APPEALS FILING FEE OF $505 WILL BE PAID IN ITS ENTIRETY, IN MONTHLY INSTALLMENTS, BY AUTOMATIC DEDUCTIONS FROM MY PRISONER TRUST FUND ACCOUNT EVEN IF MY APPEAL IS DENIED OR DISMISSED.**

**THE COLLECTED FUNDS WILL BE FORWARDED AS PAYMENT UNDER § 1915 TO THE UNITED STATES DISTRICT COURT FOR THE _____.**
COUNTY District Court e, Queens County

DELIVERABLE TO S.C.O.T.U.S.

_____
Signature of Appellant

April 23, 2023
Date.

_____
BLAKE WINGATE 15 A 3206
Print Name

Rev. February 25, 2014

Case 22-1668, Document 77, 05/05/2023, 351559, Page40 of 40

Blake Wingate
15A3206
5 Points CF
P.O. Box 119
6600 STATE Route 96
Romulus N.Y. 14541

Five Points
Correctional Facility

neopost
04/28/2023

U.S. Second Circuit
CLERK of The Court
40 FOLEY SQUARE
New York, New York
[10007]

#346

USM4LD
SDNY

Five Points Correctional
Facility
Legal Mail Only